1  Dwayne B. Burns
   P.O. Box 720157
2  Redding, CA 96099
   Phone: (530) 440-0036
3
       Plaintiff, *Pro Se*
4

**FILED**

FEB 2 0 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR

9          THE EASTERN DISTRICT OF CALIFORNIA

10 DWAYNE B. BURNS,                          )
                                             )
11          Plaintiff,                        )  Case No.: 09-CV-0497 MCE CMK PS
                                             )
12     vs.                                    )  **COMPLAINT**
                                             )  42 U.S.C. § 1983; CAL. CIV. CODE § 52.1;
13 MICHAEL MUKASEY, in his official           )  DECLARATORY AND INJUNCTIVE
   capacity as Attorney General of the United )  RELIEF; TRESPASS TO CHATTEL;
14 States of America; EDMUND G. BROWN,        )  REPLEVIN
   JR., in his official capacity as Attorney  )
15 General of the State of California; CITY OF )
   REDDING, a California Municipal            )
16 Corporation; PETER HANSEN, in his         )
   official capacity as Chief of Police of the City )
17 of Redding; KEVIN KIMPLE, individually,   )
   and in his official capacity as a Police Officer )
18 for the Redding Police Department;         )
   WILLIAM FORREST, an individual; WILL      )
19 WILLIAMS, an individual; REBECCA          )
   ZUFALL, an individual;  TOM BOSENKO,      )
20 in his official capacity as Sheriff of Shasta )
   County, California; MICHAEL SULLIVAN,     )
21 in his official capacity as Acting Director of )
   the Bureau of Alcohol, Tobacco, Firearms,  )
22 and Explosives; ROBERT S. MUELLER III,    )
   in his official capacity as Director of the   )
23 Federal Bureau of Investigation; and THE  )
   SUPERIOR COURT OF SHASTA              )
24 COUNTY, CALIFORNIA,                      )
                                             )
25          Defendants.                       )
   ─────────────────────────────────────────  )
26

Page 1 – Complaint                    Dwayne B. Burns, Esq.
                                       P.O. Box 720157
                                       Redding, CA 96099

## PRELIMINARY STATEMENT

1. Plaintiff Dwayne B. Burns of Redding, California is a United States citizen concerned that federal and state laws are in direct violation with recent decisions of the United States Supreme Court, and the United States Court of Appeals for the District of Columbia Circuit, concerning the rights of all Americans under the Second Amendment to the United States Constitution.

2. Today, he files this lawsuit because he believes that persons who have domestic relations orders, commonly referred to as "restraining orders to prevent abuse", and civil "anti-stalking orders" currently in force against them, should not have their fundamental rights under the Second Amendment to keep and bear arms stripped away from them by legislative fiat simply because they were defendants in a civil proceeding, and have not been convicted of any crime.

3. In the United States of America, an individual is presumed innocent until proven guilty, and as such, persons not convicted of any crime should not have their fundamental constitutional rights taken from them without due process of law. The standard of proof in a civil suit to obtain a civil restraining order is under California law, and the laws of most, if not all, of the other states, far below what is required to convict a person of a crime.

4. The United States Supreme Court recently held in *D.C. v. Heller*, 554 U.S. ___ (2008), that the right to keep a firearm in the home is a fundamental right. That proclamation makes the statutes at issue in this case subject to strict scrutiny by the Court. The enshrinement of constitutional rights necessarily takes certain policy choices off the table.[1] These include the absolute prohibition of handguns held and used for self-defense in the home.

5. Mr. Burns feels frightened in his own home, and is forced to rely upon an unwilling and unreliable police force for protection of his home and family. The same unwilling and unreliable police force would undoubtedly arrest him and seek his prosecution if he were to

---

[1] As stated by Justice Antonin Scalia in *D.C. v. Heller*, 554 U.S. ___ (2008).

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1  posses a gun in his home for self-defense.

