1  Dwayne B. Burns
   P.O. Box 720157
2  Redding, CA 96099
   Phone: (530) 440-0036
3
                                                    **FILED**
4       Plaintiff, *Pro Se*
                                                    FEB 2 4 2009
5
                                           CLERK, U.S. DISTRICT COURT
6                                          EASTERN DISTRICT OF CALIFORNIA
                                           BY _____
7                                                    DEPUTY CLERK

8              IN THE UNITED STATES DISTRICT COURT FOR

9              THE EASTERN DISTRICT OF CALIFORNIA

10 | DWAYNE B. BURNS,                          )
   |                                           )
11 |              Plaintiff,                   )   Case No.:  09-CV-0497 MCE KJM PS
   |                                           )
12 |     vs.                                   )   **AMENDED COMPLAINT**
   |                                           )   42 U.S.C. § 1983; CAL. CIV. CODE § 52.1;
13 | MICHAEL MUKASEY, in his official          )   DECLARATORY AND INJUNCTIVE
   | capacity as Attorney General of the United )  RELIEF; TRESPASS TO CHATTEL;
14 | States of America; EDMUND G. BROWN,       )   REPLEVIN
   | JR., in his official capacity as Attorney  )
15 | General of the State of California; CITY OF )
   | REDDING, a California Municipal            )   **JURY TRIAL DEMANDED**
16 | Corporation; PETER HANSEN, in his         )
   | official capacity as Chief of Police of the City )
17 | of Redding; KEVIN KIMPLE, individually,   )
   | and in his official capacity as a Police Officer )
18 | for the Redding Police Department;        )
   | WILLIAM FORREST, an individual; WILL      )
19 | WILLIAMS, an individual; REBECCA          )
   | ZUFALL, an individual;  TOM BOSENKO,      )
20 | in his official capacity as Sheriff of Shasta )
   | County, California; MICHAEL SULLIVAN,     )
21 | in his official capacity as Acting Director of )
   | the Bureau of Alcohol, Tobacco, Firearms, )
22 | and Explosives; ROBERT S. MUELLER III,    )
   | in his official capacity as Director of the )
23 | Federal Bureau of Investigation; and THE  )
   | SUPERIOR COURT OF SHASTA                  )
24 | COUNTY, CALIFORNIA,                        )
   |                                           )
25 |              Defendants.                   )
   |                                           )
26 |

Page 1 – Amended Complaint          Dwayne B. Burns, Esq.
                                    P.O. Box 720157
                                    Redding, CA 96099

1

## PRELIMINARY STATEMENT

2    1.  Plaintiff Dwayne B. Burns of Redding, California is a United States citizen concerned

3    that federal and state laws are in direct violation with recent decisions of the United States

4    Supreme Court, and the United States Court of Appeals for the District of Columbia Circuit,

5    concerning the rights of all Americans under the Second Amendment to the United States

6    Constitution.

7    2.  Today, he files this lawsuit because he believes that persons who have domestic

8    relations orders, commonly referred to as "restraining orders to prevent abuse", and civil "anti-

9    stalking orders" currently in force against them, should not have their fundamental rights under

10   the Second Amendment to keep and bear arms stripped away from them by legislative fiat simply

11   because they were defendants in a civil proceeding, and have not been convicted of any crime.

12   3.  In the United States of America, an individual is presumed innocent until proven

13   guilty, and as such, persons not convicted of any crime should not have their fundamental

14   constitutional rights taken from them without due process of law.  The standard of proof in a civil

15   suit to obtain a civil restraining order is under California law, and the laws of most, if not all, of

16   the other states, far below what is required to convict a person of a crime.

17   4.  The United States Supreme Court recently held in *D.C. v. Heller*, 554 U.S. ___ (2008),

18   that the right to keep a firearm in the home is a fundamental right.  That proclamation makes the

19   statutes at issue in this case subject to strict scrutiny by the Court.  The enshrinement of

20   constitutional rights necessarily takes certain policy choices off the table.[1]  These include the

21   absolute prohibition of handguns held and used for self-defense in the home.

22   5.  Mr. Burns feels frightened in his own home, and is forced to rely upon an unwilling

23   and unreliable police force for protection of his home and family.  The same unwilling and

24   unreliable police force would undoubtedly arrest him and seek his prosecution if he were to

25

26   [1] As stated by Justice Antonin Scalia in *D.C. v. Heller*, 554 U.S. ___ (2008).

Dwayne B. Burns, Esq.
                                              P.O. Box 720157
                                              Redding, CA 96099

1   posses a gun in his home for self-defense.

2      5. The Plaintiff, Mr. Burns, is neither a felon, nor mentally ill, and as such, laws

3   prohibiting his right to keep arms in his home for self defense are now unconstitutional under the

4   Second Amendment.[2]

5                 **JURISDICTION AND VENUE**

6      6. This case arises under the United States Constitution and the laws of the United States

7   of America, and presents a federal question within this Court's jurisdiction under Article III of

8   the federal Constitution, and 28 U.S.C. Secs. 1331, 1343, 1361, 1367(a); 42 U.S.C. § 1983, and

9   Federal Rule of Civil Procedure 18(a).

10     7. The Court has authority to grant declaratory relief pursuant to the Declaratory

11   Judgment Act, 28 U.S.C. Sec. 2201, *et seq*.

12     8. Venue is proper within this District pursuant to 28 U.S.C. § 1391( b).

