1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JONATHAN K. RENNER, State Bar No. 187138
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO, State Bar No. 172527
   Supervising Deputy Attorney General
4  GEORGE WATERS, State Bar No. 88295
   Deputy Attorney General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone:  (916) 323-8050
7    Fax:  (916) 324-8835
     E-mail:  George.Waters@doj.ca.gov
8  *Attorneys for Defendants Edmund G. Brown Jr. and*
   *Superior Court of California, Shasta County*

9

               IN THE UNITED STATES DISTRICT COURT
10
             FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                      SACRAMENTO DIVISION
12

13

14  **DWAYNE B. BURNS,**                    2:09-CV-00497-MCE-CMK

15                          Plaintiff,      **REPLY BRIEF IN SUPPORT OF**
                                            **MOTION TO DISMISS [Fed.R.Civ.P.**
16        **v.**                            **Rules 12(b)(1), 12(b)(6)]**

17                                          Date:        August 6, 2009
    **MICHAEL MUKASEY, in his official**   Time:        10:00 a.m.
18  **capacity as Attorney General of the** Courtroom:   304, 3rd Floor
    **United States of America, et al.,**  Judge:       The Honorable Craig M.
19                                                       Kellison
                          Defendants.      Trial Date:  None Assigned
20                                         Action Filed: February 20, 2009

21  I.   THE PARTIES HAVE STIPULATED TO DISMISSAL WITH PREJUDICE OF DE-
         FENDANT SUPERIOR COURT.
22

23       All appearing parties have stipulated to dismissal of defendant Superior Court with

24  prejudice.  (Stipulation filed July 23, 2009, Docket No. 18.)  Thus the Court need not con-

25  sider defendants' assertion that the Eleventh Amendment bars plaintiff's claims against

26  the Superior Court.  The only issue addressed by this brief is whether the claims against

27  California Attorney General Brown should also be dismissed.

28  / / /

                                   1

## II. FAMILY CODE SECTION 6389 – WHICH PROHIBITS THE POSSESSION OF FIREARMS BY THE TARGET OF A DOMESTIC VIOLENCE RESTRAINING ORDER – IS CONSISTENT WITH THE SECOND AMENDMENT.

In our opening brief we showed that the statute at issue here (California Family Code § 6389(a)) has a virtually-identical federal counterpart (18 U.S.C. § 922(g)(8)), and that the federal counterpart has been upheld against Second Amendment challenges by seven federal district courts and the Fifth Circuit.  If the federal law that prohibits possession of firearms by the targets of domestic violence restraining orders is constitutional (and it is), then a state law that prohibits possession of firearms by the targets of domestic violence restraining orders – and which meets every requirement of the federal law – must also be constitutional.

Plaintiff does not dispute that the California domestic violence firearm prohibition meets all the requirements of the federal statute.  Federal law prohibits possession of a firearm by anyone who is the subject of a domestic violence restraining order, provided that the order (a) was entered after a noticed hearing and (b) either includes a finding that the target represents a credible threat to an intimate partner or explicitly prohibits the use of physical force against an intimate partner.  18 U.S.C. § 922(g)(8).

As demonstrated by plaintiff's complaint, California law is functionally identical. Family Code section 6340 permits the issuance of a restraining order after notice and a hearing.  Plaintiff received notice of his restraining order hearing.  (Restraining Order[1] at 1 ("the restrained person has been afforded reasonable notice and an opportunity to be heard[.]")  Plaintiff either attended the hearing or agreed in writing to the order.  (Restraining Order ¶ 18.)  Family Code section 6211(a) permits intimate partners to seek a protective order.  In this case the order was sought by plaintiff's wife.  (Complaint ¶ 26.) As authorized by Family Code section 6320, plaintiff's restraining order instructs him not to do the following to his wife: "Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under

---

[1] Plaintiff's restraining order is attached to the complaint as Exhibit A.

1  surveillance, or block movements." (Restraining Order ¶ 6(a).) The restraining order has

2  a life of three years and is subject to modification by stipulation or motion. (Restraining

3  Order ¶ 4; Family Code § 6345.)

4       Plaintiff concedes that both the state and federal statutes serve a compelling gov-

5  ernment interest, but argues that they are not narrowly tailored. (Opp. Br. at 10.) Howev-

6  er, as we explained in our opening brief, strict scrutiny does not apply here and the nar-

7  row-tailoring issue need not be addressed. (See Opening Brief at 9-10.) The Ninth Circuit

8  recently held that an Alameda County ordinance banning the possession of firearms on

9  county property does not offend the Second Amendment. *Nordyke v. King*, 563 F.3d 439

