**GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar No. 212139**
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001
(530) 245-1877
(530) 245-1879 (fax)

Attorneys for Defendants
TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE,
WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFAL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United State of America, et al.,<br><br>    Defendants.<br>_____/ | Case No.2:09-CV-00497-MCE-CMK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6**<br><br>**Date: September 10, 2009**<br>**Time: 2:00 pm**<br>**Courtroom: 7** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    Defendants Shasta County Sheriff TOM BOSENKO, the CITY OF REDDING, Redding Police Chief PETER HANSEN and Redding police officers KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS and REBECCA ZUFAL, hereby move the Court for an Order dismissing certain causes of action asserted against defendants for failure to state a claim upon which relief can be granted.

    Plaintiff Burns' has failed to state facts sufficient to state a claim for a violation of his Second Amendment rights. Plaintiff has failed to properly allege any facts sufficient to state a claim for a violation under California Civil Code Section 52.1, and has failed

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6           1**

to state a cause of action against defendants based on the Fifth Amendment of the United State Constitution or on Article I, section 19 of the California Constitution. Plaintiff's first, second, sixth and ninth causes of action are duplicative; his third, fourth and fifth causes of action are duplicative and his seventh and eighth causes of action are also duplicative.  Plaintiff Burns has also failed to allege any acts by defendant Shasta County Sheriff TOM BOSENKO which could support a cause of action against him and therefore he should be dismissed as a defendant.  Further, defendant KIMPLE is entitled to immunity for the claims made by Plaintiff Burns in his fourth and ninth causes of action and they should be dismissed.

    This motion will be based on this notice of motion, the accompanying memorandum of points and authorities, and the complete records and papers on file herein.

    Specifically, defendants move as follows:

    1.  Plaintiff's First Cause of Action should be dismissed, as plaintiff has failed to state facts sufficient to state a claim for a violation of his Second Amendment rights.

    2.  Plaintiff's Second Cause of Action should be dismissed, as it is duplicative of the First Cause of Action and plaintiff has failed to state facts sufficient to state a claim for a violation of his Second Amendment rights.

    3.  Plaintiff's Fourth Cause of Action should be dismissed, as it is duplicative of the third cause of action, and plaintiff has failed to state facts sufficient to state a claim for a violation of his Fifth Amendment rights.  Further, defendant KIMPLE is entitled to qualified immunity from this claim.

    4. Plaintiff's Fifth Cause of Action should be dismissed, as it

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6**    **2**

1  is duplicative of the third cause of action.

2     5. Plaintiff's Sixth Cause of Action should be dismissed, as it is duplicative of the First Cause of Action and plaintiff has failed to state facts sufficient to state a claim for a violation of his Second Amendment rights.

3     6. Plaintiff's Seventh Cause of Action should be dismissed, as it fails to state facts sufficient to state a claim for a violation under California Civil Code Section 52.1.

4     7. Plaintiff's Eighth Cause of Action should be dismissed, as it is duplicative of his Seventh Cause of Action, and fails to state facts sufficient to state a claim for a violation under California Civil Code Section 52.1.

5     8. Plaintiff's Ninth Cause of Action should be dismissed, as it is duplicative of the First Cause of Action and plaintiff has failed to state facts sufficient to state a claim for a violation of his Second Amendment rights. Further, defendant KIMPLE is entitled to qualified immunity from this claim.

6     9. Plaintiff's Tenth Cause of Action should be dismissed, as plaintiff has failed to state facts sufficient for a violation of his rights under Article I, section 19 of the California Constitution. Plaintiff has also failed to state facts sufficient to state a claim for a violation under California Civil Code Section 52.1. Further, defendant KIMPLE is entitled to qualified immunity from this claim.

7     10. That Shasta County Sheriff TOM BOSENKO be dismissed as a defendant as plaintiff's First Amended Complaint contains no allegations of acts by defendant BOSENKO which could support a cause of action against him.

8     This motion will be based on this notice of motion, the

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6**   3

accompanying memorandum of points and authorities, and the complete records and papers on file herein.

DATED: July 30, 2009.                    BRICKWOOD LAW OFFICE

/s/_____
RODNEY M. BLACO
Attorneys for Defendants
TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE,
WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFAL

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6       4**

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001. On this date, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS**

__/__  by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below. I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

_____  by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

_____  by personally delivering a true copy thereof to the person and at the address set forth below.

_____  BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed at Redding, California on July 30, 2009.

/s/
Cyndi L. Fitzgerald

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)6**     **5**