EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ZACKERY P. MORAZZINI, State Bar No. 204237
Supervising Deputy Attorney General
GEORGE WATERS, State Bar No. 88295
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-8050
 Fax: (916) 324-8835
 E-mail: George.Waters@doj.ca.gov
*Attorneys for Defendant
Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DWAYNE B. BURNS,**<br><br>               Plaintiff,<br><br>     v.<br><br>**MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,**<br><br>               Defendants. | 2:09-CV-00497-MCE-CMK<br><br>**SUPPLEMENTAL BRIEF OF CALIFORNIA ATTORNEY GENERAL ON ISSUES RAISED BY EN BANC REVIEW OF *NORDYKE V. KING*.**<br><br>Date:        October 29, 2009<br>Time:       10:00 a.m.<br>Courtroom: 304, 3rd Floor<br>Judge        The Hon. Craig M. Kellison<br>Trial Date   N/A<br>Action Filed: February 20, 2009 |

At the August 6, 2009 hearing on California Attorney General Edmund G. Brown's motion to dismiss, the Court requested further briefing on two issues:

- Whether, under any binding Ninth Circuit or United States Supreme Court authority, the Second Amendment applies to the states; and

- Whether, and under what authority, the Court should stay the action and/or hold consideration of pending motions to dismiss in abeyance

///

///

1

pending an en banc decision in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009).

Defendant Brown offers the following comments on these issues.

**I.   STATUS OF *NORDYKE* AND OTHER APPEALS CONCERNING WHETHER THE SECOND AMENDMENT APPLIES TO THE STATES.**

On April 20, 2009 a panel of the Ninth Circuit held that the Second Amendment does apply to the States. *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009). On July 29, 2009 the Ninth Circuit ordered that the case be reheard en banc and ordered that the panel decision not be cited as precedent in any court in the Ninth Circuit. The en banc oral argument is scheduled for September 24, 2009.

On January 28, 2009 the Second Circuit held that the Second Amendment does not apply to the States. *Maloney v. Cuomo*, 554 F.3d 56 (2nd Cir. 2009). A petition for certiorari was filed on June 26, 2009. 78 USLW 3015 (No. 08-1592).

On June 2, 2009 the Seventh Circuit held that the Second Amendment does not apply to the States. *National Rifle Ass'n of America, Inc. v. City of Chicago*, 567 F.3d 856 (7th Cir. 2009). A petition for writ of certiorari was filed on June 3, 2009. 77 USLW 3679 (No. 08-1497).

**II.   THE SECOND AMENDMENT DOES NOT APPLY TO THE STATES.**

On two occasions the United States Supreme Court has held that the Second Amendment does not apply to the States. *See United States v. Cruikshank*, 92 U.S. 542, 553 (1876) (Second Amendment "has no other effect than to restrict the powers of the National Government"); *Presser v. Illinois*, 116 U.S. 252, 264-65 (1886) (Second Amendment "is a limitation only upon the power of Congress and the National government, and not upon that of the States").

The Ninth Circuit agrees. In *Fresno Rifle and Pistol Club, Inc. v. Van De Kamp*, 965 F.2d 723 (9th Cir. 1992) several clubs which sponsor shooting competitions, individuals who own or wish to purchase firearms to use in the federal Civilian Marksmanship Program, and gun manufacturers sought to enjoin the Roberti-Roos Assault Weapons

2

Control Act of 1989 (Cal. Penal Code §§ 12275-12290) on the ground that it violated the Second Amendment. They argued that neither *Cruikshank* nor *Presser* was precedent on the question whether the Second Amendment applied to the States because neither discussed the Fourteenth Amendment. *Id*. at 729-730. The Ninth Circuit affirmed a district court order dismissing the action for failure to state a claim, stating:

> Until such time as *Cruikshank* and *Presser* are overturned, the Second Amendment limits only federal action, and we affirm the district court's decision "that the Second Amendment stays the hand of the National Government only."

*Id*. at 731.

Plaintiff Burns argues that these authorities do not control because they do not conduct the "selective incorporation analysis." Plaintiff misapprehends the role of district courts. The Supreme Court and the Ninth Circuit have held unambiguously that the Second Amendment does not apply to the States. Until one of those courts comes to a contrary conclusion, this district court and all other district courts are bound by that holding. *Rodriguez de Quijas v. Shearson/American Exp., Inc*., (U.S. 1989) 490 U.S. 477, 484 ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

### III. THE COURT'S AUTHORITY TO STAY THIS ACTION.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (U.S. 1936). Where it is efficient for its own docket and the fairest course for the parties, a court may stay an action before it pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979). The Court's discretion in this area is not unlimited. A stay should not issue where there is a fair possibility that it will work damage to a party. *Landis, supra*, 299

3

U.S. at 255. Further, a stay may issue only where it appears likely that a related proceeding will be concluded within a reasonable amount of time. *Leyva, supra*, 593 F.2d at 864.

### IV.  RECOMMENDATIONS ON HOW THIS CASE SHOULD PROCEED

Should the Court conclude that it is necessary to reach the issue whether the Second Amendment is applicable to the States, defendant does not object to a stay pending release of the *Nordyke* en banc opinion. While the present status of the law is clear – the Second Amendment does not apply to the States – we acknowledge the obvious: Second Amendment jurisprudence has changed greatly in the last two years, the Ninth Circuit is considering this precise issue en banc, and there is at least a possibility that the law on incorporation will change. Any resources invested by this Court and the parties in resolving the issue will be wasted. A decision by this Court on the applicability of the Second Amendment will have no effect on the ultimate resolution of that issue in the Ninth Circuit or in the Supreme Court.

Having said that, defendant's motion to dismiss was filed before the en banc order in *Nordyke* and thus was filed under the assumption that the Second Amendment *does* apply to the States. The motion can be resolved without resolving the incorporation issue. The Court can and should grant defendant's motion to dismiss on the grounds set forth in that motion.

Dated:  September 11, 2009                         Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General


/s/  *George Waters*
GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendant
Edmund G. Brown Jr.*

SA2009310048
10488147.doc

4

Supplemental Brief of California Attorney General on Issues Raised by
En Banc Review of Nordyke V. King. (2:09-CV-00497-MCE-CMK)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Dwayne B. Burns v. Michael Mukasey, et al.*

No.:   **2:09-CV-00497-MCE-CMK**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 11, 2009, I served the attached **Supplemental Brief of California Attorney General on Issues Raised by En Banc Review of** *Nordyke V. King* by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Dwayne B. Burns
P.O. Box 720157
Redding, CA  96099
Plaintiff in Pro Per
Phone:  (530) 440-0682

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 11, 2009, at Sacramento, California.

|  Rowena Aquino  |  /s/ Rowena Aquino  |
| :---: | :---: |
| Declarant | Signature |