1  **GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar. No. 212139**
2  BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
3  Redding, CA 96001
(530) 245-1877
4  (530) 245-1879 (fax)

5  Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6  and REBECCA ZUFALL

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DWAYNE B. BURNS,                    Case No. 2:09-CV-00497-MCE-CMK

11          Plaintiff,
                                   **REPLY TO PLAINTIFF'S OPPOSITION**
12  vs.                                **TO DEFENDANTS' MOTION TO**
                                   **DISMISS PURSUANT TO FRCP 12(b)6**
13  MICHAEL MUKASEY, in his official
capacity as Attorney General of the DATE: October 29, 2009
14  United State of America, et al.,  TIME: 10:00 a.m.
                                   LOCATION: 2986 Bechelli Lane,
15          Defendants.                       Redding, California
    _____/
16

17  **1. Introduction**

18      Plaintiff DWAYNE BURNS' Opposition provides no foundation for the

19  denial of the defendants' Motion to Dismiss.  BURNS attempts to allege

20  new facts in his opposition which are not contained in his First

21  Amended Complaint and fails to address the arguments raised by the

22  defendants in their Motion to Dismiss.

23  **2. The Court need not stay the action pending the Ninth Circuits**

24  **decision to rehear the Nordyke matter en banc.**

25      As pointed out by BURNS on July 29, 2009 the Ninth Circuit

26  ordered that Nordyke v King, 563 F.3d 439 (9th Cir.2009) be reheard

27  en banc and that the panel decision not be cited as precedent in any

28  court in the Ninth Circuit.  On September 24, 2009, the Ninth Circuit

---

1  then vacated the submission pending the Supreme Court's disposition
2  of <u>Maloney v. Rice</u> No. 08-1592, <u>McDonald v. City of Chicago</u>, No. 08-
3  1521, and <u>National Rifle Ass'n of Am., Inc. v. City of Chicago</u>, No.
4  08-1497.

5  BURNS has asked this Court to stay the ruling on this Motion to
6  Dismiss until the Ninth Circuit has ruled on <u>Nordyke</u>.  Defendants
7  respectfully disagree that such a stay is necessary.  Defendants urge
8  that the Court should address defendants' Motion to Dismiss as it
9  relates to those issues clearly independent of the outcome of the
10  <u>Nordyke</u> decision before making the determination on whether the
11  remaining causes of action should be stayed.

12  Defendants believe that the Court may reach a decision on the
13  Second Amendment issues without addressing the incorporation issue.
14  If the Court decides not to stay these causes of action, then the
15  Court should grant defendants motion on the grounds set forth in their
16  Motion to Dismiss and discussed below.  If the Court determines that
17  it will stay the issues relating to whether the Second Amendment is
18  applicable to the States, the defendants do not object to the stay by
19  the Court but would urge the Court to dismiss the duplicative causes
20  of action, the causes of action which fail as a matter of law, the
21  causes of action against the individual defendants HANSEN, KIMPLE and
22  BOSENKO and those causes of action which BURNS' First Amended
23  Complaint fails to factually support.

24  **A.   The first and second causes of action should be dismissed**
25  **as BURNS is prohibited from owning or possessing firearms**
26  **under Federal law regardless of whether the Second**
27  **Amendment applies to the State.**

28  As defendants' motion discussed the California Domestic Violence

1 Protection Act allows a Court to issue a protective order for up to
2 a period of five years and such an order must include a restriction
3 that the target not own or possess a firearm while the protective
4 order is in effect.  The California restriction is mirrored by Federal
5 law, 18 U.S.C. Section 922(g)(8), which prohibits the possession of
6 a firearm by anyone subject to a domestic violence restraining order,
7 provided that the order was entered after a noticed hearing and
8 explicitly prohibited the use of physical force against an intimate
9 partner. 18 U.S.C. Section 922(g)(8).

