EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ZACKERY P. MORAZZINI, State Bar No. 204237
Supervising Deputy Attorney General
GEORGE WATERS, State Bar No. 88295
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-8050
 Fax: (916) 324-8835
 E-mail: George.Waters@doj.ca.gov
*Attorneys for Defendant
Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DWAYNE B. BURNS,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,**<br><br>                              Defendants. | 2:09-CV-00497-MCE-CMK<br><br>**STATUS REPORT OF DEFENDANT EDMUND G. BROWN JR.**<br><br>Date:             October 29, 2009<br>Time:            10:00 a.m.<br>Courtroom:   304<br>Judge:           The Honorable Craig M. Kellison<br>Trial Date:    N/A<br>Action Filed: February 20, 2009 |

Defendant Edmund G. Brown Jr. submits the following status report.

**A.   SERVICE OF PROCESS**

The *State Defendants* (Edmund G. Brown Jr. and the Shasta County Superior Court) and the *Local Defendants* (Shasta County Sheriff Tom Bosenko, the City of Redding, Redding Police Chief Peter Hansen, and four Redding police officers) have appeared. The Shasta County Superior Court was later dismissed. (Dkt. # 21, 7/27/09.)

Apparently, the *Federal Defendants* (former U.S. Attorney General Michael Mukasey, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives

1

Michael Sullivan, and FBI Director Robert S. Mueller III) have not been served.  In any event they have not appeared.

### B. POSSIBLE JOINDER OF ADDITIONAL PARTIES

We do not anticipate joinder of additional parties.

### C. AMENDMENT OF PLEADINGS

We do not anticipate amendment of pleadings.

### D. JURISDICTION AND VENUE

Plaintiff pleads jurisdiction under 28 U.S.C. §§ 1331, 1343, 1361, 1367(a), 42 U.S.C. § 1983, F.R.Civ.P. Rule 18(a), and 28 U.S.C. § 2201.  Plaintiff pleads venue under 28 U.S.C. § 1391(b).  Jurisdiction and venue are not contested.

### E. ANTICIPATED MOTIONS AND SCHEDULING THEREOF

A hearing on motions to dismiss is scheduled for October 29, 2009.  Depending on the ruling on these motions, future motions to dismiss or for summary judgment may be scheduled as appropriate.

### F. PROPOSED DISCOVERY PLAN

Defendant anticipates that one of two things will happen at the October 29, 2009 hearing: (a) defendant's motion to dismiss will be granted or (b) the case will be stayed pending resolution of *Nordyke v. King*, which presents the issue of whether the Second Amendment applies to the States.  In either case, no discovery should be done in the immediate future.  If this action is stayed, defendant recommends that the court order that further status reports be filed within ten days of the stay being lifted, and that discovery – if necessary – be addressed in those reports.

### G. POTENTIAL FOR SETTLEMENT

As to this defendant, plaintiff's sole claim is a constitutional challenge to state laws that prohibit the target of a Domestic Violence Restraining Order from possessing a firearm.  It is hard to imagine how this claim could be settled, and for that reason referral to the court's Voluntary Dispute Resolution Program is not appropriate here.

///

### H. FUTURE PROCEEDINGS

As set out in our supplemental brief [Dkt. # 32, 9/11/09], defendant's motion to dismiss can be decided without resolving the Second Amendment incorporation issue, and defendant urges the Court to do so. If proceedings are stayed pending the Ninth Circuit's en banc decision in *Nordyke v. King*, defendant recommends that the parties be ordered to file further status reports within ten days of the release of that decision.

### I. MODIFICATION OF STANDARD PRETRIAL PROCEDURES

No modification is necessary.

### J. RELATED CASES

On April 20, 2009 a panel of the Ninth Circuit held that the Second Amendment applies to the States. *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009). On July 29, 2009 the Ninth Circuit ordered that the case be reheard en banc and ordered that the panel decision not be cited as precedent in any court in the Ninth Circuit. *Nordyke v. King*, 575 F.3d 890 (9th Cir. 2009). The case was argued on September 24, 2009. On the same day, the Ninth Circuit entered an order vacating submission of the *Nordyke* matter "pending the Supreme Court's disposition of *Maloney v. Rice*, No. 08-1592, *McDonald v. City of Chicago*, No. 08-1521, and *National Rifle Ass'n of Am., Inc. v. City of Chicago*, No. 08-1497." On September 30, 2009 the United States Supreme Court granted certiorari in *McDonald v. City of Chicago.* (2009 WL 1631802.)

The upshot of all this is that *McDonald*, which directly poses the Second Amendment incorporation issue, almost certainly will be decided by the Supreme Court before the end of the 2009-10 term. Resolution of *Nordyke*, which poses the same issue, should come shortly thereafter.

### K. STIPULATION TO ASSIGNMENT OF MAGISTRATE JUDGE AS SETTLEMENT JUDGE

Defendant will stipulate to the magistrate judge assigned to this matter acting as settlement judge.

///

**L.     OTHER MATTERS**

None.

Dated: October 22, 2009                                    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General

/s/ *George Waters*

GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendant*
*Edmund G. Brown*

SA2009310048
10502120.doc

4