Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Phone: (530) 440-0682

Plaintiff, *In Pro. Per.*

FILED
OCT 27 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS, | Case No.: 2:09-CV-0497 MCE CMK |
| Plaintiff, | **STATUS REPORT OF PLAINTIFF DWAYNE B. BURNS** |
| v. | Date: October 29, 2009 |
| MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, *et al.*, | Time: 10:00 a.m.<br>Courtroom: 304<br>Location: Redding Branch<br>Judge: Hon. Craig M. Kellison |
| Defendants. | Trial Date: N/A<br>Action Filed: February 20, 2009 |

Plaintiff Dwayne B. Burns submits the following Status Report.

**A. SERVICE OF PROCESS**

The *State Defendants* (Edmund G. Brown Jr. and the Shasta County Superior Court) and the *Local Defendants* (Shasta County Sheriff Tom Bosenko, the City of Redding, Redding Police Chief Peter Hansen, and four Redding police officers) have appeared. The Shasta County Superior Court was later dismissed. (Dkt. # 21, 7/27/09.)

The *Federal Defendants* (former U.S. Attorney General Michael Mukasey, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Michael Sullivan,

1 and FBI Director Robert S. Mueller III) have not been served in a manner which will
2 allow Plaintiff to move for a default against them at this time. In discussions with staff of
3 the United States Department of Justice, the Federal Government admits receiving copies
4 of the Summons and Complaint in this case as of May of this year; however, it appears
5 that Plaintiff will have to serve the *Federal Defendants* in an alternative manner which
6 will allow Plaintiff to move for a default before they will appear. As of the date of the
7 next hearing currently set in this case, the *Federal Defendants* should be properly served
8 so that Plaintiff may move for a default should they continue to refuse to appear.

### B. POSSIBLE JOINDER OF ADDITIONAL PARTIES

10 Plaintiff anticipates possibly filing a Second Amended Complaint joining the current
11 Attorney General of the United States of America, Eric Holder, as well as the Chief of the
12 California Department of Justice Bureau of Firearms, Wilfredo Cid. Further additional parties
13 who are unknown members of the Redding Police Department may be added once their identity
14 becomes known during the course of discovery.

### C. EXPECTED AMENDMENTS TO THE PLEADINGS

16 Plaintiff anticipates filing a Second Amended Complaint. Plaintiff may allege additional
17 violations of other amendments of the Federal and State Constitutions by members of the
18 Redding Police Department, as well as joining the parties mentioned *supra*.

### D. JURISDICTION AND VENUE

20 Jurisdiction in this case is proper under 28 U.S.C. §§ 1331, 1343, 1361, 1367(a),
21 42 U.S.C. § 1983, F.R.Civ.P. Rule 18(a), and 28 U.S.C. § 2201. Venue is properly pled
22 under 28 U.S.C. § 1391(b). Jurisdiction and Venue is proper in the Eastern District, and
23 Plaintiff does not expect any objections thereto.

### E. ANTICIPATED MOTIONS AND SCHEDULING

25 A hearing on motions to dismiss is scheduled for October 29, 2009. Depending on
26 the ruling on these motions, future motions to dismiss or for summary judgment may be

1  scheduled as appropriate. Plaintiff anticipates the need for a Motion to Compel Discovery as
2  the *Local Defendants* will likely object to the discovery of documents and reports which may be
3  privileged under California law, but are not privileged under federal law. The scheduling of any
4  such motions will be addressed if the need arises.

5  **F. PROPOSED DISCOVERY PLAN**

6  Plaintiff requests that the defendants be required to comply with FRCP 26(a)(1). The
7  Plaintiff is appearing *in pro per*; however, the Plaintiff is not in custody. Plaintiff has dealt with
8  counsel for the *Local Defendants* in the past and he refused to submit any initial disclosures at
9  that time, stating that the initial disclosures required under FRCP 26(a)(1) are not required in the
10 Eastern District.

