IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | No. CIV S-09-0497-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL MUKASEY, et al., | |
| Defendants. | |
| _____/ | |

    This is a civil pro se action against Michael Mukasey, Michael Sullivan, Robert S. Mueller ("Federal Defendants"), Edmund G. Brown ("State Defendant"), City of Redding, Peter Hansen, Kevin Kimple, William Forrest, Will Williams, Rebecca Zufall, and Tom Bosenko ("Local Defendants").[1] Currently pending before the court are separate motions to dismiss filed by the State Defendant (Doc. 13) and the Local Defendants (Docs. 23 and 26).[2]

/ / /

/ / /

---

  [1] The complaint also names the Shasta County Superior Court as a defendant. Plaintiff voluntarily dismissed this defendant by way of stipulation filed on July 23, 2009.

  [2] The docket does not reflect that the Federal Defendants have been served.

1

The State Defendant's motion was initially heard on August 6, 2009, at 10:00 a.m. in Redding, California.  Following oral argument, the parties were permitted to submit supplemental briefing addressing the impact of the Ninth Circuit Court of Appeals' order accepting rehearing en banc in Nordyke v. King, 563 F.3d 439 (2009).  Following submission of supplemental briefing on the State Defendant's motion, and completion of briefing on the Local Defendants' motion, the matter was reheard on October 29, 2009, at 10:00 a.m. in Redding, California.  Plaintiff appeared pro se.  George Waters, Esq., appeared on behalf of the State Defendant.  Rodney Blaco, Esq., appeared on behalf of the Local Defendants.

## I. BACKGROUND

This action proceeds on plaintiff's amended complaint (Doc. 3), filed on February 24, 2009.  Plaintiff alleges the following facts:

1. On May 21, 2007, plaintiff was arrested by defendant Kimple, an officer with the Redding Police Department, on suspicion of spousal abuse;

2. Following plaintiff's arrest, officers of the Redding Police Department conducted separate illegal searches of plaintiff's two dwellings;

3. Plaintiff did not consent to the searches;

4. During the course of the searches, police officers located and seized a vintage firearm;

5. On September 11, 2007, Shasta Superior Court judge Molly Bigelow entered a restraining order against plaintiff;

6. The spousal abuse charge was dismissed in the summer of 2008;

7. In the fall of 2008, plaintiff attempted to retrieve his firearm from the Redding Police Department, but was informed that, under a state law prohibiting individuals against whom restraining orders are issued, the firearm would not be returned to him due to the September 11, 2007, restraining order; and

8. The Redding Police Department will not return the firearm unless plaintiff first obtains a "clearance" from the Department of Justice, but he cannot obtain the "clearance" due to the outstanding restraining order.

///

Plaintiff sets forth ten claims for relief.  In the first and second claims, plaintiff alleges violation of his civil rights under 42 U.S.C. § 1983 based on infringement of his Second Amendment right to keep and bear arms and seeks injunctive and declaratory relief.  In the third and fifth claims, plaintiff asserts that Redding Police Officers Kimple, Forrest, Williams, and Zufall violated his civil rights under § 1983 by illegally searching his residences and seizing property in violation of the Fourth Amendment.  In the fourth claim, plaintiff alleges that defendant Kimple deprived him of the use of illegally seized property without just compensation, in violation of the Takings Cause of the Fifth Amendment.  In the sixth claim, plaintiff seeks replevin based on his allegation that defendant Peter Hansen, the Chief of Police of the Redding Police Department, is improperly maintaining possession of the seized property.  In his seventh and eighth claims, plaintiff asserts that the illegal search and seizure by defendants Kimple, Forrest, Williams, and Zufall violated provisions of the California constitution.  In the ninth and tenth claims, plaintiff seeks statutory damages under state law based on his allegation that defendant Kimple deprived him of the use of illegally seized property without compensation.

