Dwayne B. Burns  D-4177
High Desert State Prison
Housing A-3-203
P.O. Box 3030
Susanville, CA 96127

Plaintiff, In Pro Per

**FILED**
JAN - 4 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, <br> PLAINTIFF, <br> v. <br> MICHAEL MUKASEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, ET AL., <br> DEFENDANTS. | CASE NO. 2:09-CV-0497 MCE <br><br> OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Pursuant to applicable Fed. R. Civil P. and Local Rules, comes now the Plaintiff, Dwayne B. Burns, with objections to the Magistrate's Findings and Recommendations dated November 5, 2009. Plaintiff objects specifically as follows:

**I. DEFENDANTS' MOTION TO DISMISS SHOULD BE TREATED AS A MOTION FOR SUMMARY JUDGMENT.**

PAGE 1 - OBJECTIONS TO MAGISTRATE'S F. & R.

1  In its deliberations upon the instant
2  motion to dismiss filed by the state and local
3  defendants, the court asked for, and received,
4  supplemental points and authorities filed by
5  the plaintiff and the state defendants.
6      While the local defendants did not file any
7  supplemental points and authorities, the legal issues
8  were nearly identical as to the local and state
9  defendants, so as to make the legal issues
10 between the defendants regarding plaintiff's
11 Second Amendment claims virtually one in
12 the same.
13     If the court considers matters outside the
14 pleadings, as it clearly did in deciding
15 defendants' motions to dismiss for failure
16 to state a claim, the court must treat the
17 motions as motions for summary judgment
18 subject to F.R.C.P. 56, and must give the parties
19 a reasonable opportunity to present all material
20 pertinent to the motion. Fed. R. Civil P.
21 12(b), 56. This the court did not do.
22 Plaintiff specifically requested an opportunity
23 to present a factual record at the hearing
24 on October 29, 2009, but the court denied
25 plaintiff's request.
26 ////

Page 2 - Objections to Magistrate's F & R.

1  before the state and local defendants'
2  motions are ruled upon, plaintiff should be
3  given an opportunity to present at least a limited
4  factual record regarding certain issues, as
5  required by F.R.C.P. 12 and 56.

## II. THE INSTANT CASE SHOULD BE STAYED PENDING THE NINTH CIRCUIT'S DECISION IN NORDYKE.

As briefed in Plaintiff's Supplemental Points and Authorities in Opposition to State Defendants' Motion to Dismiss filed herein, the instant case should be stayed pending the Ninth Circuit's decision in Nordyke v. King (9th Cir. 2009).

The Supreme Court will hear certain Second Amendment cases from Chicago this spring, and should have guidance in the form of precedent of whether the Second Amendment of the U.S. Constitution applies to the States announced by June of 2010. This will allow the Ninth Circuit to properly decide issues that are crucial to Plaintiff's claims.

In the Magistrate's Findings and Recommendations dated Nov. 9, 2009, the Court

PAGE 3 – OBJECTIONS TO MAGISTRATE'S F. & R.

1 CONCEDED THAT IT HAD THE AUTHORITY TO GRANT
2 SUCH A STAY CITING ITS INHERENT AUTHORITY TO CONTROL
3 THE PROCEEDINGS BEFORE IT, BUT CURIOUSLY DENIED
4 SUCH A STAY STATING IT WOULD NOT BE FAIR TO THE
5 PLAINTIFF TO ORDER SUCH A STAY. WHAT IS IRONIC
6 ABOUT THAT FINDING IS THE FACT THAT IT IS THE
7 PLAINTIFF WHO HAS REQUESTED SUCH A STAY AND
8 HEREBY FURTHER REQUESTS THAT THE STAY BE
9 ORDERED.
10    CONTRARY TO THE MAGISTRATE'S FINDING AND
11 RECOMMENDATION, IT WOULD BE UNFAIR TO THE
12 PLAINTIFF TO NOT GRANT SUCH A STAY. BY FORCING
13 THE PLAINTIFF TO FILE AN UNNECESSARY APPEAL
14 IN THE NINTH CIRCUIT OR TO FILE NEW CLAIMS IN
15 THE FUTURE WOULD SUBJECT PLAINTIFF TO NEEDLESS
16 COST AND DELAY AS WELL AS TAKE UP LIMITED
17 JUDICIAL RESOURCES IN ORDER TO DECIDE WHAT
18 MAY BE DECIDED BY THIS COURT SHOULD A STAY
19 BE ORDERED.
20
21    III. _FRESNO RIFLE_ IS NOT BINDING
22        PRECEDENT IN THIS CIRCUIT AFTER
23        THE _HELLER_ DECISION.
24
25    THE MAGISTRATE CITES _FRESNO RIFLE_ AS
26 BINDING PRECEDENT IN HIS DECISION TO GRANT

PAGE 4 - OBJECTIONS TO MAGISTRATE'S F. +R.

