**GARY BRICKWOOD, State Bar No. 94892**
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001
(530) 245-1877
(530) 245-1879 (fax)

Attorneys for Defendants TOM BOSENKO, CITY OF REDDING, PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS and REBECCA ZUFALL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL MUKASEY, in his official capacity as Attorney General of the United State of America, et al., <br><br> Defendants. | Case No.2:09-CV-00497-MCE-CMK <br><br> **ANSWER TO AMENDED COMPLAINT** |

Defendants Kevin Kimple, William Forrest, Will Williams, and Rebecca Zufall answer the Amended Complaint as follows:

Defendants demand a jury trial

1. Paragraph 1 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any allegations of facts to which a response is required. To the extent this paragraph is intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

2. Paragraph 2 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any allegations of facts to which a response is required. To the extent this paragraph is intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

ANSWER TO AMENDED COMPLAINT                                                              **1**

3. Paragraph 3 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any allegations of facts to which a response is required. To the extent this paragraph is intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

4. Paragraph 4 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any allegations of facts to which a response is required. To the extent this paragraph is intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 about plaintiff's feelings, and defendants deny those allegations on that basis. Defendants deny each and every remaining allegation of paragraph 5.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second paragraph 5 about whether plaintiff is a felon and whether plaintiff is mentally ill, and defendants deny those allegations on that basis. The remaining allegations of paragraph 5 are assertions of law not requiring responses.

6. Answering the allegations of paragraph 6, defendants admit that the Court has jurisdiction over the subject matter of the third and fifth claims for relief that are brought pursuant to 42 U.S.C. section 1983 and supplemental jurisdiction over the seventh, eighth, and ninth claims for relief.

7. Paragraph 7 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any

allegations of facts to which a response is required. To the extent this paragraph is intended to imply that plaintiff is entitled to declaratory relief or any other remedy against defendants, defendants deny that plaintiff should receive such relief or remedies.

8. Defendants admit that venue is proper in the Eastern District under 28 U.S.C. Section 1391(b).

9. Defendants admit that this action arose in the County of Shasta and was properly filed in Sacramento under Local Rule 120(d); however, sessions may be held in Redding under Local Rule 120(b).

10. Answering the allegations of paragraph 10, defendants deny refusing to investigate any matter properly and deny having or enforcing unconstitutional policies. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10, and defendants deny each and every remaining allegation of paragraph 10 on that basis.

11. As the allegations of paragraph 11 do not pertain to these answering defendants and Attorney General Michael Mukasey has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 11.

12. As the allegations of paragraph 12 do not pertain to these answering defendants and Attorney General Edmund G. Brown, Jr., has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and defendants deny each and every allegation of paragraph 13 on that basis.

14. Answering the allegations of paragraph 14, defendants admit

that Hansen is a natural person. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14, and defendants deny each and every remaining allegation of paragraph 14 on that basis.

15. Answering the allegations of paragraph 15, defendants admit that Kimple is a police officer employed by the Redding Police Department and the City of Redding. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15, and defendants deny each and every remaining allegation of paragraph 15 on that basis.

16. Answering the allegations of paragraph 16, defendants admit that Forrest, Williams, and Zufall are police officers employed by the Redding Police Department and the City of Redding. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16, and defendants deny each and every remaining allegation of paragraph 16 on that basis.

17. As the allegations of paragraph 17 do not pertain to these answering defendants and Tom Bosenko has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 17.

18. As the allegations of paragraph 18 do not pertain to these answering defendants and Michael Sullivan has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 18.

19. As the allegations of paragraph 19 do not pertain to these answering defendants and Robert S. Mueller III has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 19.

20. As the allegations of paragraph 20 do not pertain to these answering defendants and Superior Court of Shasta County has been dismissed as a defendant, these answering defendants are not responding to the allegations of paragraph 20.

21. Defendants admit the allegations of paragraph 21.

22. Paragraph 22 is comprised entirely of allegations of plaintiff's view of the law, and does not appear to contain any allegations of facts to which a response is required. To the extent this paragraph is intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

23. Defendants deny each and every allegation of paragraph 23.

24. Answering paragraph 24, defendants admit that plaintiff was arrested by defendant Kimple of the Redding Police Department on May 21, 2007, for an alleged violation of California Penal Code section 243(e)(1). Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the charge was later dismissed, and defendants deny that allegation on that basis. Defendants deny each and every remaining allegation of paragraph 24.

25. Answering paragraph 25, defendants deny that officers of the Redding Police Department conducted an illegal search. Defendants admit that, during a legal search, a firearm was located in the mobile home in space 23, and that the Redding Police Department took possession of the firearm, but defendants deny that plaintiff did not receive a receipt for the firearm pursuant to California Penal Code section 12028.7.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and defendants deny each and every allegation of paragraph 26 on that

basis.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and defendants deny each and every allegation of paragraph 27 on that basis.

28. Answering the allegations of paragraph 28, defendants deny that it was unlawful for the Redding Police Department to take possession of the firearm. Defendants admit the remaining allegations of paragraph 28.

29. Answering the allegations of paragraph 29, defendants admit that the Redding Police Department refused to return the firearm due to the restraining order, but defendants deny that the laws preventing the return of the firearm to plaintiff are unconstitutional.

