1  **GARY BRICKWOOD, State Bar No. 94892**
   BRICKWOOD LAW OFFICE
2  1135 Pine Street, Suite 210
   Redding, CA 96001
3  (530) 245-1877
   (530) 245-1879 (fax)
4
   Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
5  PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
   and REBECCA ZUFALL
6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10 DWAYNE B. BURNS,                    Case No.2:09-CV-00497-MCE-CMK

11         Plaintiff,                  **SEPARATE STATEMENT OF UNDISPUTED FACTS**

12 vs.                                 DATE: April 14, 2011
                                       TIME: 2:00 p.m.
13 MICHAEL MUKASEY, in his official    DEPT: 7
   capacity as Attorney General of the
14 United State of America, et al.,

15         Defendants.
                                    /
16

17 **UNDISPUTED FACT**                  **SUPPORTING EVIDENCE**

18 1. Officers Kimple, Williams,       1.  Declaration of Kimple,
   Zufall, and Corporal Forrest        Williams, Zufall and Forrest, at
19 responded to a report of a          paras. 2, respectively.
   domestic violence incident
20 involving a report of a man with
   a gun at 5812 Cedars Road,
21 Redding, CA on May 21, 2007 at
   approximately 11:00 a.m.
22
   2. Lori Burns told Office Kimple    2.  Declaration of Kimple,
23 that her husband, Dwayne Burns,     paragraphs 4, 6, 7.
   had assaulted her the previous
24 night at approximately 1:00
   a.m.. Lori Burns stated that
25 she had left her residence in
   the trailer park to stay with
26 her sister out of concern for
   her own safety. Lori Burns
27 stated that she and her sister
   had returned that morning to
28 collect some personal belongings
   and to check on her dog at which

SEPARATE STATEMENT OF UNDISPUTED FACTS                                   1

time she and her husband, Dwayne Burns, had a second argument.

| | |
|---|---|
| 3. Lori Burns told Officer Kimple that her husband may be in possession of a firearm. Lori Burns told Kimple and Williams that Dwayne Burns owned a handgun, which she described as a small silver handgun. | 3. Declaration of Kimple, para. 8; Declaration of Williams, paragraphs 4, 6. |
| 4. Officer Kimple spoke to witness Shari McClendon who advised she heard someone say "gun," and had seen Mr. Burns spinning a silver object in his hand that might have been a firearm. | 4. Declaration of Kimple, para. 9. |
| 5. Lori Burns told Officer Kimple and Officer Williams that she alone owned the two trailers located at space 5 and space 23 in the trailer park. Lori Burns stated that she and her husband lived in both trailers and kept their personal belongings in both trailers. Lori Burns further said that Dwayne Burns has spent most of his time in the trailer at space 5. | 5. Declaration of Kimple, paragraph 5; Declaration of Williams, paragraphs 4, 5. |
| 6. Officer Kimple arrested Dwayne Burns for a violation of Penal Code Section 243(e)(1), having committed domestic violence against Lori Burns. | 6. Declaration of Kimple at paragraphs 10. |
| 7. Officer Kimple searched Dwayne Burns' person and did not locate a handgun. | 7. Declaration of Kimple, paragraph 3. |
| 8. Officers wanted to search the two trailers located at space 5 and space 23 to attempt to locate the handgun believed owned by Burns and possibly used during the assault on Lori Burns. | 8. Declaration of Zufall, paragraph 6-9; Declaration of Forrest, paragraphs 5-8. |

SEPARATE STATEMENT OF UNDISPUTED FACTS                                    2

| | |
|---|---|
| 9.  Lori Burns gave consent to Officer Williams for officers to search the trailers located in space 5 and space 23. | 9.  Declaration of Williams, paragraph 6. |
| 10.  Officer Zufall requested consent from Dwayne Burns to search the trailers at space 5 and space 23.  Dwayne Burns gave consent to Officer Zufall for officers to search the trailer at space 5, but refused consent for officers to search the trailer at space 23. | 10.  Declaration of Zufall, at para. 5. |
| 11.  Officers Kimple, Zufall and Williams advised Corporal Forrest of their desire to search the trailers at space 5 and space 23.  Officers told Forrest that Lori Burns owned both trailers, was the wife of Dwayne Burns and that Lori Burns and Dwayne Burns resided in and co-occupied both trailers and kept personal belongings in both trailers according to Lori Burns. Officers advised Forrest that Lori Burns consented to officers searching both trailers and advised Forrest that Dwayne Burns consented to officers search the trailer at space 5, but refused to consent to officers searching the trailer at space 23.  Based on this information, Corporal Forrest authorized officers Williams and Zufall to search the trailers at space 5 and space 23 for the handgun. | 11.  Declaration of Forrest, paragraphs 5-8; Declaration of Zufall, paragraphs 6-7; Declaration of Williams, paragraph 4. |
| 12.  Officer Kimple transported Dwayne Burns to jail.  Officer Kimple did not participate in the search of either trailer. | 12.  Declaration of Kimple, paragraph 10, 11. |
| 13.  Corporal Forrest did not participate in the search of either trailer. | 13.  Declaration of Forrest, paragraph 4. |

SEPARATE STATEMENT OF UNDISPUTED FACTS                                              3

| | |
|---|---|
| 14. Officers Forrest and Zufall had a belief that the consent to search provided by Lori Burns was legal basis on which to conduct the search. | 14. Declaration of Forrest, paragraph 8; Declaration of Zufall, paragraph 7. |
| 15. Officer Williams searched the trailer at space 5 and located items that identified both Lori Burns and Dwayne Burns as occupants. Officer Williams did not find a handgun in the trailer at space 5, but did locate ammunition and a handgun box that was empty. | 15. Declaration of Williams, para 7. |
| 16. Officer Williams and Officer Zufall searched the trailer at space 23. Officer Zufall located and seized a handgun in a dresser drawer in the bedroom in the trailer at space 23. Officer Williams located ammunition and marijuana and drug paraphernalia in the trailer located at space 23, but did not locate or seize any firearms. | 16. Declaration of Williams, paragraph 8, 9; Declaration of Zufall, paragraph 8. |
| 17. Officer Zufall seized the handgun she found in the trailer at space 23 for the safety of Lori Burns. | 17. Declaration of Zufall, paragraph 9. |
| 18. Plaintiff Dwayne Burns did not file a government claim with the City of Redding. | 18. Declaration of Carmona, paragraph 1-3. |

DATED: March 10, 2011.                      BRICKWOOD LAW OFFICE


                                            /s/ GARY BRICKWOOD
                                            GARY BRICKWOOD

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001. On this date, I served the following document(s): **SEPARATE STATEMENT OF UNDISPUTED FACTS**

__/__ by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below. I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

_____ by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

_____ by personally delivering a true copy thereof to the person and at the address set forth below.

_____ BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed at Redding, California on March 10, 2011.

                                      /s/ Deena Swafford
                                      Deena Swafford