**GARY BRICKWOOD, State Bar No. 94892**
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001
(530) 245-1877
(530) 245-1879 (fax)

Attorneys for Defendants KEVIN KIMPLE,
WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFALL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | Case No. 2:09-CV-00497-MCE-CMK |
| Plaintiff, | **DECLARATION OF WILLIAM FORREST** |
| vs. | |
| MICHAEL MUKASEY, in his official capacity as Attorney General of the United State of America, et al., | |
| Defendants. | |

I, WILLIAM FORREST, declare as follows:

1. I am currently a Sergeant with the Redding Police Department and a defendant in this action. I was a Corporal at the time of this incident on May 21, 2007. I make this declaration upon personal knowledge.

2. On May 21, 2007, at approximately 11:00 a.m., I responded to a domestic disturbance call to 5812 Cedars Road, Redding. That location is a trailer home park. As a Corporal, I was the supervising officer at the scene involving the subsequent arrest of Dwayne Burns and the search of the trailers located in space 5 and space 23.

3. When I arrived at the trailer park, Officers Kimple and Williams were present and were investigating the domestic violence call. Officer Zufall responded to assist in the investigation.

4. My involvement in the investigation was to provide supervision only. I did not interview witnesses, search any persons or trailers nor prepare any report regarding the incident.

5. During the investigation, I learned that Mr. Burns was arrested by Officer Kimple for the assault on Lori Burns. I learned from Kimple and Williams that Burns was very upset at the scene. I learned that Lori Burns was Dwayne Burns' wife and that she stated that Dwayne Burns owned a handgun. I learned that Lori Burns and perhaps her sister had stated that they believed Dwayne Burns might have been in possession of a handgun that morning before police arrived at the trailer park. I learned from Officer Williams that Lori Burns stated that she owned both the trailers at space 5 and at space 23 and that she and Dwayne Burns co-occupied both trailers and kept possessions in both trailers.

6. I believed that it was important for the safety of Lori Burns to locate and seize any firearms that might be accessible to Dwayne Burns.

7. I was advised by Officer Williams that Lori Burns had consented that officers could search both the trailers at space 5 and space 23. I was advised by Officer Zufall that Dwayne Burns had consented that officers could search the trailer at space 5, but that he had refused to allow consent to search the trailer at space 23.

8. I believed that officers could lawfully search both trailers based on the consent of Lori Burns, who I believed to be the owner of both trailers and a co-occupant and in co-possession of both trailers. For that reason, I authorized Officers Zufall and Williams to proceed to search both trailers.

I declare under penalty of perjury that the foregoing is true and

Declaration of William Forrest                                                **2**

1 | correct. Executed this 9th day of March, at Ensenada, Mexico.

                                              /s/ W. Forrest
                                              SERGEANT WILLIAM FORREST

Declaration of William Forrest   **3**

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001. On this date, I served the following document(s): **DECLARATION OF WILLIAM FORREST**

__/__ by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below. I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

_____ by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

_____ by personally delivering a true copy thereof to the person and at the address set forth below.

_____ BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed at Redding, California on March 10, 2011.

/s/ Deena Swafford
Deena Swafford

Declaration of William Forrest                                                                 **4**