2      5.  The Plaintiff, Mr. Burns, is neither a felon, nor mentally ill, and as such, laws

3  prohibiting his right to keep arms in his home for self defense are now unconstitutional under the

4  Second Amendment.[2]

5                          **JURISDICTION AND VENUE**

6      6.  This case arises under the United States Constitution and the laws of the United States

7  of America, and presents a federal question within this Court's jurisdiction under Article III of

8  the federal Constitution, and 28 U.S.C. Secs. 1331, 1343, 1361, 1367(a); 42 U.S.C. § 1983, and

9  Federal Rule of Civil Procedure 18(a).

10     7.  The Court has authority to grant declaratory relief pursuant to the Declaratory

11  Judgment Act, 28 U.S.C. Sec. 2201, *et seq*.

12     8.  Venue is proper within this District pursuant to 28 U.S.C. § 1391( b).

13                        **INTRADISTRICT ASSIGNMENT**

14     9.  This action arises in the county of Shasta and thus should be assigned to the

15  Sacramento Division.

16                               **PARTIES**

17     10.  Plaintiff Dwayne B. Burns (Burns) is a natural person and a United States citizen

18  who resides in Redding, California.  Mr. Burns resides in a high-crime neighborhood and is

19  active in community affairs.  As a consequence of trying to make his neighborhood a better place

20  to live, Mr. Burns has been threatened, beaten, and robbed by drug dealers.  On a number of

21  occasions Mr. Burns has been the victim of various crimes; however, the Redding Police

22  Department has repeatedly refused to investigate the matters properly.  Mr. Burns would like to

23

24      [2] "Although we do not undertake an exhaustive historical analysis today of the full scope of the Second
Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of
25  firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools
and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *D.C. v.*
26  *Heller*, 554 U.S. __ (2008).

Page 3 – Complaint                  Dwayne B. Burns, Esq.
                                    P.O. Box 720157
                                    Redding, CA 96099

1 possess a functional handgun for self-defense within his own home, but is prevented from doing
2 so by defendants' active enforcement of unconstitutional policies complained of in this action.
3 Mr. Burns fears arrest, criminal prosecution, incarceration, and fine if he were to possess a
4 functional handgun within his home.

5     11. Defendant ATTORNEY GENERAL MICHAEL MUKASEY heads the United States
6 Department of Justice (DOJ), which is the agency of the United States government responsible
7 for enforcement of federal criminal laws.  As such, Mr. Mukasey is responsible for executing and
8 administering the laws, customs, practices, and policies of the United States of America.  In that
9 capacity, Mr. Mukasey is presently enforcing the unconstitutional laws, customs, practices and
10 policies complained of in this action, and is sued in both his individual and official capacities.

11     12. Defendant ATTORNEY GENERAL EDMUND G. BROWN, JR. is the Attorney
12 General of the State of California.  As such, he heads the California Justice Department and is
13 responsible for executing and administering California's laws, customs, practices, and policies.
14 In that capacity, Mr. Brown is presently enforcing the unconstitutional laws, customs, practices
15 and policies complained of in this action, and is sued in both his individual and official
16 capacities.

17     13. Defendant CITY OF REDDING is a municipal corporation, organized under the laws
18 of the State of California.  It is responsible for the policies, procedures, and practices
19 implemented through its various agencies, agents, departments, and employees, and for injuries
20 occasioned thereby.  It was also the public employer of Police Chief Peter Hansen and the
21 officers of the Redding Police Department mentioned herein at all material times.

22     14. Defendant PETER HANSEN (Hansen) who is a natural person, upon information
23 and belief, was a resident of Redding, California, and the duly-appointed Chief of Police of the
24 Redding Police Department at all times material to this Complaint.  He is, and has been,
25 responsible for the promulgation and implementation of police policies, procedures, and
26 practices for the City of Redding.