13                 **INTRADISTRICT ASSIGNMENT**

14     9. This action arises in the county of Shasta and thus should be assigned to the

15   Sacramento Division.

16                         **PARTIES**

17     10. Plaintiff Dwayne B. Burns (Burns) is a natural person and a United States citizen

18   who resides in Redding, California. Mr. Burns resides in a high-crime neighborhood and is

19   active in community affairs. As a consequence of trying to make his neighborhood a better place

20   to live, Mr. Burns has been threatened, beaten, and robbed by drug dealers. On a number of

21   occasions Mr. Burns has been the victim of various crimes; however, the Redding Police

22   Department has repeatedly refused to investigate the matters properly. Mr. Burns would like to

23

24        [2] "Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of

25   firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *D.C. v.*

26   *Heller*, 554 U.S. ___ (2008).

1  possess a functional handgun for self-defense within his own home, but is prevented from doing
2  so by defendants' active enforcement of unconstitutional policies complained of in this action.
3  Mr. Burns fears arrest, criminal prosecution, incarceration, and fine if he were to possess a
4  functional handgun within his home.

5       11. Defendant ATTORNEY GENERAL MICHAEL MUKASEY heads the United States
6  Department of Justice (DOJ), which is the agency of the United States government responsible
7  for enforcement of federal criminal laws. As such, Mr. Mukasey is responsible for executing and
8  administering the laws, customs, practices, and policies of the United States of America. In that
9  capacity, Mr. Mukasey is presently enforcing the unconstitutional laws, customs, practices and
10 policies complained of in this action, and is sued in both his individual and official capacities.

11      12. Defendant ATTORNEY GENERAL EDMUND G. BROWN, JR. is the Attorney
12 General of the State of California. As such, he heads the California Justice Department and is
13 responsible for executing and administering California's laws, customs, practices, and policies.
14 In that capacity, Mr. Brown is presently enforcing the unconstitutional laws, customs, practices
15 and policies complained of in this action, and is sued in both his individual and official
16 capacities.

17      13. Defendant CITY OF REDDING is a municipal corporation, organized under the laws
18 of the State of California. It is responsible for the policies, procedures, and practices
19 implemented through its various agencies, agents, departments, and employees, and for injuries
20 occasioned thereby. It was also the public employer of Police Chief Peter Hansen and the
21 officers of the Redding Police Department mentioned herein at all material times.

22      14. Defendant PETER HANSEN (Hansen) who is a natural person, upon information
23 and belief, was a resident of Redding, California, and the duly-appointed Chief of Police of the
24 Redding Police Department at all times material to this Complaint. He is, and has been,
25 responsible for the promulgation and implementation of police policies, procedures, and
26 practices for the City of Redding.

Page 4 – Amended Complaint          Dwayne B. Burns, Esq.
                                    P.O. Box 720157
                                    Redding, CA 96099

1    15. Defendant KEVIN KIMPLE (Kimple), I.D. number 109, is a police officer employed
2  by the Redding Police Department and the City of Redding. At all material times, defendant
3  Kimple acted towards Plaintiff under color of the statutes, ordinances, customs, and usage of the
4  State of California, the City of Redding, and the departmental policies of the Redding Police
5  Department. He is being sued in both his individual and official capacities.

6    16. Defendants WILLIAM FORREST (Forrest), I.D. number 328, WILL WILLIAMS
7  (Williams), I.D. number 108, and REBECCA ZUFALL (Zufall), I.D. number 167, were at all
8  material times police officers employed by defendant City of Redding with the Redding Police
9  Department. Defendants Forrest, Williams, and Zufall at all material times acted towards
10  Plaintiff under the color of the statutes, ordinances, customs, and usage of the State of California,
11  the City of Redding, and the departmental policies of the Redding Police Department. They are
12  being sued in their individual capacities.

13    17. Defendant TOM BOSENKO (Bosenko) who is a natural person, upon information
14  and belief, was a resident of Shasta County California, and the duly-elected Sheriff of the County
15  of Shasta at all times material to this Complaint. He is, and has been, responsible for the
16  promulgation and implementation of police policies, procedures, and practices for the County of
17  Shasta.

18    18. Defendant MICHAEL SULLIVAN (Sullivan) is the Acting Director of the United
19  States Bureau of Alcohol, Tobacco, Firearms, and Explosives. The Bureau of Alcohol, Tobacco,
20  Firearms, and Explosives is one of the law enforcement agencies of the United States Treasury
21  Department and is responsible for the regulation, investigation and enforcement of the nation's
22  laws pertaining to the possession and sale of firearms.

23    19. Defendant ROBERT S. MUELLER III (Mueller) is the Director of the United States
24  Federal Bureau of Investigation. The Federal Bureau of Investigation is the principal law
25  enforcement agency of the United States government, and part of the United States Justice
26  Department. It is responsible for the investigation and enforcement of alleged violations of the

Page 5 – Amended Complaint                    Dwayne B. Burns, Esq.
                                              P.O. Box 720157
                                              Redding, CA 96099

1   laws relating to the illegal possession of firearms in concert with the Bureau of Alcohol.