10  (9th Cir. 2009). The Ninth Circuit did not apply strict scrutiny in that case. Rather it

11  compared the challenged ordinance to the categories of gun regulations deemed "pre-

12  sumptively lawful" by the Supreme Court in its recent *Heller* decision, and upheld the or-

13  dinance because it fit comfortably within the permissible category of "laws forbidding the

14  carrying of firearms in sensitive places[.]" *Id.* at 459-460, quoting *District of Columbia v.*

15  *Heller*, 128 S.Ct. 2783, 2816-17 (2008). Similarly, the statutes at issue here are consistent

16  with the permissible category of "prohibitions on the possession of firearms by felons and

17  the mentally ill[.]" *See U.S. v. Luedtke*, 589 F.Supp.2d 1018, 1024-1025 (E.D. Wis. 2008)

18  (upholding parallel federal statute against Second Amendment challenge, explaining that

19  *Heller* examples of permissible regulations "are best understood as representing the *types*

20  of regulations that pass constitutional muster") (emphasis in original).

21       Even if strict scrutiny were applied here, California's ban on firearm possession by

22  the target of a domestic violence restraining order is narrowly drawn to meet that standard.

23  Eight cases that have held that the parallel federal statute survives strict scrutiny. (*See*

24  Opening Br. at 11.)

25       While plaintiff concedes that the California statute serves a compelling interest, the

26  Court should note that the interest underlying Family Code section 6389 is particularly

27  compelling. Firearms are widely available in this country and as a result we have much

28  historical evidence on how they are used. The sad fact is that "Firearms and domestic

3

1    strife are a potentially deadly combination nationwide." *U.S. v. Hayes*, 555 U.S. ___, 129

2    S.Ct. 1079, 1087 (2009).  As a Wisconsin appellate court recently observed:

> The pervasive problem of domestic violence should be well known to every circuit judge who has a criminal calendar.  "Intimate partner homicides account for between one-third to one-half of all female homicides.  Every year in the United States, between 1000 and 1600 women die at the hands of their male partners, often after a long and escalating pattern of battering." Brief for Brady Center to Prevent Gun Violence, et al. as Amici Curiae Supporting Petitioners, 10 (footnotes omitted), *United States v. Hayes, 555 U.S. ----, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009)*.  "Studies demonstrate that the involvement of a gun during an incident of domestic violence significantly increases the probability – making it twelve times more likely – that the encounter will result in a homicide." Brief for National Network to End Domestic Violence, et al. as Amici Curiae Supporting Petitioners, 5, *United States v. Hayes, 555 U.S. ----, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009)*.  Even if the victim is not killed, he or she is frequently injured if a gun is involved.  *Id.*

14    *Koll v. Department of Justice,* 2009 WL 838585, *4 (Wis. App. 2009) (concurring opinion

15    of Anderson, P.J.).

16        The Second Amendment does not require that we turn a blind eye to the world

17    around us.  The rights secured by the Second Amendment are not unlimited.  *Heller,* 129

18    S.Ct. at 2816.  The temporary firearm ban at issue in this case is "well tuned to the legiti-

19    mate concerns of avoiding serious physical injury to a partner or child" and is consistent

20    with the Second Amendment.  *U.S. v. Knight*, 574 F.Supp.2d 224, 226 (D. Maine 2008)

21    (construing 18 U.S.C. § 922(g)(8)).

22    / / /

23    / / /

24    / / /

1        Defendants' motion to dismiss pursuant to Rule 12(b)(6) should be granted.

2

3   Dated:  July 29, 2009                    Respectfully submitted,

4                                            EDMUND G. BROWN JR.
                                             Attorney General of California
5                                            JONATHAN K. RENNER
                                             Senior Assistant Attorney General
6                                            STEPHEN P. ACQUISTO
                                             Supervising Deputy Attorney General
7

8                                            /s/ *George Waters*

9                                            GEORGE WATERS
                                             Deputy Attorney General
10                                           *Attorneys for Defendants*
                                             *Judicial Council-Administrative Courts and*
11                                           *Executive Programs - Civil Legal Services*

12   SA2009310048
     10473834.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:        **Dwayne B. Burns v. Michael Mukasey, et al.**

No.: **2:09-CV-00497-MCE-CMK**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 29, 2009, I served the attached **Reply Brief in Support of Motion to Dismiss** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Dwayne B. Burns
P.O. Box 720157
Redding, CA  96099
Plaintiff in Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 29, 2009, at Sacramento, California.

Tammy J. Treichel                                        /s/ ***Tammy J. Treichel***
—————————————                    ————————————————
Declarant                                                          Signature

SA2009310048