10 As discussed in defendants' motion 18 U.S.C. Section 922(g)(8)
11 has been upheld against Second Amendment challenges by seven federal
12 district courts.  Further, the Fifth Circuit upheld the validity of
13 the federal protective order statute (18 U.S.C. Section 922(g)(8))
14 against a Second Amendment challenge, stating

15 "Although, as we have held, the Second Amendment *does*
protect individual rights, that does not mean that those
16 rights may never be made subject to any limited, narrowly
tailored specific exceptions or restrictions for particular
17 cases that are reasonable and not inconsistent with the
right of Americans generally to individually keep and bear
18 their private arms as historically understood in this
country." U.S. v. Emerson, 270 F.3d 203, 261 (5th Cir.
19 2001).

20 Relying on D.C. v. Heller, 554 U.S. ___, 128 S.Ct. 2783 (2008)
21 BURNS argues that the ban on a person subject to a protective order
22 from owning or possessing a firearm in his own home is too broad and
23 not narrowly constructed.  But nothing in Heller suggests that
24 Congress cannot - based on experience and study - close loopholes to
25 address where exceptions to the second amendment may arise.

26 As discussed in defendants' motion, strict scrutiny does not
27 apply and even if it was applied here the federal statute is narrowly
28 drawn to meet that standard and eight cases have held that the statute

---

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**   3

survives strict scrutiny.  The temporary firearm ban for the target of a domestic violence restraining order is "well tuned to the legitimate concerns of avoiding serious physical injury to a partner or child" and is consistent with the Second Amendment. <u>U.S. v. Knight</u>, 574 F.Supp2d 224, 226 (D. Maine 2008) (construing 18 U.S.C. Section 922(g)(8)).

BURNS concedes that the state and federal statutes serve a compelling government interest, but argues that such a restriction would be more reasonable if it were tailored to apply to possessing guns outside of the home.  (Plaintiff's Opposition pages 2-3).  BURNS offers no foundation for this argument.  The federal statute, known as the "Lautenberg Amendment," was adopted in 1996. <u>U.S. v. Carr</u>, 513 F.3d 1164, 1168 (9th Cir.2008).  At that time, congressional hearings showed that "nearly 65 percent of all murder victims known to have been killed by intimates were shot to death[.]" 142 Cong.Rec. S10379 (statement of Sen. Murray), quoted in <u>U.S. v. Luedtke</u>, 589 F.Supp.2d 1018, 1022 (E.D. Wis. 2008).  The Lautenberg Amendment was aimed at closing a loophole that contributed to a reported 150,000 instances of **household** violence involving firearms each year. <u>Id.</u> (Emphasis added).  Defendants contend that a more reasonable conclusion would be that a significant amount of domestic violence takes place in the home and thus the home is exactly the area where the federal ban on firearm possession by the target of a domestic violence restraining order would be the most effective.

BURNS' first and second causes of action challenging the constitutionality of the ban on firearm possession by the targets of domestic violence restraining orders should be dismissed because regardless of how the Ninth Circuit resolves the incorporation issue

1  BURNS is prohibited from possessing a firearm under established
2  Federal law.

3        **B.**  **Regardless of the Court's determination on whether to stay**
4        **its' ruling on the first and second causes of action, the**
5        **motion to dismiss pertaining to the causes of action**
6        **independent of the incorporation issue should be granted.**

7      The Court should dismiss BURNS' duplicative causes of action, the
8  causes of action which fail as a matter of law, the causes of action
9  against the individual defendants HANSEN, KIMPLE and BOSENKO, and the
10  causes of action which BURNS failed to factually support in his First
11  Amended Complaint.

12        **C.**  **BURNS' claims against defendants HANSEN and KIMPLE for**
13        **enforcing the laws prohibiting BURNS' possession of a**
14        **firearm as a target of a domestic violence restraining**
15        **order should be dismissed.**

16      As discussed previously, regardless of the validity of the
17  California statute restricting BURNS' possession of a firearm he is
18  prohibited from owning or possessing a firearm pursuant to 18 U.S.C.
19  Section 922(g)(8).

20      Therefore the sixth and ninth causes of action which are based
21  upon the contention that the defendants were enforcing
22  unconstitutional laws should be dismissed.