11 Plaintiff requests that the conference be conducted on or before December 4, 2009, and
12 that the initial disclosures be submitted on that date. Plaintiff also requests that the defendants be
13 ordered to meet and confer with the Plaintiff and to participate in the development of a joint
14 proposed discovery plan, and that the requirements of FRCP 26(f) be complied with as instructed
15 by the Court.

16 **G. POTENTIAL FOR SETTLEMENT, RECOMMENDATIONS, TIMING**

17 Local Rule 16-271(a)(2)(ii) states that the Rule, which pertains to the submission of the
18 case to the Voluntary Dispute Resolution Program (VDRP), does not presumptively apply to
19 actions in which one of the parties is appearing *pro se*. Accordingly, the submission of the
20 instant case to the VDRP is not appropriate.

21 Plaintiff is willing to discuss settlement with the defendants; however, in Plaintiff's
22 dealings with the *Local Defendants* they have shown no desire to enter into settlement
23 negotiations in good faith. The prospect of any meaningful settlement discussions with the *Local*
24 *Defendants* appear bleak.

25 Plaintiff's sole claim against the *State Defendants* is a constitutional challenge to
26 state laws that prohibit the target of a Domestic Violence Restraining Order from

possessing a firearm. As such, the nature of Plaintiff's claims make settlement with the *State Defendants* not likely unless the unlawful nature of their actions are declared in a decision of the Ninth Circuit or the Supreme Court.

## H. FUTURE PROCEEDINGS

Plaintiff requests that the trial be scheduled at the convenience of the Court in February of 2011. Plaintiff requests a Pretrial Conference in October of 2010, at the convenience of the Court.

Plaintiff requests discovery cutoff of September 30, 2010, and simultaneous expert disclosure by August 1, 2010, and any necessary supplemental disclosure by August 15, 2010. Plaintiff further requests that law and motion cutoff be heard on or before November 30, 2010.

## I. MODIFICATION OF STANDARD PRETRIAL PROCEDURES

Plaintiff does not request any modification of known standard pretrial procedures.

## J. RELATED CASES

On April 20, 2009 a panel of the Ninth Circuit held that the Second Amendment applies to the States. *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009). On July 29, 2009 the Ninth Circuit ordered that the case be reheard en banc and ordered that the panel decision not be cited as precedent in any court in the Ninth Circuit. *Nordyke v. King*, 575 F.3d 890 (9th Cir. 2009). The case was argued on September 24, 2009. On the same day, the Ninth Circuit entered an order vacating submission of the *Nordyke* matter "pending the Supreme Court's disposition of *Maloney v. Rice*, No. 08-1592, *McDonald v. City of Chicago*, No. 08-1521, and *National Rifle Ass'n of Am., Inc. v. City of Chicago*, No. 08-1497." On September 30, 2009, the United States Supreme Court granted certiorari in *McDonald v. City of Chicago*. (2009 WL 1631802.)

The significance of this to the instant case is that *McDonald*, which directly addresses the Second Amendment incorporation issue, will be decided by the Supreme Court before the end of the 2009-10 term. Resolution of *Nordyke*, which poses the same

issue, should come shortly thereafter.

**K.  SETTLEMENT JUDGE, STIPULATION**

Plaintiff does not agree to the Magistrate Judge acting as Settlement Conference Judge. Plaintiff waives any disqualification of the trial judge acting as Settlement Conference Judge.

**L.  OTHER MATTERS**

None.

DATED this 23rd day of October, 2009.        Respectfully submitted,

*[signature]*
Dwayne B. Burns, Plaintiff *In Pro Per*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2009, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorneys of record named below, in compliance with FED. R. CIV. P. 5.

EDMUND G. BROWN, JR.
Attorney General of California
JONATHAN K. RENNER
Senior Assistant Attorney General
GEORGE WATERS
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, California 94244-2550

BRICKWOOD LAW OFFICE
Gary C. Brickwood, and
Rodney M. Blaco
Historic Pine Street School
1135 Pine Street, Suite 210

Redding, CA 96001-0750
ATTORNEYS FOR LOCAL DEFENDANTS

/s/ Dwayne B. Burns
Dwayne B. Burns, *In Pro Per*