## II. DISCUSSION

In his motion to dismiss and supplemental briefs, the State Defendant primarily argues that plaintiff's Second Amendment claim is not cognizable because, under current valid case law, the Second Amendment does not apply to the states.  The Local Defendants join in this argument in their motion.  They also argue that plaintiff's fourth through tenth claims either fail to state a claim upon which relief can be granted or are duplicative and should be dismissed.

      **A.**    **Second Amendment Claims (First, Second, and Sixth Claims)**

In their motions, defendants argue that plaintiff cannot, as a matter of law, state a claim upon which relief can be granted in the first and second claims because the California law at issue – California Family Code § 6389(a) – is "virtually identical" to a federal statute which has been held to be consistent with the Second Amendment.  Specifically, defendants refer to the

federal protective order statute at 18 U.S.C. § 922(g)(8) and conclude that, because seven district courts (only one within the Ninth Circuit – the Eastern District of Washington) and the Fifth Circuit have all concluded that it is constitutional, the similar state statute must also be constitutional.

Just prior to the August 6, 2009, hearing on the State Defendant's motion, the Ninth Circuit Court of Appeals accepted rehearing on banc in Nordyke. See Nordyke, 575 F.3d 980 (9th Cir. July 29, 2009) (order). Upon acceptance of the case for en banc consideration, the original panel opinion was withdrawn. The case was argued before the en banc court and submitted on September 24, 2009. On that same date, the court issued an order vacating the submission of the case pending the United States Supreme Court's resolution of Maloney v. Rice, no. 08-1592, McDonald v. City of Chicago, no. 08-1521, and National Rifle Association of America v. City of Chicago, no. 08-1497. The parties have filed supplemental briefs addressing the impact of Nordyke and proceedings in that case subsequent to the original panel decision.

As to plaintiff's Second Amendment claims, the question before the court on defendants' motions is narrow – does the Second Amendment apply to the states? In 2008, the Supreme Court decided District of Columbia v. Heller, 128 S.Ct. 2783 (2008), striking down the District of Columbia's sweeping firearm ban. This case, however, did not involve a firearm restriction imposed by a state. Thus, the Supreme Court did not address the question before this court and, to date, never has.[3] A three-judge panel of the Ninth Circuit ruled in Nordyke that the Second Amendment does in fact apply to the states. As discussed above, however, that opinion has been withdrawn pending an en banc decision and is no longer binding authority in this circuit.

///

---

[3] The three cases pending in the Supreme Court referenced in the Ninth Circuit's September 24, 2009, order do directly raise the applicability of the Second Amendment to the states.

4

In their supplemental briefs, defendants argue that, under all currently binding precedent, the Second Amendment does not apply to the states. Citing Unites States v. Cruikshank, 92 U.S. 542 (1876), and Presser v. Illinois, 116 U.S. 252 (1886), defendants contend that the Supreme Court has concluded that the Second Amendment has no effect other than to restrict the power of the federal government. They also cite Fresno Rifle and Pistol Club v. Van De Kamp, 965 F.2d 723 (1992), as the latest Ninth Circuit decision addressing the issue before Nordyke was initially decided. In Fresno Rifle, the Ninth Circuit held:

> Until such time as Cruikshank and Presser are overturned, the Second Amendment limits only federal action, and we affirm the district court's decision "that the Second Amendment stays the hand of the National Government only."

Id. at 731.

Given this language, plaintiff's argument that Cruikshank and Presser do not apply because they did not consider incorporation under the Fourteenth Amendment is unpersuasive. The Ninth Circuit was clear that, under both Cruikshank and Presser, the Second Amendment does not apply to the states. Defendants argue that this court is bound to follow the Ninth Circuit's interpretation of Cruikshank and Presser as set forth in Fresno Rifle and must conclude that plaintiff cannot state a claim because the Second Amendment does not apply to the states.