1  THE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S
2  SECOND AMENDMENT CLAIMS. AS PLAINTIFF STATED
3  IN HIS SUPPLEMENTAL POINTS AND AUTHORITIES HEREIN
4  PREVIOUSLY FILED, FRESNO RIFLE IS NO LONGER
5  BINDING AUTHORITY AFTER THE SUPREME COURT'S
6  DECISION IN D.C. v. HELLER (U.S. SUPREME COURT
7  2008).
8  THE SUPREME COURT, IN ITS HELLER DECISION
9  MANDATED THAT FUNDAMENTAL CONSTITUTION RIGHTS CASES
10 MUST BE DECIDED USING A "MODERN-DAY FOURTEENTH
11 AMENDMENT INCORPORATION ANALYSIS" WHEN DECIDING
12 WHETHER THE RIGHTS ARE INCORPORATED UNDER OR
13 THROUGH THE FOURTEENTH AMENDMENT TO APPLY
14 AGAINST THE STATES.
15 FRESNO RIFLE FAILED TO APPLY SUCH A
16 "MODERN-DAY FOURTEENTH AMENDMENT INCORPORATION
17 ANALYSIS", AND THEREFORE IT IS NOT BINDING
18 ON THIS COURT. THE CHICAGO CASES RECENTLY
19 DECIDED BY THE SEVENTH CIRCUIT, AND THE
20 MALONEY CASE RECENTLY DECIDED BY THE
21 SECOND CIRCUIT WERE EACH DECIDED BY
22 THEIR RESPECTIVE COURTS UNDER AN ERRONEOUS
23 LEGAL TEST, AND NOT BY MEANS OF A
24 "MODERN-DAY FOURTEENTH AMENDMENT INCORPORATION
25 ANALYSIS" AS MANDATED BY HELLER.
26 ACCORDINGLY, THE MAGISTRATE'S FINDING

PAGE 5 - OBJECTIONS TO MAGISTRATE'S F. & R.

1  THAT FRESNO RIFLE STANDS FOR THE RULE
2  THAT THE SECOND AMENDMENT APPLIES ONLY
3  TO THE FEDERAL GOVERNMENT, SHOULD NOT BE
4  ADOPTED AS FINAL BY THIS COURT. ADDITIONALLY,
5  ALL FINDINGS AND RECOMMENDATIONS STEMMING FROM
6  THE MAGISTRATE'S FINDINGS WITH REGARD TO
7  FRESNO RIFLE SHOULD LIKEWISE NOT BE SUSTAINED.
8
9  IV. PLAINTIFF ADEQUATELY PLED
10     NUMEROUS CLAIMS FOR VIOLATIONS
11     OF CAL. CIVIL CODE SECTION 52.1
12
13     CONTRARY TO THE MAGISTRATE'S FINDINGS
14  AND RECOMMENDATIONS, PLAINTIFF ADEQUATELY
15  PLED CAUSES OF ACTION UNDER CAL. CIVIL
16  CODE SECTION 52.1 AGAINST EACH OF THE
17  REDDING POLICE OFFICER DEFENDANTS. THE
18  LAW IN CALIFORNIA RELATING TO WHAT NEEDS
19  TO BE PLED TO STATE A CAUSE OF ACTION PURSUANT
20  TO CAL. CIVIL CODE SECTION 52.1 (CC§52.1)
21  IS WELL ESTABLISHED. REGARDING SEARCHES.
22     IN THE CALIFORNIA SUPREME COURT CASE
23  OF VENEGAS V. Co.OF LOS ANGELES, 32 CAL. 4TH
24  820 (2004), IN A CASE FACTUALLY VERY
25  SIMILAR, THE CALIFORNIA SUPREME COURT
26  HELD UNEQUIVOCALLY THAT A CLAIM STATING

PAGE 6 — OBJECTIONS TO MAGISTRATE'S F. & R.

1  AN ILLEGAL SEARCH AND SEIZURE, BY ITSELF,
2  MET THE STRICTER PLEADING STANDARD UNDER
3  CALIFORNIA LAW FOR A VIOLATION OF
4  C.C. § 52.1. THE FEDERAL PLEADING
5  STANDARD UNDER F.R.C.P. 8 AND ERICKSON v
6  PARDUS (CITATIONS) IS "LESS STRICT" THAN
7  THE CALIFORNIA PLEADING, KNOWN AS
8  "CODE PLEADING."
9      ACCORDINGLY, PLAINTIFF HAS ADEQUATELY
10  PLEADED CLAIMS FOR RELIEF AGAINST EACH
11  OF THE REDDING POLICE OFFICERS, AND
12  THEIR MOTION TO DISMISS PLAINTIFF'S CLAIMS
13  FOR VIOLATIONS OF HIS RIGHTS UNDER C.C. §52.1
14  SHOULD BE DENIED.
15
16      CONCLUSION
17  FOR THE REASONS STATED SUPRA, THE
18  FINDINGS AND RECOMMENDATIONS of THE
19  MAGISTRATE OBJECTED TO HEREIN ABOVE
20  SHOULD BE OVERRULED AND/OR NOT SUSTAINED
21  AS APPROPRIATE.
22
23  DATED THIS:                    RESPECTFULLY SUBMITTED,
24  24TH DAY OF DECEMBER, 2009
25                                 Dwayne B. Burns, ESQ
26                                 DWAYNE B. BURNS, ESQ.
                                   PLAINTIFF, IN PRO PER

PAGE 7 - OBJECTIONS TO MAGISTRATE'S F. + R.