30-34. Paragraph 30, 31, 32, and 34 are comprised entirely of allegations of plaintiff's view of the law, and do not appear to contain any allegations of facts to which a response is required. To the extent these paragraphs are intended to imply that defendants violated any law or deprived plaintiff of any legal right, defendants deny doing so.

35-36. The first claim for relief has been dismissed, so defendants are not responding to paragraphs 35 and 36.

37-38. The second claim for relief has been dismissed, so defendants are not responding to paragraphs 37 and 38.

39. Answering paragraph 39, defendants incorporate their responses to paragraphs 1 through 38 as though fully stated herein.

40. Defendants deny each and every allegation of paragraph 40.

41. Except for assertions of law, to which no response is required, defendants deny each and every allegation of paragraph 41.

42. Defendants deny each and every allegation of paragraph 42.

43-45. The fourth claim for relief has been dismissed, so defendants are not responding to paragraphs 43, 44, and 45.

46. Answering paragraph 46, defendants incorporate their responses to paragraphs 1 through 45 as though fully stated herein.

47. Defendants deny each and every allegation of paragraph 47.

48. Except for assertions of law, to which no response is required, defendants deny each and every allegation of paragraph 48.

49. Defendants deny each and every allegation of paragraph 49.

50-52. The sixth claim for relief has been dismissed, so defendants are not responding to paragraphs 50, 51, and 52.

53. Answering paragraph 53, defendants incorporate their responses to paragraphs 1 through 52 as though fully stated herein.

54. Defendants deny each and every allegation of paragraph 54.

55. Except for assertions of law, to which no response is required, defendants deny each and every allegation of paragraph 55.

56. Defendants deny each and every allegation of paragraph 56.

57. Defendants deny each and every allegation of paragraph 57.

58. Answering paragraph 58, defendants incorporate their responses to paragraphs 1 through 57 as though fully stated herein.

60. Defendants deny each and every allegation of paragraph 60.

61. Except for assertions of law, to which no response is required, defendants deny each and every allegation of paragraph 61.

62. Defendants deny each and every allegation of paragraph 62.

63. Defendants deny each and every allegation of paragraph 63.

64. Answering paragraph 64, defendants incorporate their responses to paragraphs 1 through 63 as though fully stated herein.

65. Defendants deny each and every allegation of paragraph 65.

66. Defendants deny each and every allegation of paragraph 66.

67-70. The tenth claim for relief has been dismissed, so defendants are not responding to paragraphs 67, 68, 69, and 70.

71. Defendants demand a jury trial.

**AFFIRMATIVE DEFENSES**

1. AS A FIRST AFFIRMATIVE DEFENSE, defendants allege that the seventh, eighth, and ninth claims for relief are barred because plaintiff violated California Government Code sections 910 and 945.4 and failed to comply or adequately comply with the claim-filing requirements of California Government Code section 900, *et seq*.

2. AS A SECOND AFFIRMATIVE DEFENSE, defendants allege that the seventh and eighth claims for relief are barred because, under California Civil Code section 52.3(b), a private action is not allowed for an alleged violation of California Civil Code section 52.1.

3. AS A THIRD AFFIRMATIVE DEFENSE, defendants allege that the seventh, eighth, and ninth claims for relief are barred because defendants are immune from liability pursuant to California Government Code sections 821.6 and 815.2 regarding the institution and prosecution of judicial proceedings.

4. AS A FOURTH AFFIRMATIVE DEFENSE, defendants allege that the seventh, eighth, and ninth claims for relief are barred because defendants are immune from liability pursuant to California Government Code sections 820.2 regarding the exercise of discretion.

5. AS A FIFTH AFFIRMATIVE DEFENSE, defendants allege that the seventh, eighth, and ninth claims for relief are barred because defendants are immune from liability pursuant to California Government Code sections 820.4 in that all actions complained of were taken in the exercise of due care.

6. AS A SIXTH AFFIRMATIVE DEFENSE, defendants allege that the third and fifth claims for relief are barred under the doctrine of qualified immunity.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by his complaint and that judgment be entered in favor of each of the defendants;
2. That defendants recover their costs of suit incurred in defense of this action;
3. That defendants recover attorney's fees pursuant to 42 U.S.C. 1988 or other applicable law; and
4. For such other relief as the Court deems just.

DATED: May 17, 2010.                      BRICKWOOD LAW OFFICE

                                          /s/ GARY BRICKWOOD
                                          GARY BRICKWOOD
                                          Attorneys for Defendants

ANSWER TO AMENDED COMPLAINT                                              **9**

**PROOF OF SERVICE**

   I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001.  On this date, I served the following document(s): **ANSWER TO AMENDED COMPLAINT**

  **/**   by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below.  I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

  _____ by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

  _____ by personally delivering a true copy thereof to the person and at the address set forth below.

  _____ BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s).  I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns
Lassen C.C.F.
1405 Sheriff's Caddy Lane
Susanville, CA 96130

   I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed at Redding, California on May 18, 2010.


                                        /s/ Deena Swafford
                                        Deena Swafford

ANSWER TO AMENDED COMPLAINT                                                    **10**