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1    15. Defendant KEVIN KIMPLE (Kimple), I.D. number 109, is a police officer employed

2  by the Redding Police Department and the City of Redding. At all material times, defendant

3  Kimple acted towards Plaintiff under color of the statutes, ordinances, customs, and usage of the

4  State of California, the City of Redding, and the departmental policies of the Redding Police

5  Department. He is being sued in both his individual and official capacities.

6    16. Defendants WILLIAM FORREST (Forrest), I.D. number 328, WILL WILLIAMS

7  (Williams), I.D. number 108, and REBECCA ZUFALL (Zufall), I.D. number 167, were at all

8  material times police officers employed by defendant City of Redding with the Redding Police

9  Department. Defendants Forrest, Williams, and Zufall at all material times acted towards

10  Plaintiff under the color of the statutes, ordinances, customs, and usage of the State of California,

11  the City of Redding, and the departmental policies of the Redding Police Department. They are

12  being sued in their individual capacities.

13    17. Defendant TOM BOSENKO (Bosenko) who is a natural person, upon information

14  and belief, was a resident of Shasta County California, and the duly-elected Sheriff of the County

15  of Shasta at all times material to this Complaint. He is, and has been, responsible for the

16  promulgation and implementation of police policies, procedures, and practices for the County of

17  Shasta.

18    18. Defendant MICHAEL SULLIVAN (Sullivan) is the Acting Director of the United

19  States Bureau of Alcohol, Tobacco, Firearms, and Explosives. The Bureau of Alcohol, Tobacco,

20  Firearms, and Explosives is one of the law enforcement agencies of the United States Treasury

21  Department and is responsible for the regulation, investigation and enforcement of the nation's

22  laws pertaining to the possession and sale of firearms.

23    19. Defendant ROBERT S. MUELLER III (Mueller) is the Director of the United States

24  Federal Bureau of Investigation. The Federal Bureau of Investigation is the principal law

25  enforcement agency of the United States government, and part of the United States Justice

26  Department. It is responsible for the investigation and enforcement of alleged violations of the

---

Page 5 – Complaint
Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1   laws relating to the illegal possession of firearms in concert with the Bureau of Alcohol.

2   Tobacco, Firearms, and Explosives.

3        20.  Defendant SUPERIOR COURT OF SHASTA COUNTY is a California state court

4   of general jurisdiction situated in Shasta County, California.  The main branch of the Superior

5   Court of Shasta County is located at 1500 Court Street in Redding, California and is responsible

6   for the adjudication of most actions at law and/or in equity in Shasta County, California.

7                          **STATEMENT OF FACTS**

8        21.  The Second Amendment to the United States Constitution provides: "A well

9   regulated Militia being necessary to the security of a free State, the right of the people to keep

10  and bear Arms shall not be infringed."

11       22.  At a minimum, the Second Amendment guarantees individuals a fundamental right to

12  possess a functional, personal firearm, such as a handgun or ordinary long gun (shot gun or rifle)

13  within the home.

14       23.  Defendants currently maintain and actively enforce a set of laws, customs, practices,

15  and policies which operate to deprive individuals, including the Plaintiff, Mr. Burns, of this

16  important right.  Any such exercise of Mr. Burns' Second Amendment rights would subject him

17  to criminal prosecution, and would lead to incarceration and/or fine.

18
                   **Unlawful Seizure of Mr. Burns' Firearm and Entry of**
19                      **State Domestic Relations Order**

20       24.  On May 21, 2007, the Plaintiff was arrested by Defendant Kimple, of the Redding

21  Police Department for an alleged violation of California Penal Code Section 243(e)(1), Spousal

22  Battery.  The charge was later dismissed.  Subsequent to Plaintiff's arrest, officers of the Redding

23  Police Department conducted an illegal search of Plaintiff's two residences after being told

24  unequivocally that Plaintiff would not consent to a search of his residence.

25  ////

26  ////

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

25. In the course of their illegal search, Redding Police officers located a firearm belonging to Plaintiff. This firearm is a .380 automatic pistol of Pre-World War II vintage. The firearm is an RTGEIS brand, the serial number of which is 49721. The said firearm was seized by the Redding Police Department; however, Plaintiff never received a receipt for the seized firearm as required pursuant to California Penal Code Section 12028.7.