2   Tobacco, Firearms, and Explosives.

3       20.  Defendant SUPERIOR COURT OF SHASTA COUNTY is a California state court

4   of general jurisdiction situated in Shasta County, California.  The main branch of the Superior

5   Court of Shasta County is located at 1500 Court Street in Redding, California and is responsible

6   for the adjudication of most actions at law and/or in equity in Shasta County, California.

7                               **STATEMENT OF FACTS**

8       21.  The Second Amendment to the United States Constitution provides: "A well

9   regulated Militia being necessary to the security of a free State, the right of the people to keep

10  and bear Arms shall not be infringed."

11      22.  At a minimum, the Second Amendment guarantees individuals a fundamental right to

12  possess a functional, personal firearm, such as a handgun or ordinary long gun (shot gun or rifle)

13  within the home.

14      23.  Defendants currently maintain and actively enforce a set of laws, customs, practices,

15  and policies which operate to deprive individuals, including the Plaintiff, Mr. Burns, of this

16  important right.  Any such exercise of Mr. Burns' Second Amendment rights would subject him

17  to criminal prosecution, and would lead to incarceration and/or fine.

18
19                  **Unlawful Seizure of Mr. Burns' Firearm and Entry of**
                    **State Domestic Relations Order**

20      24.  On May 21, 2007, the Plaintiff was arrested by Defendant Kimple, of the Redding

21  Police Department for an alleged violation of California Penal Code Section 243(e)(1), Spousal

22  Battery.  The charge was later dismissed.  Subsequent to Plaintiff's arrest, officers of the Redding

23  Police Department conducted an illegal search of Plaintiff's two residences after being told

24  unequivocally that Plaintiff would not consent to a search of his residence.

25  ////

26  ////

Page 6 – Amended Complaint               Dwayne B. Burns, Esq.
                                          P.O. Box 720157
                                          Redding, CA 96099

1    25. In the course of their illegal search, Redding Police officers located a firearm

2    belonging to Plaintiff. This firearm is a .380 automatic pistol of Pre-World War II vintage. The

3    firearm is an RTGEIS brand, the serial number of which is 49721. The said firearm was seized

4    by the Redding Police Department; however, Plaintiff never received a receipt for the seized

5    firearm as required pursuant to California Penal Code Section 12028.7.

6    26. On September 11, 2007, the Honorable Molly Bigelow of the Shasta County Superior

7    Court signed a "Restraining Order After Hearing (Order of Protection)" in Shasta County

8    Superior court case number CVDV-07-0160554. This order was entered after a hearing on

9    September 5, 2007, wherein there was uncontroverted evidence that Mrs. Burns, for whom the

10   order was requested, had voluntarily and recently returned from an interstate motorcycle trip with

11   Mr. Burns and had spent the previous night at Mr. Burns' residence, in the same bed.

12   27. In the Summer of 2008, the charges against Mr. Burns in Shasta County Superior

13   Court case number CRF- 07-0005168 were dismissed due to lack of evidence. In the Fall of

14   2008, Mr. Burns attempted to retrieve his firearm from the Redding Police Department.

15   28. Despite the unlawful seizure of Mr. Burns' firearm, the Redding Police Department

16   refuses to return it. Mr. Burns has attempted to retrieve his firearm from the Redding Police

17   Department, but was told by the property clerks at the Redding Police Department that he would

18   not be eligible to have his firearm returned because of the order of the Shasta County Superior

19   Court which states that Mr. Burns is prohibited from possessing or carrying any firearms

20   whatsoever. Said order is attached hereto, and by this reference incorporated herein as

21   "Plaintiff's Exhibit A."

22   29. The Redding Police Department refuses to return Mr. Burns' firearm unless he

23   obtains a "clearance" from the Department of Justice. Mr. Burns is not eligible to receive such a

24   "clearance" because of current, but no longer constitutional, state and federal laws prohibiting the

25   possession of firearms by persons subject to court orders commonly referred to as "Restraining

26   Orders to Prevent Abuse."

Dwayne B. Burns, Esq.
                                                                    P.O. Box 720157
                                                                    Redding, CA 96099

**Current State and Federal Laws Prohibiting Gun Ownership**

30.  The federal law prohibiting such possession of firearms is codified at Title 18 of the United States Code.  18 U.S.C. § 922 provides in relevant part:

"(g) It shall be unlawful for any person– . . . .

(8) who is subject to a court order that–

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or . . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

31.  The California statutes prohibiting such firearm possession are found in different Codes, a pertinent one being found in the Penal Code:

"(d)  (1)  A person who owns, possesses, purchases, or receives a firearm knowing he or she is prohibited from doing so by the provisions of a protective order as defined in Section 136.2 of this code, Section 6218 of the Family Code, or Sections 527.6 or 527.8 of the Code of Civil Procedure, shall be punished under the provisions of subdivision (g) of Section 12021."

Penal Code § 166(d)(1).

32.  The statute most pertinent to the case at hand reads as follows:

"(g)(2) Every person who owns or possesses a firearm knowing that he or she is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, a protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this Code, or by a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by

Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1    both that imprisonment and fine."