23            **i.**  **Defendant KIMPLE is entitled to qualified**
24            **immunity and therefore the ninth and tenth**
25            **causes of action should be dismissed.**

26      Defendant KIMPLE's refusal to return BURNS' firearm is reasonable
27  given the fact that BURNS is subject to a valid domestic violence
28  restraining order which requires the prohibition of his possession of

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**  **5**

1   a firearm as provided by both state and federal law.  Therefore, the

2   ninth and tenth causes of action should be dismissed.

3             **ii.  The fourth cause of action should be dismissed because**

4                  **the Fifth Amendment does not apply to search and**

5                  **seizure without compensation.**

6      The Taking Clause of the Fifth Amendment does not apply to search

7   and seizure without compensation.  BURNS' personal property, here his

8   firearm, was not confiscated by defendants for a public purpose and

9   his Takings claim fails as a matter of law. See <u>Kelo v. City of New</u>

10   <u>London, Connecticut</u>, 545 U.S. 469, 477-80 (2005).

11      Therefore, as the Fifth Amendment does not apply in this matter

12   BURNS' fourth cause of action should be dismissed.

13      **D.   The seventh, eighth and tenth causes of action should be**

14           **dismissed as BURNS has failed to state a valid claim for**

15           **relief against defendants for violations of California Civil**

16           **Code Section 52.1**

17      BURNS' seventh, eight and tenth causes of action are based on

18   claims that he was deprived of rights and seeks protection under

19   California Civil Code Section 52.1.  In his First Amended Complaint

20   BURNS fails to identify what injuries he allegedly sustained and does

21   not allege the facts necessary to support these causes of action as

22   he does not allege that threats, intimidation or coercion were

23   involved with any alleged interference with his rights.

24      To prevail on a claim under California Civil Code Section 52.1,

25   BURNS must show that defendants interfered or attempted to interfere

26   by threats, intimidation, or coercion with his statutory or

27   constitutional rights.  Section 52.1 does not provide any substantive

28   protections; instead it enables individuals to sue for violations of

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**  **6**

constitutional or statutory rights set forth elsewhere when those violations have occurred by threats, intimidation or coercion. <u>Cal.Civ.Code</u>, Section 52.1, subd.(j); <u>Reynolds v. County of San Diego</u>, (9th Cir. 1996) 84 F.3d 1162, 1170.

BURNS' First Amended Complaint contains no allegations that the actions of defendants prevented him from doing something he had the legal right to do (BURNS was legally restricted from owning or possessing a firearm under Federal law) and does not contain allegations that defendants acted with threats, violence or intimidation that actually caused a loss of a Constitutional or statutory right.   In his Opposition, BURNS alleges new facts supporting these causes of action which are not contained in his First Amended Complaint and therefore are irrelevant for purposes of defendants' Motion to Dismiss as the Court may not take into account additional facts asserted in a memorandum opposing the Motion to Dismiss, because such a memoranda does not constitute a pleading. <u>Schneider v. California Dept. of Corrections</u>, 151 F.3d 1194, 1197 (9th Cir. 1998).

As BURNS has failed to state a claim under California Civil Code section 52.1, and therefore the seventh, eighth and tenth causes of action should be dismissed.

**E.    The tenth cause of action should be dismissed because Article I, Section 19 of the California Constitution does not apply to search and seizure.**

BURNS' tenth cause of action alleges that defendant KIMPLE seized BURNS' firearm without compensation in violation of Article I, Section 19 of the California Constitution. (BURNS' First Amended Complaint, paragraph 68).   Article I, Section 19 does not apply to search and

seizure without compensation but instead relates to government acts of eminent domain and limits the government's ability to take or damage private property for public use.

BURNS' personal property, here his firearm, was not confiscated by defendants through eminent domain or for a public purpose, instead BURNS alleges that the firearm was seized during a search subsequent to his arrest for spousal battery in May 2007.  (BURNS' First Amended Complaint, paragraphs 24 and 25).