Defendants assert that, if the court determines that it must reach the question of applicability of the Second Amendment to the states to resolve the pending motions, they would not object to a stay of proceedings pending resolution of the three pending Supreme Court cases and eventual en banc decision in Nordyke. They also argue, however, that the case should be dismissed under current binding precedent which holds that the Second Amendment does not apply to the states. Alternatively, they assert that, even if the Second Amendment does apply to the states, plaintiff nonetheless cannot state a claim because challenges to the similar federal statute have all been rejected on the merits.

/ / /

1  Assuming for the moment that the current state of the law allows the court to
2  conclude that the Second Amendment applies to the states, defendants' argument that plaintiff's
3  claim is foreclosed is unpersuasive. While challenges to the federal law may be foreclosed, no
4  court has addressed the state law at issue. Specifically, no court has concluded that, as a matter
5  of law, the state statute challenged by plaintiff is adequately related to a sufficient government
6  interest. If strict scrutiny applies, the law would have to be narrowly tailored to achieve an
7  important government interest. Whether this is so involves questions of fact. On a motion to
8  dismiss, the court must presume these facts in plaintiff's favor. As relevant to his Second
9  Amendment claims, the facts alleged by plaintiff are as follows: (1) a restraining order was
10 entered against him on September 11, 2007, which subjected plaintiff to the state law being
11 challenge here; (2) pursuant to that law, his firearm was confiscated; (3) in 2008, the charges
12 giving rise to the restraining order were dismissed for lack of evidence; and (4) even though the
13 charges which formed the basis of the restraining order were dropped, his firearm was not
14 returned to him because the restraining order had not been vacated. Because plaintiff alleges
15 specific facts which, if true, would show that the law is not narrowly tailored, he states a
16 plausible claim under a strict scrutiny analysis because the law, either as written or as applied to
17 plaintiff in this case, does not take into account restraining orders which are no longer valid or
18 meaningful in light of the dismissal of underlying charges.[4]

19 Defendants argue that "[e]ven if strict scrutiny were applied here, California's ban
20 on firearm possession by the target of a domestic violence restraining order is narrowly drawn to
21 meet that standard." While this may be so, there is no binding precedent to this effect. Further,
22 construing plaintiff's allegations as an as-applied challenge, plaintiff presents a plausible claim of

---

[4] The Supreme Court in Heller struck down the District of Columbia law without announcing the level of constitutional scrutiny which applies to Second Amendment challenges. Construing the factual allegations to be true and in the light most favorable to plaintiff, the court should presume that strict scrutiny applies because plaintiff's claim is even stronger if any lower level of scrutiny applies.

entitlement to relief.  Assuming that the Second Amendment does in fact apply to the states, plaintiff has alleged sufficient specific facts in order to proceed to discovery and a trial on the merits of whether the challenged law meets the appropriate standard of scrutiny.

For these reasons, defendants' motion would be denied if the court were to presume the Second Amendment applies to the states.  The fact remains, however, that this court is bound by currently valid Ninth Circuit precedent which is clear on this question.  Under Fresno Rifle, the Second Amendment does not apply to the states.  For this reason, plaintiff cannot state a claim upon which relief can be granted in claims one and two.  Because the result of defendants' motions is different depending on whether the court presumes the Second Amendment applies to the states or not, that threshold question does not factor out and the court must reach it and follow Fresno Rifle.

The next question to be decided is whether the court should exercise its discretion to stay these proceedings pending resolution of cases currently before the Supreme Court and Ninth Circuit.  The court finds that there is no reason to stay these proceedings.  This case does not present a question of first impression which is pending in a higher court.  As discussed above, the current precedent which this court must follow answers the question – the Second Amendment does not apply to the states.  Whether the Supreme Court may eventually conclude otherwise, reversing Cruikshank and Presser, does not change the binding effect of current valid case law.  Further, as discussed below, plaintiff should be permitted to proceed on other claims which are not challenged in defendants' motions to dismiss.  Thus, staying proceedings would be unfair to plaintiff.