26. On September 11, 2007, the Honorable Molly Bigelow of the Shasta County Superior Court signed a "Restraining Order After Hearing (Order of Protection)" in Shasta County Superior court case number CVDV-07-0160554. This order was entered after a hearing on September 5, 2007, wherein there was uncontroverted evidence that Mrs. Burns, for whom the order was requested, had voluntarily and recently returned from an interstate motorcycle trip with Mr. Burns and had spent the previous night at Mr. Burns' residence, in the same bed.

27. In the Summer of 2008, the charges against Mr. Burns in Shasta County Superior Court case number CRF- 07-0005168 were dismissed due to lack of evidence. In the Fall of 2008, Mr. Burns attempted to retrieve his firearm from the Redding Police Department.

28. Despite the unlawful seizure of Mr. Burns' firearm, the Redding Police Department refuses to return it. Mr. Burns has attempted to retrieve his firearm from the Redding Police Department, but was told by the property clerks at the Redding Police Department that he would not be eligible to have his firearm returned because of the order of the Shasta County Superior Court which states that Mr. Burns is prohibited from possessing or carrying any firearms whatsoever. Said order is attached hereto, and by this reference incorporated herein as "Plaintiff's Exhibit A."

29. The Redding Police Department refuses to return Mr. Burns' firearm unless he obtains a "clearance" from the Department of Justice. Mr. Burns is not eligible to receive such a "clearance" because of current, but no longer constitutional, state and federal laws prohibiting the possession of firearms by persons subject to court orders commonly referred to as "Restraining Orders to Prevent Abuse."

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1    **Current State and Federal Laws Prohibiting Gun Ownership**

2        30.  The federal law prohibiting such possession of firearms is codified at Title 18 of the

3    United States Code.  18 U.S.C. § 922 provides in relevant part:

4        "(g) It shall be unlawful for any person– . . . .

5        (8) who is subject to a court order that–

6        (A) was issued after a hearing of which such person received actual notice, and at
         which such person had an opportunity to participate;

7

8        (B) restrains such person from harassing, stalking, or threatening an intimate
         partner of such person or child of such intimate partner or person, or engaging in
         other conduct that would place an intimate partner in reasonable fear of bodily
9        injury to the partner or child; and

10       (C)(i) includes a finding that such person represents a credible threat to the
         physical safety of such intimate partner or child; or

11

12       (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of
         physical force against such intimate partner or child that would reasonably be
         expected to cause bodily injury; or . . . .

13

14       to ship or transport in interstate or foreign commerce, or possess in or affecting
         commerce, any firearm or ammunition; or to receive any firearm or ammunition
         which has been shipped or transported in interstate or foreign commerce."

15

16       31.  The California statutes prohibiting such firearm possession are found in different
     Codes, a pertinent one being found in the Penal Code:

17

18       "(d) (1)  A person who owns, possesses, purchases, or receives a firearm knowing
         he or she is prohibited from doing so by the provisions of a protective order as
         defined in Section 136.2 of this code, Section 6218 of the Family Code, or
19       Sections 527.6 or 527.8 of the Code of Civil Procedure, shall be punished under
         the provisions of subdivision (g) of Section 12021."

20

     Penal Code § 166(d)(1).

21

22       32.  The statute most pertinent to the case at hand reads as follows:

23       "(g)(2) Every person who owns or possesses a firearm knowing that he or she is
         prohibited from doing so by a temporary restraining order or injunction issued
         pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, a protective
24       order as defined in Section 6218 of the Family Code, a protective order issued
         pursuant to Section 136.2 or 646.91 of this Code, or by a protective order issued
25       pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a
         public offense, which shall be punishable by imprisonment in a county jail not
26       exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1    both that imprisonment and fine."

2    California Penal Code § 12021(g)(2).

3        33.  In addition, the California Code of Civil Procedure also prohibits Mr. Burns from

4    possessing firearms in his home:

5        "(k)(1) A person subject to a protective order issued under this section shall not
         own, possess, purchase, receive, or attempt to purchase or receive a firearm while
6        the protective order is in effect.