2  California Penal Code § 12021(g)(2).

3    33. In addition, the California Code of Civil Procedure also prohibits Mr. Burns from

4  possessing firearms in his home:

5    "(k)(1) A person subject to a protective order issued under this section shall not
     own, possess, purchase, receive, or attempt to purchase or receive a firearm while
6    the protective order is in effect.

7    (2) The court shall order a person subject to a protective order issued under this
     section to relinquish any firearms he or she owns or possesses pursuant to Section
8    527.9.

9    (3) Every person who owns, possesses, purchases or receives, or attempts to
     purchase or receive a firearm while the protective order is in effect is punishable
10   pursuant to subdivision (g) of Section 12021 of the Penal Code."

11  California Code of Civil Procedure § 527.6(k).

12    34. Accordingly, the defendants prohibit the possession of lawfully owned firearms for

13  self-defense within the home, even in instances where self-defense would be lawful by other

14  means under state and federal law.  Even the movement of a firearm from one location to another

15  on one's own property carries a criminal penalty.

16                              **CLAIMS FOR RELIEF**

17
18                **FIRST: U.S. CONST., AMEND II, 42 U.S.C. § 1983**
                            **AGAINST ALL DEFENDANTS**

19    35. Paragraphs 1 through 34 are incorporated as though fully stated herein.

20    36. By maintaining and enforcing a set of laws banning Mr. Burns' private ownership

21  and possession of functional firearms within the home, forbidding his otherwise lawful self-

22  defense usage of arms, and forbidding him from moving a firearm while on his property,

23  defendants are propagating customs, policies, and practices that violate Mr. Burns' individual

24  rights under the Second Amendment to the United States Constitution, damaging Mr. Burns in

25  violation of 42 U.S.C. § 1983.  Mr. Burns is therefore entitled to permanent injunctive relief

26  against such customs, policies, and practices.

1
2

## SECOND: DECLARATORY JUDGMENT ACT,
### 28 U.S.C. §§ 2201, 2202,
### AGAINST ALL DEFENDANTS

3   37. Paragraphs 1 through 36 are incorporated as though fully stated herein.

4   38. Mr. Burns is entitled to declaratory relief holding that by maintaining and enforcing a

5   set of laws banning his private ownership and possession of handguns and functional firearms

6   within his home, forbidding his otherwise lawful self-defense usage of arms, and forbidding him

7   from moving a handgun or functional firearm on his property, defendants are violating Mr.

8   Burns' individual rights under the Second Amendment to the United States Constitution.  Mr.

9   Burns is therefore further entitled to injunctive relief barring continued enforcement and

10   maintenance of defendants' unconstitutional customs, policies, and practices.

11
12

## THIRD: U.S. CONST., AMENDS. IV AND XIV, 42. U.S.C. § 1983
### AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

13   39. Paragraphs 1 through 38 are incorporated as though fully stated herein.

14   40. Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established

15   law[3], unlawfully entered the home of Mr. Burns without a warrant and without any legal

16   justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

17   Space 23, in Redding, California, after being repeatedly and expressly forbidden entry into his

18   residence by Mr. Burns.

19   41. As a result of this illegal search, Plaintiff's home was entered and his private

20   belongings were subjected to invasive scrutiny, in violation of his right to be free from

21   unreasonable search and seizure under the Fourth Amendment to the United States Constitution

22   which has been held applicable to the states under the Fourteenth Amendment to the United

23   States Constitution.

24   42. The actions of the defendants in conducting this illegal search of Mr. Burns' home

25

26   [3] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

Page 10 – Amended Complaint                    Dwayne B. Burns, Esq.
                                               P.O. Box 720157
                                               Redding, CA 96099

1  were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

2  Burns' rights entitling Mr. Burns to exemplary damages.

3

4  ### FOURTH: U.S. CONST., AMENDS. V AND XIV, 42 U.S.C. § 1983
   ### AGAINST OFFICER KIMPLE

5  43.  Paragraphs 1 through 42 are incorporated as though fully stated herein.

6  44.  Defendant Kimple unlawfully seized Mr. Burns' firearm, and by doing so

7  dispossessed Mr. Burns of his lawfully acquired property without compensation.  This the

8  defendant did under color of law in violation of the Takings Clause of the Fifth Amendment to

9  the United States Constitution which has been held applicable to the states through the

10  Fourteenth Amendment to the United States Constitution.

11  45.  As a result of the actions of defendant Kimple in seizing Mr. Burns' firearm, Mr.

12  Burns was deprived of the possession and use of said firearm and is entitled to compensatory

13  damages.  In addition, the actions of defendant Kimple in seizing Mr. Burns' firearm were

14  despicable and carried on by the defendant with a willful and conscious disregard for Mr.

15  Burns' rights entitling Mr. Burns to exemplary damages.

16

17  ### FIFTH: U.S. CONST., AMENDS. IV AND XIV, 42. U.S.C. § 1983
   ### AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

18  46.  Paragraphs 1 through 45 are incorporated as though fully stated herein.

19  47.  Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly establish

20  law,[4] unlawfully entered the home of Mr. Burns without a warrant and without any legal

21  justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

22  Space 5, in Redding, California, after being repeatedly and expressly forbidden entry into the

23  residence by Mr. Burns.