BURNS' tenth cause of action fails as a matter of law because no facts have been alleged to support the allegation that defendant KIMPLE violated Article I, section 19 of the California Constitution. Therefore, the tenth cause of action should be dismissed.

**F. Plaintiff's duplicative causes of action should be stricken.**

The First Amended Complaint contains a number of duplicative causes of action.  In his opposition BURNS fails to adequately address how the identified causes of action are not duplicative.  The duplicative causes of action should be weeded out and consolidated so that they can be succinctly addressed going forward.

The second, sixth and ninth causes of action repeat the claims alleged in the first cause of action that defendants enforced laws which violated BURNS' rights under the Second Amendment by seizing and refusing to return his firearm.

The fourth and fifth causes of action attempt to repeat claims BURNS alleges in his third cause of action that he was subjected to an unreasonable search and seizure under the Fourth Amendment.

The eighth cause of action repeats the claims alleged in the seventh cause of action that defendants violated BURNS' rights under the California Constitution and in violation of California Civil Code

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS   8**

1   Section 52.1.

2       Consequently, the second, sixth and ninth causes of action should
3   be dismissed as they are duplicative of the first; the fourth and
4   fifth causes of action should be dismissed as they are duplicative of
5   the third; and, the eighth cause of action should be dismissed as it
6   is duplicative of the seventh.

7       **G.   Shasta County Sheriff TOM BOSENKO should be dismissed as a**
8            **defendant.**

9       Defendant BOSENKO is only identified as a party in the First
10  Amended Complaint, and the Complaint contains no allegations of acts
11  by this defendant.  BOSENKO is only included in the first and second
12  causes of action as they are alleged 'against all defendants'.

13      In his Opposition, BURNS alleges new facts regarding defendant
14  BOSENKO and the Shasta County Sheriff's Department which are not
15  contained in his First Amended Complaint and therefore are irrelevant
16  for purposes of defendants' Motion to Dismiss as the Court may not
17  take into account additional facts asserted in a memorandum opposing
18  the motion to dismiss.  <u>Schneider</u>, 151 F.3d at 1197.

19      The First Amended Complaint contains no allegations that BOSENKO
20  was involved in the seizure of BURNS' firearm or in the refusal to
21  return a firearm belonging to BURNS.  As the First Amendment Complaint
22  fails to allege any facts which would support a cause of action
23  against BOSENKO, all of the causes of action against BOSENKO should
24  be dismissed.

25  **3.   Conclusion**

26      Based on the foregoing, it is respectfully submitted that BURNS'
27  first, second, fourth, fifth, sixth, seventh, eighth, ninth and tenth
28  causes of action fail to state any cause of action against defendants

---

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS    9**

1  or are duplicative of one another, and defendants' request that their

2  motion to dismiss each of these causes of action be granted.

3  DATED: October 22, 2009.                    BRICKWOOD LAW OFFICE

4

5                                              /s/ RODNEY M. BLACO

6                                              RODNEY M. BLACO
                                               Attorney for Defendants,
                                               TOM BOSENKO, CITY OF REDDING,
7                                              PETER HANSEN, KEVIN KIMPLE,
                                               WILLIAM FORREST, WILL WILLIAMS
8                                              and REBECCA ZUFALL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS  **10**

1

**PROOF OF SERVICE**

2      I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am employed in Shasta County,
3  California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001.  On this
4  date, I served the following document(s): **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)6**

5

6  ___✓___  by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office
7          at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set
8          forth below.  I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United
9          States Postal Service.  It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for
        mailing.
10

11  _____  by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or
12          package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

13  _____  by personally delivering a true copy thereof to the person and at the address set forth below.
14

15  _____  BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s).  I verified transmission and,
16          thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

17  Dwayne B. Burns
    P.O. Box 720157
18  Redding, CA 96099

19      I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed at
20  Redding, California on October 22, 2009.

21

22                                   _/s/ Deena Swafford_____
                                     Deena Swafford
23

24

25

26

27

28

---