Plaintiff's first and second claims should be dismissed.  Given that the State Defendant, Federal Defendants, and local defendants City of Redding and Bosenko are only named with respect to these claims, they should be dismissed as defendants to this action.

/ / /

/ / /

In his sixth claim, plaintiff alleges that defendant Hansen "currently is storing Mr. Burns' firearm in the property room of the Redding Police Department, and through his agents has refused to return Mr. Burns' firearm, stating the unconstitutional state and federal statutes listed herein as justification for his department's unlawful customs, practices, and policies complained of in this action." The Local Defendants argue that plaintiff cannot sustain this claim because he cannot sustain the underlying Second Amendment claims. The court agrees. The basis of plaintiff's claim against Hansen is that, as the Chief of Police, he is enforcing an unconstitutional state law. However, as discussed above, current valid binding precedent does not permit this court to conclude that the state law plaintiff challenges is unconstitutional because the Second Amendment does not apply to the states. Therefore, plaintiff's sixth claim fails to state a claim upon which relief can be granted and should be dismissed. Because Hansen is named as a defendant only in the sixth claim, he should be dismissed from the action.

### B.     Fourth Amendment Claims (Third and Fifth Claims)

In the third and fifth claims, plaintiff asserts that Redding Police Officers Kimple, Forrest, Williams, and Zufall violated his civil rights under § 1983 by illegally searching his dwellings and seizing property in violation of the Fourth Amendment. The Local Defendants do not seek dismissal of the third claim. They do argue, however, that the fifth claim should be dismissed as duplicative of the third claim. The court does not agree. While both claims allege violation of plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizures, the third claims relates to a search at 5812 Cedars Road, Space 23, and the fifth claim relates to a search at 5812 Cedars Road, Space 5. Thus, the claims are not duplicative of each other in that they relate to separate and distinct searches and seizures.

/ / /
/ / /
/ / /
/ / /

### C. Fifth Amendment Claim (Fourth Claim)

In the fourth claim, plaintiff alleges that defendant Kimple deprived him of the use of illegally seized property without just compensation, in violation of the Takings Cause of the Fifth Amendment. The Local Defendants first argue that defendant Kimple is entitled to qualified immunity. Next, they argue that plaintiff cannot state a claim because the Takings Clause of the Fifth Amendment does not apply in this case given the facts alleged in the complaint. Finally, the Local Defendants argue that the fourth claim should be dismissed as duplicative of the fifth claim.

Addressing defendant's last argument first, the court does not agree that the fourth and fifth claims are duplicative. As noted above, the fifth claim relates to an allegedly illegal search and seizure, in violation of the Fourth Amendment. As defendants recognize, however, plaintiff asserts in the fourth claim that defendant Kimple's seizure of property violated his rights under the Fifth Amendment. Because the claims allege different theories of liability, they are not duplicative even though they are based on the same underlying facts.

As to defendants' argument that plaintiff cannot maintain a claim under the Fifth Amendment's Takings Clause based on the seizure of his property, the court agrees. As defendants correctly note, the Takings Clause applies to governmental seizures of property for a public purpose and requires just compensation for such takings. See Vance v. Barrett, 345 F.3d 1083 (9th Cir. 2003); Kelo v. City of New London, 545 U.S. 469 (2005). In this case, the property seized – plaintiff's firearm – was not taken in order to be put to public use. Therefore, the Takings Clause simply does not apply and plaintiff cannot state a Fifth Amendment claim arising from the seizure of his firearm or other property. As defendants concede, plaintiff's claims relating to the allegedly improper search and seizure sound in the Fourth Amendment.

///
///
///

Finally, as to qualified immunity, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In general, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the next step is to ask whether the right was clearly established. See id.