7        (2) The court shall order a person subject to a protective order issued under this
         section to relinquish any firearms he or she owns or possesses pursuant to Section
8        527.9.

9        (3) Every person who owns, possesses, purchases or receives, or attempts to
         purchase or receive a firearm while the protective order is in effect is punishable
10       pursuant to subdivision (g) of Section 12021 of the Penal Code."

11   California Code of Civil Procedure § 527.6(k).

12       34.  Accordingly, the defendants prohibit the possession of lawfully owned firearms for

13   self-defense within the home, even in instances where self-defense would be lawful by other

14   means under state and federal law.  Even the movement of a firearm from one location to another

15   on one's own property carries a criminal penalty.

16                          **CLAIMS FOR RELIEF**

17
                    **FIRST: U.S. CONST., AMEND II, 42 U.S.C. § 1983**
18                           **AGAINST ALL DEFENDANTS**

19       35.  Paragraphs 1 through 34 are incorporated as though fully stated herein.

20       36.  By maintaining and enforcing a set of laws banning Mr. Burns' private ownership

21   and possession of functional firearms within the home, forbidding his otherwise lawful self-

22   defense usage of arms, and forbidding him from moving a firearm while on his property,

23   defendants are propagating customs, policies, and practices that violate Mr. Burns' individual

24   rights under the Second Amendment to the United States Constitution, damaging Mr. Burns in

25   violation of 42 U.S.C. § 1983.  Mr. Burns is therefore entitled to permanent injunctive relief

26   against such customs, policies, and practices.

Page 9 – Complaint                          Dwayne B. Burns, Esq.
                                             P.O. Box 720157
                                             Redding, CA 96099

## SECOND: DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202, AGAINST ALL DEFENDANTS

37. Paragraphs 1 through 36 are incorporated as though fully stated herein.

38. Mr. Burns is entitled to declaratory relief holding that by maintaining and enforcing a set of laws banning his private ownership and possession of handguns and functional firearms within his home, forbidding his otherwise lawful self-defense usage of arms, and forbidding him from moving a handgun or functional firearm on his property, defendants are violating Mr. Burns' individual rights under the Second Amendment to the United States Constitution. Mr. Burns is therefore further entitled to injunctive relief barring continued enforcement and maintenance of defendants' unconstitutional customs, policies, and practices.

## THIRD: U.S. CONST., AMENDS. IV AND XIV, 42. U.S.C. § 1983 AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

39. Paragraphs 1 through 38 are incorporated as though fully stated herein.

40. Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established law[3], unlawfully entered the home of Mr. Burns without a warrant and without any legal justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road, Space 23, in Redding, California, after being repeatedly and expressly forbidden entry by Mr. Burns into his residence.

41. As a result of this illegal search, Plaintiff's home was entered and his private belongings were subjected to invasive scrutiny, in violation of his right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution which has been held applicable to the states under the Fourteenth Amendment to the United States Constitution.

42. The actions of the defendants in conducting this illegal search of Mr. Burns' home

---

[3] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

Page 10 – Complaint

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1  were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

2  Burns' rights entitling Mr. Burns to exemplary damages.

### FOURTH: U.S. CONST., AMENDS. V AND XIV, 42 U.S.C. § 1983
### AGAINST OFFICER KIMPLE

5  43.  Paragraphs 1 through 42 are incorporated as though fully stated herein.

6  44.  Defendant Kimple unlawfully seized Mr. Burns' firearm, and by doing so

7  dispossessed Mr. Burns of his lawfully acquired property without compensation.  This the

8  defendant did under color of law in violation of the Takings Clause of the Fifth Amendment to

9  the United States Constitution which has been held applicable to the states through the

10  Fourteenth Amendment to the United States Constitution.

11  45.  As a result of the actions of defendant Kimple in seizing Mr. Burns' firearm, Mr.

12  Burns was deprived of the possession and use of said firearm and is entitled to compensatory

13  damages.  In addition, the actions of defendant Kimple in seizing Mr. Burns' firearm were

14  despicable and carried on by the defendant with a willful and conscious disregard for Mr.

15  Burns' rights entitling Mr. Burns to exemplary damages.

### FIFTH: U.S. CONST., AMENDS. IV AND XIV, 42. U.S.C. § 1983
### AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

18  46.  Paragraphs 1 through 45 are incorporated as though fully stated herein.

19  47.  Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly establish

20  law,[4] unlawfully entered the home of Mr. Burns without a warrant and without any legal

21  justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

22  Space 5, in Redding, California, after being repeatedly and expressly forbidden entry by Mr.

23  Burns into his residence.

24  ////

[4] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

Page 11 – Complaint

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1    48.  As a result of this illegal search, Plaintiff's home was entered and his private

2    belongings were subjected to invasive scrutiny, in violation of his right to be free from

3    unreasonable search and seizure under the Fourth Amendment to the United States Constitution

4    which has been held applicable to the states under the Fourteenth Amendment to the United

5    States Constitution.

6    49.  The actions of the defendants in conducting this illegal search of Mr. Burns' home

7    were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

8    Burns' rights entitling Mr. Burns to exemplary damages.

9
10

**SIXTH: REPLEVIN**
**AGAINST CHIEF PETER HANSEN**

11    50.  Paragraphs 1 through 49 are incorporated as though fully stated herein.

12    51.  Upon information and belief, defendant PETER HANSEN currently is storing Mr.

13    Burns' firearm in the property room of the Redding Police Department, and through his agents

14    has refused to return Mr. Burns' firearm, stating the unconstitutional state and federal statutes

15    listed herein as justification for his department's unlawful customs, practices and policies

16    complained of in this action.

17    52.  Either by way of a federal common law writ of replevin or by means of California's

18    laws pertaining to Claim and Delivery, Mr. Burns prays this Court to invoke its legal and

19    equitable powers to order that Mr. Burns' firearm be returned to him with all deliberate speed.

20
21

**SEVENTH: CAL. CONST. ART. I, § XIII, CAL. CIV. CODE § 52.1**
**AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL**

22    53.  Paragraphs 1 through 52 are incorporated as though fully stated herein.

23    54.  Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established

24    law[5], unlawfully entered the home of Mr. Burns without a warrant and without any legal

25

26    [5] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1   justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

2   Space 23, in Redding, California after being repeatedly and expressly forbidden entry by Mr.

3   Burns into his residence.

4       55.  As a result of this illegal search, Plaintiff's home was entered and his private

5   belongings were subjected to invasive scrutiny, in violation of his right to be free from

6   unreasonable search and seizure under Article 1 section 13 of the California Constitution.

7       56.  Mr. Burns is entitled to compensatory and statutory damages from the defendants

8   under Cal. Civ. Code §§ 52, and 52.1.

9       57.  The actions of the defendants in conducting this illegal search of Mr. Burns' home

10  were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

11  Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code §§ 52, 52.1, and

12  3294.

13

14  ### EIGHTH: CAL. CONST. ART. I, § XIII, CAL. CIV. CODE § 52.1
    ### AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

15      58.  Paragraphs 1 through 59 are incorporated as though fully stated herein.

16      60.  Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established

17  law[6], unlawfully entered the home of Mr. Burns without a warrant and without any legal

18  justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

19  Space 5, in Redding, California after being repeatedly and expressly forbidden entry by Plaintiff

20  Burns' into his residence.

21      61.  As a result of this illegal search, Plaintiff's home was entered and his private

22  belongings were subjected to invasive scrutiny, in violation of his right to be free from

23  unreasonable search and seizure under Article 1 section 13 of the California Constitution.

24  ////

25  _____

26      [6] *See footnote 5.*

Page 13 – Complaint                          Dwayne B. Burns, Esq.
                                             P.O. Box 720157
                                             Redding, CA 96099

1    62. Mr. Burns is entitled to compensatory and statutory damages from the defendants

2    under Cal. Civ. Code §§ 52, and 52.1.

3    63. The actions of the defendants in conducting this illegal search of Mr. Burns' home

4    were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

5    Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code § § 52, 52.1, and

6    3294.

7

8                 **NINTH: TRESPASS TO CHATTEL**
                **AGAINST OFFICER KIMPLE**

9    64. Paragraphs 1 through 63 are incorporated as though fully stated herein.

10    65. By Defendant Kimple's acts stated herein, defendant deprived Mr. Burns of his

11    rightfully owned property, causing him to be dispossessed of his firearm without just legal cause

12    or privilege.

13    66. As a result Mr. Burns has been denied the use of his property and is entitled to

14    damages for the loss of said use and possession, including exemplary damages under California

15    Civil Code Section 3294.

16

17       **TENTH: CAL. CONST. ART. I, § XIX, CAL. CIV. CODE § 52.1**
              **AGAINST OFFICER KIMPLE**

18    67. Paragraphs 1 through 66 are incorporated as though fully stated herein.

19    68. Defendant Kimple unlawfully seized Mr. Burns' firearm, and by doing so

20    dispossessed Mr. Burns of his lawfully acquired property without compensation. This the

21    defendant did under color of law in violation of Article 1 section 19 of the California

22    Constitution.

23    69. As a result of the actions of defendant Kimple in seizing Mr. Burns' firearm, Mr.

24    Burns was deprived of the possession and use of said firearm and is entitled to compensatory

25    and statutory damages under Cal. Civ. Code §§ 52, and 52.1.

26    ////

Page 14 – Complaint            Dwayne B. Burns, Esq.
                                P.O. Box 720157
                                Redding, CA 96099

70. In addition, the actions of defendant Kimple in seizing Mr. Burns' firearm were despicable and carried on by the defendant with a willful and conscious disregard for Mr. Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code § § 52, 52.1, and 3294.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Burns requests that judgment be entered in his favor and against defendants as follows:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF:**

1. An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g), California Penal Code § § 166(d)(1) and 12021(g)(2), and/or California Code of Civil Procedure § 527.6(k) in such a manner as to forbid Mr. Burns from possessing or carrying a firearm within his home or possessed land;

**ON THE FIRST THROUGH FIFTH CLAIMS FOR RELIEF :**

2. Attorneys fees and costs pursuant to 42 U.S.C. § 1988;

**ON THE SECOND CLAIM FOR RELIEF:**

3. Declaratory relief consistent with the injunction;

**ON THE THIRD THROUGH FIFTH CLAIMS FOR RELIEF:**

4. Compensatory damages in the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00),

5. Exemplary damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00);

**ON THE SIXTH CLAIM FOR RELIEF:**

6. An order requiring the return of plaintiff's firearm;

////

////

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

**ON THE SEVENTH AND EIGHTH CLAIMS FOR RELIEF:**

7. Compensatory and statutory damages in an amount to be proven at trial, but in no case less than FOUR-THOUSAND DOLLARS ($4,000.00) from each of the defendants named therein on each claim for relief,

8. Exemplary damages from each of the defendants named therein in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), and

9. Attorneys fees pursuant to Cal. Civ. Code § 52.1(h);

**ON THE NINTH CLAIM FOR RELIEF:**

10. Compensatory damages in the amount of ONE THOUSAND DOLLARS ($1,000.00),

11. Exemplary damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00);

**ON THE TENTH CLAIM FOR RELIEF:**

12. Compensatory and statutory damages in an amount to be proven at trial, but in no case less than FOUR THOUSAND DOLLARS ($4,000.00),

13. Exemplary damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), and

14. Attorneys fees pursuant to Cal. Civ. Code § 52.1(h);

**ON ALL CLAIMS FOR RELIEF:**

15. A trial by jury on all issues so triable,

16. Costs of suit, and

17. Any other further relief as the Court deems just and appropriate.

DATED this 24th day of December, 2008.                    Respectfully submitted,

By: _Dwayne R. Burns_
Dwayne B. Burns
Plaintiff, *In Pro Per*

---

Page 16 – Complaint                    Dwayne B. Burns, Esq.
                                       P.O. Box 720157
                                       Redding, CA 96099