24  ////

25

26  [4] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

1      48. As a result of this illegal search, Plaintiff's home was entered and his private

2  belongings were subjected to invasive scrutiny, in violation of his right to be free from

3  unreasonable search and seizure under the Fourth Amendment to the United States Constitution

4  which has been held applicable to the states under the Fourteenth Amendment to the United

5  States Constitution.

6      49. The actions of the defendants in conducting this illegal search of Mr. Burns' home

7  were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

8  Burns' rights entitling Mr. Burns to exemplary damages.

9

10
### SIXTH: REPLEVIN
### AGAINST CHIEF PETER HANSEN

11      50. Paragraphs 1 through 49 are incorporated as though fully stated herein.

12      51. Upon information and belief, defendant PETER HANSEN currently is storing Mr.

13  Burns' firearm in the property room of the Redding Police Department, and through his agents

14  has refused to return Mr. Burns' firearm, stating the unconstitutional state and federal statutes

15  listed herein as justification for his department's unlawful customs, practices and policies

16  complained of in this action.

17      52. Either by way of a federal common law writ of replevin or by means of California's

18  laws pertaining to Claim and Delivery, Mr. Burns prays this Court to invoke its legal and

19  equitable powers to order that Mr. Burns' firearm be returned to him with all deliberate speed.

20

21
### SEVENTH: CAL. CONST. ART. I, § XIII, CAL. CIV. CODE § 52.1
### AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL

22      53. Paragraphs 1 through 52 are incorporated as though fully stated herein.

23      54. Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established

24  law[5], unlawfully entered the home of Mr. Burns without a warrant and without any legal

25

26    [5] *See Georgia v. Randolph,* 547 U.S. 103 (2006).

Page 12 – Amended Complaint      Dwayne B. Burns, Esq.
P.O. Box 720157
Redding, CA 96099

1 justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

2 Space 23, in Redding, California after being repeatedly and expressly forbidden entry by Mr.

3 Burns into his residence.

4      55. As a result of this illegal search, Plaintiff's home was entered and his private

5 belongings were subjected to invasive scrutiny, in violation of his right to be free from

6 unreasonable search and seizure under Article 1 section 13 of the California Constitution.

7      56. Mr. Burns is entitled to compensatory and statutory damages from the defendants

8 under Cal. Civ. Code §§ 52, and 52.1.

9      57. The actions of the defendants in conducting this illegal search of Mr. Burns' home

10 were despicable and carried on by the defendants with a willful and conscious disregard for Mr.

11 Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code §§ 52, 52.1, and

12 3294.

13

14               **EIGHTH: CAL. CONST. ART. I, § XIII, CAL. CIV. CODE § 52.1**
            **AGAINST OFFICERS KIMPLE, FORREST, WILLIAMS, AND ZUFALL**

15      58. Paragraphs 1 through 59 are incorporated as though fully stated herein.

16      60. Defendants Kimple, Forrest, Williams, and Zufall, in violation of clearly established

17 law[6], unlawfully entered the home of Mr. Burns without a warrant and without any legal

18 justification and conducted an illegal search of Burns' residence located at 5812 Cedars Road,

19 Space 5, in Redding, California after being repeatedly and expressly forbidden entry by Plaintiff

20 Burns' into his residence.

21      61. As a result of this illegal search, Plaintiff's home was entered and his private

22 belongings were subjected to invasive scrutiny, in violation of his right to be free from

23 unreasonable search and seizure under Article 1 section 13 of the California Constitution.

24 ////

25

26      [6] *See footnote 5.*

Page 13 – Amended Complaint          Dwayne B. Burns, Esq.
                                       P.O. Box 720157
                                       Redding, CA 96099

1    62. Mr. Burns is entitled to compensatory and statutory damages from the defendants
2    under Cal. Civ. Code §§ 52, and 52.1.

3    63. The actions of the defendants in conducting this illegal search of Mr. Burns' home
4    were despicable and carried on by the defendants with a willful and conscious disregard for Mr.
5    Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code § § 52, 52.1, and
6    3294.

7
8                              **NINTH: TRESPASS TO CHATTEL**
                               **AGAINST OFFICER KIMPLE**

9    64. Paragraphs 1 through 63 are incorporated as though fully stated herein.

10    65. By Defendant Kimple's acts stated herein, defendant deprived Mr. Burns of his
11    rightfully owned property, causing him to be dispossessed of his firearm without just legal cause
12    or privilege.

13    66. As a result Mr. Burns has been denied the use of his property and is entitled to
14    damages for the loss of said use and possession, including exemplary damages under California
15    Civil Code Section 3294.

16
17               **TENTH: CAL. CONST. ART. I, § XIX, CAL. CIV. CODE § 52.1**
                                **AGAINST OFFICER KIMPLE**

18    67. Paragraphs 1 through 66 are incorporated as though fully stated herein.

19    68. Defendant Kimple unlawfully seized Mr. Burns' firearm, and by doing so
20    dispossessed Mr. Burns of his lawfully acquired property without compensation. This the
21    defendant did under color of law in violation of Article 1 section 19 of the California
22    Constitution.

23    69. As a result of the actions of defendant Kimple in seizing Mr. Burns' firearm, Mr.
24    Burns  was deprived of the possession and use of said firearm and is entitled to compensatory
25    and statutory damages under Cal. Civ. Code §§ 52, and 52.1.

26    ////

---

Page 14 – Amended Complaint                    Dwayne B. Burns, Esq.
                                               P.O. Box 720157
                                               Redding, CA 96099

1      70.  In addition, the actions of defendant Kimple in seizing Mr. Burns' firearm were

2   despicable and carried on by the defendant with a willful and conscious disregard for Mr.

3   Burns' rights entitling Mr. Burns to exemplary damages under Cal. Civ. Code § § 52, 52.1, and

4   3294.

5                          **JURY DEMAND**

6      71.  Plaintiff demands a trial by jury for all issues so triable.

7                      **PRAYER FOR RELIEF**

8      WHEREFORE, Mr. Burns requests that judgment be entered in his favor and against

9   defendants as follows:

10      **ON THE FIRST AND SECOND CLAIMS FOR RELIEF:**

11      1.  An order permanently enjoining defendants, their officers, agents, servants,

12   employees, and all persons in active concert or participation with them who receive actual notice

13   of the injunction, from enforcing 18 U.S.C. § 922(g), California Penal Code § § 166(d)(1) and

14   12021(g)(2), and/or California Code of Civil Procedure § 527.6(k) in such a manner as to forbid

15   Mr. Burns from possessing or carrying a firearm within his home or possessed land;

16      **ON THE FIRST THROUGH FIFTH CLAIMS FOR RELIEF :**

17      2.  Attorneys fees and costs pursuant to 42 U.S.C. § 1988;

18      **ON THE SECOND CLAIM FOR RELIEF:**

19      3.  Declaratory relief consistent with the injunction;

20      **ON THE THIRD THROUGH FIFTH CLAIMS FOR RELIEF:**

21      4. Compensatory damages in the amount of TWENTY-FIVE THOUSAND DOLLARS

22   ($25,000.00),

23      5.  Exemplary damages in the amount of TWO HUNDRED FIFTY THOUSAND

24   DOLLARS ($250,000.00);

25      **ON THE SIXTH CLAIM FOR RELIEF:**

26      6.  An order requiring the return of plaintiff's firearm;

1    **ON THE SEVENTH AND EIGHTH CLAIMS FOR RELIEF:**

2       7.  Compensatory and statutory damages in an amount to be proven at trial, but in no case

3    less than FOUR-THOUSAND DOLLARS ($4,000.00) from each of the defendants named

4    therein on each claim for relief,

5       8.  Exemplary damages from each of the defendants named therein in the amount of

6    TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), and

7       9.  Attorneys fees pursuant to Cal. Civ. Code § 52.1(h);

8    **ON THE NINTH CLAIM FOR RELIEF:**

9       10.  Compensatory damages in the amount of ONE THOUSAND DOLLARS

10   ($1,000.00),

11      11.  Exemplary damages in the amount of ONE HUNDRED THOUSAND DOLLARS

12   ($100,000.00);

13   **ON THE TENTH CLAIM FOR RELIEF:**

14      12.  Compensatory and statutory damages in an amount to be proven at trial, but in no

15   case less than FOUR THOUSAND DOLLARS ($4,000.00),

16      13.  Exemplary damages in the amount of TWO HUNDRED FIFTY THOUSAND

17   DOLLARS ($250,000.00), and

18      14.  Attorneys fees pursuant to Cal. Civ. Code § 52.1(h);

19   **ON ALL CLAIMS FOR RELIEF:**

20      15.  Costs of suit, and

21      16.  Any other further relief as the Court deems just and appropriate.

22      DATED this 23RD day of February, 2009.          Respectfully submitted,

23

24                                              By: _____

25                                              Dwayne B. Burns
                                                Plaintiff, *In Pro Per*

26

---

Page 16 – Amended Complaint                Dwayne B. Burns, Esq.
                                           P.O. Box 720157
                                           Redding, CA 96099

| **DV-130** | **Restraining Order After Hearing (Order of Protection)** |
|---|---|

Clerk stamps date here when form is filed.

# FILED

SEP 1 1 2007

**CLERK OF THE SUPERIOR COURT**
**BY: R. KNIGHT, DEPUTY CLERK**

**①** Protected person's name:

LORI BURNS
    *(first)          (middle)          (last)*

Protected person's address *(skip this if you have a lawyer): (If you want your address to be private, give a mailing address instead):*

3206 COCKERILL DR

City: REDDING     State: CA     Zip: 96002

Telephone number *(optional):*

Lawyer *(if any): (Name, address, telephone number, and State Bar number):* ASSISTED BY SHASTA WOMEN'S REFUGE

Fill in court name and street address:

Superior Court of California, County of
SHASTA
1500 COURT ST. ROOM 31

REDDING, CA 96001

**②** List the full names of all family or household members protected by this order: PATRICIA McCLENDON

SHARI McCLENDON

Fill in case number:

**Case Number:**
160554

**③** Restrained person's name:

DWAYNE BRIAN BURNS
    *(first)          (middle)          (last)*

Description of that person: Sex: ☒ M ☐ F   Height: _____ Weight: 200   Race: WHITE

Hair Color: BLONDE Eye Color: HAZEL Age: 42   Date of Birth: 8/21/64

Relationship to protected person: HUSBAND

**④** **The court orders are on pages 2 and 3 and attachment pages *(if any).***

The hearing was on *(date):* 9/5/07 _____ with *(name of judicial officer):* HON MOLLY BIGELOW

The orders end on *(date):* 9/5/10     at *(time):* MIDNIGHT

• *If no end date is written, the restraining order ends 3 years after the date of the hearing.*

• *If no time is written, the restraining order ends at midnight on the end date.*

• *Note: Custody, visitation, child support, and spousal support orders have different end dates. Custody, visitation, and child support orders usually end when the child is 18.*

**⑤** ☐ The people in ① and ③ must return to court/department _____ on *(date):* _____

at *(time):* _____ ☐ a.m. ☐ p.m. to review *(specify issues):* _____

### Certificate of Compliance With VAWA

This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA). This court has jurisdiction over the parties and the subject matter; the restrained person has been afforded reasonable notice and an opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

RECEIVED
SEP 0 7 2007

| **This is a Court Order.** |
|---|

CLERK OF THE SHASTA COUNTY
SUPERIOR COURT - CIVIL DIVISION
DV-130, Page 1 of 5

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2007, Mandatory Form
Family Code, § 6200 et seq. Approved by DOJ

**Restraining Order After Hearing (CLETS - OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

BURNS, LORI

Martin Dean's
ESSENTIAL FORMS™

Your name: *LORI BURNS*

| Case Number: |
|---|
| *160554* |

**(6) ☑ Personal Conduct Orders**

The person in ③ must **not** do the following things to the protected people listed in① and ② :

a. ☑ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements

b. ☑ Contact (either directly or indirectly), telephone, or send messages or mail or e-mail

☐ Except for brief and peaceful contact as required for court-ordered visitation of children unless a criminal protective order says otherwise

c. ☑ Take any action, directly or through others, to get the addresses or locations of any protected persons or of their family members, caretakers, or guardians. *(If item c is not checked, the court has found good cause not to make this order.)*

Peaceful written contact through a lawyer or a process server or another person in order to serve legal papers is allowed and does not violate this order.

☐ A criminal protective order on Form CR-160 is in effect. Case Number: _____

County *(if known):* _____ Expiration Date: _____ *(If more orders, list them in item* ⑰ *.)*

**(7) ☑ Stay-Away Order**

The person in ③ must stay at least *100* yards away from:

a. ☑ The person listed in ①           d. ☐ The children's school or child care

b. ☑ The people listed in ②           e. ☐ Other *(specify):* _____

c. ☑ Home ☑ Job ☑ Vehicle of person in ①     _____

**(8) ☐ Move-Out Order**

The person in ③ must move out immediately from *(address):* _____

_____

**(9) ☐ Child Custody and Visitation**

Child custody and visitation are ordered on the attached Form DV-140 or *(specify other form):* _____

_____

**(10) ☐ Child Support**

Child support is ordered on the attached Form DV-160 or *(specify other form):* _____

_____

**(11) ☐ Spousal Support**

Spousal support is ordered on the attached Form FL-343 or *(specify other form):* _____

_____

**(12) No Guns or Other Firearms or Ammunition**

The person in ③ **cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, firearms, or ammunition.**

**(13) Turn in or sell guns and firearms.**

The person in ③ :

• Must sell to a licensed gun dealer or turn in to police any guns or firearms that he or she has or controls. This must be done within 24 hours of being served with this order.

• Must bring a receipt to the court within 48 hours of being served with this order, to prove that guns and firearms have been turned in or sold.

| This is a Court Order. |
|---|

*BURNS, LORI*

Your name: *LORI BURNS*

| Case Number: |
|---|
| *160554* |

**(14) ▣ Record Unlawful Communications**

    The person in ① has the right to record communications made by the person in ③ that violate the judge's orders.

**(15) ☐ Batterer Intervention Program**

    The person in ③ must go to and pay for a 52-week batterer intervention program and show written proof of completion to the court. This program must be approved by the probation department.

**(16) No Fee to Notify (Serve) Restrained Person**

    If the sheriff or marshal serves this order, he or she will do it for free.

**(17) ☐ Other Orders**

    Other orders relating to property control, debt payment, attorney fees, restitution, and/or other issues are in attached Form DV-170 or *(specify other form):* _____

**(18) Service**

    a. ▣ The people in ① and ③ were at the hearing or agreed in writing to this order. No other proof of service is needed.

    b. ☐ The person in ① was at the hearing. The person in ③ was not.

        (1) ☐ Proof of service of Form DV-110 was presented to the court. The judge's orders in this form are the same as in Form DV-110 except for the end date. The person in ③ must be served. This order can be served by mail.

        (2) ☐ Proof of service of Form DV-110 was presented to the court. The judge's orders in this form are different from the orders in Form DV-110. Someone-not the people in ① or ② - must personally "serve" a copy of this order to the person in ③.

**(19) Attached pages are orders.**

    • Number of pages attached to this 5-page form: _____

    • All of the attached pages are part of this order.

    • Attachments include *(check all that apply):*

        ☐ DV-140 ☐ DV-145 ☐ DV-150 ☐ DV-160 ▣ DV-170 ☐ FL-343

        ☐ Other *(specify):* _____

Date: _9/10/07_

▶ *Molly R*
    *Judge (or Judicial Officer)*

**This is a Court Order.**

Revised July 1, 2007

Martin Dean's
ESSENTIAL FORMS™

**Restraining Order After Hearing (CLETS-OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**     *BURNS, LORI*

DV-130, Page 3 of 5
→

Your name: _LORI  BURNS_

**Case Number:**

## Instructions for Law Enforcement

**(20) Start Date and End Date of Orders**

The orders *start* on the earlier of the following dates:

- The hearing date on page 1 *or*
- The date next to the judge's signature on page 3.

The orders *end* on the end date in item 4 on page 1. If no end date is listed, they end 3 years from the hearing date.

**(21) Arrest Required If Order Is Violated**

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Penal Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

**(22) Notice/Proof of Service**

Law enforcement must first determine if the restrained person had notice of the orders. If notice cannot be verified, the restrained person must be advised of the terms of the orders. If the restrained person then fails to obey the orders, the officer must enforce them. (Family Code, § 6383.)

Consider the restrained person "served" (noticed) if:

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer. (Fam. Code, § 6383; Pen. Code, § 836(c)(2).) An officer can obtain information about the contents of the order in the Domestic Violence Restraining Orders System (DVROS). (Fam. Code, § 6381(b)(c).)

**(23) If the Protected Person Contacts the Restrained Person**

Even if the protected person invites or consents to contact from the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

**(24) Child Custody and Visitation**

- The custody and visitation orders are on Form DV-140, items ③ and ④ . They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.
- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

**(25) Enforcing the Restraining Order in California**

Any law enforcement officer in California who receives, sees, or verifies the orders on a paper copy, the California Law Enforcement Telecommunications System (CLETS), or in an NCIC Protection Order File must enforce the orders.

**(26) Conflicting Orders**

A protective order issued in a criminal case on Form CR-160 takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in full force. An emergency protective order (Form EPO-001) that is in effect between the same parties and is more restrictive than other restraining orders takes precedence over all other restraining orders. (Pen. Code, § 136.2.)

## This is a Court Order.

Revised July 1, 2007


Martin Dean's
**ESSENTIAL FORMS™**

**Restraining Order After Hearing (CLETS-OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**        *BURNS,  LORI*

DV-130,  Page 4 of 5
→

Your name: *LORI BURNS*

Case Number:

## Warnings and Notices to the Restrained Person in ❸

(27) **If you do not obey this order, you can be arrested and charged with a crime.**

- It is a felony to take or hide a child against this order. You can go to prison and/or pay a fine.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.
- If you do not obey this order, you can go to prison and/or pay a fine.

(28) **You cannot have guns, firearms, and/or ammunition.**



**You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to a licensed gun dealer or turn in to police any guns or firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.**

---

*(Clerk will fill out this part)*

### -Clerk's Certificate-

*[seal]*

I certify that this *Restraining Order After Hearing (Order of Protection)* is a true and correct copy of the original on file in the court.

Date: _____ Clerk, by _____ , Deputy

## This is a Court Order.

Revised July 1, 2007

Martin Dean's
ESSENTIAL FORMS™

**Restraining Order After Hearing (CLETS-OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**    *BURNS, LORI*

| DV-170 | Other Orders | | Case Number: 160554 |
|---|---|---|---|

☑ This form is attached to Form DV-130, Restraining Order After Hearing *(Order of Protection).*

**(1)** Protected person's name: __LORI BURNS__

**(2)** Restrained person's name: __DWAYNE BRIAN BURNS__

**(3)** ◼ **Property Control**

Only the person in **(1)** can use, possess, and control the following property:

__PLYMOUTH NEON (DK GREY)__

**(4)** ☐ **Debt Payment**

The person in **(2)** must make these payments until this order ends:

☐ *Check here if you need more space. Attach Form MC-020 or a sheet of paper and write "DV-170, Item 4-Debt Payment" at the top.*

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

**(5)** ☐ **Property Restraint**

The people in **(1)** and **(2)** must not transfer, borrow against, sell, hide, or get rid of any property, except in the usual course of business or for the necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in **(2)** cannot contact the person in **(1)** if the court has made a "no contact" order.)*

**(6)** ☐ **Attorney Fees and Costs**

The person in **(2)** must pay the following lawyer fees and costs:

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

**(7)** ☐ **Payments for Costs and Services**

The person in **(2)** must pay the following:

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

Pay to: _____ for: _____ Amount: $ _____ Due date: _____

**(8)** **Other Orders**

__THE PREVIOUS ORDER ALLOWING PEACEFUL CONTACT TO DISCUSS DISSOLUTION ISSUES IS__
__VACATED. ANY COMMUNICATION NECESSARY FOR THE PARTITES TO COMPLETE THE__
__DISSOLUTION OF THE MARRIAGE SHALL BE DONE THROUGH LEGAL COUNSEL OR IN SOME__
__OTHER PROFESSIONAL SETTING.__

## This is a Court Order.

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2006, Mandatory Form
Family Code, §§ 6324, 6340-6344

*Martin Dean's*
ESSENTIAL FORMS™

**Other Orders**
**(Domestic Violence Prevention)**

DV-170, Page 1 of 1

*BURNS, LORI*