As discussed above, there could have been no Fifth Amendment violation arising from defendant Kimple's seizure of plaintiff's property following a search of his dwellings. Therefore, plaintiff cannot point to any violation of a clearly established constitutional right in order to defeat qualified immunity. Defendant Kimple is entitled to qualified immunity as to plaintiff's Fifth Amendment claim asserted in the fourth claim for relief.[5]

Because plaintiff cannot, as a matter of law, state a claim under the Takings Clause based on the facts alleged, the fourth claim should be dismissed.

**D.** **State Law Claims (Seventh, Eighth, Ninth, and Tenth Claims)**

In his seventh and eighth claims, plaintiff asserts that the illegal search and seizure by defendants Kimple, Forrest, Williams, and Zufall violated provisions of the California constitution. Plaintiff seeks money damages under California Civil Code §§ 52, 52.1, and 3294. The Local Defendants argue that plaintiff has failed to allege sufficient facts to be entitled to relief under § 52.1.[6] As defendants correctly point out, § 52.1 provides remedies for violations of

---

[5] Defendants do not argue that defendant Kimple is entitled to qualified immunity as to plaintiff's Fourth Amendment claims, and the court does not address that question in these findings and recommendations.

[6] Defendants do not address §§ 52 or 3294.

10

constitutional or statutory rights where the violation is accompanied by threats, intimidation, or coercion. See Reynolds v. County of San Diego, 84 F.3d 1162 (9th Cir. 1996); Jones v. Kmart, 17 Cal.4th 329 (1998); Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860 (2007). Here, while plaintiff alleges that defendants Kimple, Forrest, Williams, and Zufall unlawfully entered his dwellings "without a warrant and without any legal justification" and "after being repeatedly and expressly forbidden entry," plaintiff does not allege that any defendant threatened him, intimidated him, or coerced him. Therefore, plaintiff cannot recover under § 52.1.

Because defendants do not address plaintiff's entitlement, if any, to relief under §§ 52 and/or 3294, plaintiff's seventh and eighth claims alleging violation of the California Constitution remain in the action. The court finds only that plaintiff cannot recover under § 52.1 because plaintiff has not alleged threats, intimidation, or coercion.

In the ninth claim, plaintiff alleges trespass to chattel arising from defendant Kimple's seizure of his firearm without compensation and seeks money damages under California Civil Code § 3294. The Local Defendants again argue that defendant Kimple is entitled to qualified immunity. The court does not agree with respect to the ninth claim because this claim asserts a state common law cause of action – trespass to chattel – and not a statutory or constitutional violation. Plaintiff's reference to § 3294 is a basis for his request for exemplary damages and not a basis for the underlying claim of liability asserted in the ninth claim for relief. Defendants do not argue that plaintiff has failed to adequately plead the common law cause of action of trespass to chattel.

In the tenth claim, plaintiff alleges that defendant Kimple's seizure of his firearm without compensation violated Article I, Section 19, of the California constitution.[7] Defendants argue that, as with the Takings Clause of the Fifth Amendment to the federal constitution, Article I, Section 19, of the California constitution relates to acts of eminent domain and conveyances of

---

[7] This claim appears to be the state law counterpart of plaintiff's fourth claim for relief alleging violation of the Takings Clause.

private property by the government to either public or private use. Defendants are correct. Article I, Section 19, is the state law version of the Takings Clause and only applies when private property is taken for either public or private use. Because plaintiff's firearm was not seized for public or private use, Article I, Section 19, does not apply. The tenth claim should be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The State Defendant's motion to dismiss (Doc. 13) be granted;

2. The Local Defendants' motion to dismiss (Docs. 23 and 26) be granted in part and denied in part;

3. The first, second, fourth, sixth, and tenth claims be dismissed;

4. Defendants Brown, Mukasey, Sullivan, Mueller, City of Redding, Hansen, and Bosenko be dismissed; and

5. This action proceed on plaintiff's third, fifth, seventh, eighth, and ninth claims as against defendants Kimple, Forrest, Williams, and Zufall only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2009

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE