

**FILED**

APR 14 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

1  Dwayne B. Burns
   P.O. Box 720157
2  Redding, CA 96099
   Tel. (530)638-1066
3
   Plaintiff, *In Pro Per*
4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10                    **SACRAMENTO DIVISION**

11

12  DWAYNE B. BURNS,                    ) Case No.: 2:09-CV-0497-MCE-CMK
                                        )
13              Plaintiff,              ) **PLAINTIFF'S MEMORANDUM OF**
                                        ) **POINTS AND AUTHORITIES IN**
14       vs.                            ) **SUPPORT OF MOTION TO STRIKE THE**
                                        ) **DECLARATIONS OF DEFENDANTS**
15  MICHAEL MUKASEY, in his official    ) **AND CARMONA FILED IN SUPPORT**
                                        ) **OF MOTION FOR SUMMARY**
16  capacity as Attorney General of the United ) **JUDGEMENT**
    States of America, et al.,          )
17                                      ) DATE:   April 28, 2011
              Defendants.               ) TIME:   10:00 a.m.
18                                      ) PLACE: 2986 Bechelli Lane
                                        )         Redding, CA
19                                      ) JUDGE: Craig M. Kellison
                                        )
20  _____

21  Plaintiff, Dwayne B. Burns, appearing *in propria persona,* hereby submits Plaintiff's

22  Memorandum in Support of Motion to Strike the Declarations by Defendants and Carmona filed

23  herein in support of Defendants' Motion for Summary Judgment.[1]

24
    ////
25

26  _____
    [1] *See* docket no. 64.

    Page 1 – Memorandum In Support of Motion to Strike Defendants' Declarations

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

In an attempt to persuade this Court into granting the defendants' Motion for Summary Judgment, the defendants have offered the declarations of each of the remaining defendants in this action (referred to as "Forrest Decl.," "Kimple Decl.," "Williams Decl.," and "Zufall Decl., respectively) as well as the Declaration of Chris Carmona ("Carmona Decl.,") as their primary evidence in their motion for summary judgment. It is a fundamental proposition that evidence submitted to the court in support of such a motion must be competent and admissible. As demonstrated below, all of the declarations fail to meet the most basic evidentiary requirements of Federal Rule of Civil Procedure 56 and the Federal Rules of Evidence.

By this motion, Plaintiff moves to exclude each of these declarations *in toto,* given the gross deficiencies with each. In the alternative, Plaintiff moves to exclude the clearly inadmissible portions of each of the declarations.[2]

## II.   LEGAL STANDARDS FOR EVIDENCE IN SUMMARY JUDGMENT MOTIONS

In order for the defendants to use an affidavit or declaration to support a motion for summary judgment, the affidavit or declaration must be (1) made on personal knowledge; (2) set out facts that would be admissible in evidence; and (3) show that the affiant or declarant is competent to testify on the matters stated. F.R.C.P. 56( c)(4), *formerly* F.R.C.P. 56(e)(1). Additionally, if these declarations are used to submit expert opinion testimony, then they must meet clearly defined legal and procedural requirements. Those standards – none of which are met by the defendants' declarations – are set forth below.[3]

////

////

---

[2] To the extent that defendants' purportedly "undisputed facts" (*see* defendants' Separate Statement of Undisputed Facts) are supported by reference to the inadmissible Declarations, Plaintiff respectfully asks that the Court disregard them.

[3] To Plaintiff's knowledge defendants have not sought to qualify any of the defendants nor Carmona as experts, nor have they sought to introduce the declarations as expert testimony. This is despite the fact that they have listed themselves as "non-retained experts" in their Expert Witness Disclosure dated July 20, 2010.

### A.   Legal Standard For Admissibility Of Expert Testimony Under Federal Rules Of Evidence

For summary judgment purposes, a declaration by an expert witness must be admissible at trial under Federal Rules of Evidence ("F.R.E.") 702 and 703, in addition to being admissible in evidence under Federal Rule of Civil Procedure ("F.R.C.P.") 56( c), which was formerly F.R.C.P. 56(e) prior to the recent amendments made to F.R.C.P. 56 which took effect on December 1, 2010.  To qualify as an expert on the subject to which the testimony relates, a person must have "knowledge, skill, experience, training or education."  F.R.E. 702.

The Supreme Court has established that in order for expert testimony to be admissible, it must be both reliable and relevant.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587-89 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  The Federal Rules of Evidence give the judge a "gatekeeping responsibility" to ensure that all expert testimony, not just scientific testimony, "is not only relevant, but reliable."  *Kumho*, 526 U.S. at 147, *quoting Daubert*, 509 U.S. at 589.  For example, expert testimony that relies on anecdotal and incomplete evidence to reach a conclusion is inadmissible.  *Casey v. Ohio Medical Prods.,* 877 F. Supp. 1380, 1385 (N.D. Cal. 1995) (excluding expert opinion that was based solely upon indirect evidence and not on the evidence in the record as insufficiently reliable).  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."  *GE v. Joiner*, 522 U.S. 136, 146 (1997) (excluding expert opinion because there was "simply too great an analytical gap between the data and the opinion proffered").  This is true for declarations submitted in support of a summary judgment motion.  WRIGHT, MILLER & KANE, FED. PRAC. AND PROC., CIVIL 3D § 2738 at 367 (citations omitted) ("[B]ecause opinion testimony always is subject to

evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment.").

Moreover, evidence is not reliable if the expert is not independent, for example because he or she is closely affiliated with the party.  Courts frequently exclude experts under *Daubert* if it is clear that they act merely as the mouthpiece of another entity.  *See, e.g., Baxter Int'l Inc. v. Baxter Healthcare Corp.,* 1996 U.S. Dist. LEXIS 3768, \*10 (N.D. Ill. March 26, 1996) (rev'd on other grounds) ("The testimony of plaintiffs' legal expert, Richard Wood, has been disregarded by the court, since it is the court's finding that Wood did not independently prepare his expert report, allowing himself to be a 'mouthpiece' for plaintiffs' attorneys."); *Dura Automotive Sys.of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 614 (7th Cir. 2002) (*Daubert* should be applied with "due regard" for experts' specializations; an expert, "however well credentialed he may be, is not permitted to be the mouthpiece of [an expert] in a different specialty").  Obviously, this would disqualify a litigant from acting as his or her own expert witness.

**B.     Legal Standard For Admissibility Of Non-Expert Testimony Under The Federal Rules of Evidence**

If the witness is not testifying as an expert, the Federal Rules of Evidence require that the declaration be "rationally based on the perception of the witness," and "not based on scientific, technical, or other specialized knowledge."  F.R.E. 701.  Under F.R.E. 602, non-expert testimony is only admissible if the witness has "personal knowledge of the matter," which echoes the requirement under F.R.C.P. 56.

Testimony by a non-expert witness that is based on hearsay is inadmissible.  F.R.E. 801; *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge, and a

hearsay affidavit is not a substitute for the personal knowledge of a party.") (citation omitted); *Block v. City of Los Angeles,* 253 F.3d 410, 419 (9th Cir. 2001) (excluding a declaration in an employment discrimination case because it was based on inadmissible hearsay since "[i]t is clear from the affidavit that [the declarant] was not personally involved in any of the disciplinary suspensions, and that he did not personally review any business records containing information regarding such disciplinary suspensions" and that instead, he "relied in information from (unsworn) departmental personnel officers, and the source of these officers' information is unclear").

Because declarations offered in connection with a motion for summary judgment must be based upon personal knowledge, a declaration based upon "information and belief" is insufficient as a matter of law. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950) (disregarding an affidavit submitted because it "was made upon information and belief and the relevant portion, at least, does not comply with Rule 56(e) of the Federal Rules of Civil Procedure").

If a declaration is grossly deficient, the entire declaration may be stricken. *Sellers,* 842 F.2d at 643 (excluding entire affidavit because "there was no way to ascertain which portions of [the] affidavit were based on personal knowledge, as opposed to information and belief"). A party is normally bound by its stipulation of facts. *Holland Livestock Ranch v. United States,* 714 F.2d 90, 93 (9th Cir. 1983).

## III. PARAGRAPHS 5 AND 7 OF THE FORREST DECLARATION MUST BE STRICKEN BECAUSE FORREST HAS NOT BEEN OFFERED AS AN EXPERT, IS UNQUALIFIED AS AN EXPERT, AND HIS TESTIMONY IS INADMISSIBLE AS A PERCIPIENT WITNESS

////

Paragraphs 5 and 7 of the Forrest Declaration consist of inadmissible hearsay. These paragraphs simply relate the content of what Forrest was told by others. Paragraph 5 begins by Forrest stating that he "learned that Mr. Burns was arrested by Officer Kimple for the assault on Lori Burns." This fails to tell how he "learned" of this event. What he is actually saying is that he "was told" this fact by someone, but we are not even given who the hearsay declarant was.

Forrest then states that he "learned" from Kimple and Williams "that Burns was very upset at the scene." This merely is an attempt to give what is clearly inadmissible hearsay an air of credibility. Forrest is simply telling us what Kimple and Williams told him, and this is inadmissible hearsay. *See* F.R.E. 801, 802, and F.R.C.P. 56. In addition to being hearsay, this statement is also irrelevant and serves only to prejudice the fact finder as its probative value is substantially outweighed by the danger of unfair prejudice. *See* F.R.E. 402 and 403.

Forrest continues on in paragraph 5 to relate that he "learned," which actually means he "was told" that "Lori Burns and perhaps her sister had stated . . . ." This is inadmissible hearsay within hearsay. *See* F.R.E. 801, 802, and 805. Forrest wraps up paragraph 5 by telling us that he learned from Officer Williams (Williams told him) that "Lori Burns stated that she owned both the trailers . . . ." This again is inadmissible hearsay within hearsay. *Id.*

Paragraph 7 of the Forrest Declaration suffers from the same infirmities as paragraph 5. It starts off with, "I was advised by Officer Williams that Lori Burns had consented . . ." This is inadmissible hearsay within hearsay. *Id.* The second sentence begins, "I was advised by Officer Zufall that Dwayne Burns had consented . . ." This again is hearsay within hearsay. Even granting that what Plaintiff may have said can be viewed as a party admission under F.R.E. 801(d)(2), there is no exception for the first level of hearsay, and is therefore inadmissible. F.R.E. 801, 802, 805.

Forrest has not been offered as an expert, and he does not qualify as an expert, regardless of defense counsel's designation of him as a "non-retained expert," because as a defendant he is not a reliable, **independent** expert which *Daubert* and *Kumho, supra,* requires.  As paragraphs 5 and 7 consist almost entirely of inadmissible hearsay for which no exception applies, along with portions that are irrelevant and prejudicial, they must be stricken.

IV. **THE KIMPLE DECLARATION MUST BE STRICKEN BECAUSE KIMPLE HAS NOT BEEN OFFERED AS AN EXPERT, IS UNQUALIFIED AS AN EXPERT, AND HIS TESTIMONY IS INADMISSIBLE AS A PERCIPIENT WITNESS AS IT CONSISTS MAINLY OF HEARSAY**

Like the Forrest Declaration, the Kimple Declaration consists almost entirely of inadmissible hearsay.  In paragraph 2 of his declaration Kimple states, "Dispatch advised me that there were multiple reporting parties about the domestic disturbance call."  This is inadmissible hearsay within hearsay, only we aren't given who "dispatch" was or the "multiple reporting parties."  F.R.E. 801, 802, 805.  The next four remaining sentences of paragraph 2 all relate what "dispatch advised" and are inadmissible hearsay.  *Id.*

Paragraph 3 of the Kimple Declaration states that, "Mr.Burns was upset and angry," and "His emotions ranged from anger to crying and he made statements that his life was over."  These portions are irrelevant and prejudicial and should be stricken.  F.R.E. 402 and 403.

The third sentence of paragraph 4 of the Kimple Declaration states, "Ms. Burns identified herself as the victim of an assault by her husband, Dwayne Burns."  Again, Kimple is merely relating what someone else told him, and as such is inadmissible hearsay which should be stricken.  F.R.E. 602, 801, and 802.

Paragraph 5 consists solely of what Lori Burns told him, and is entirely inadmissible.  *Id.*  In addition to consisting of hearsay, it is also inaccurate in that Kimple failed to mention that

Lori Burns also told him that she had moved out of the trailers and no longer had a key to either one of them. *See* Declaration of Lori Burns filed herein as "Exhibit D" in support of Plaintiff's Motion for Summary Judgment.

Paragraph 6 of the Kimple Declaration again begins with what Lori Burns "advised" him. Likewise, sentences 3, 4, and 5 each begin with, "She told me," and as such are inadmissible hearsay that should be stricken.  F.R.E. 602, 801, and 802.

Paragraphs 7 and 8 both consist entirely of what Lori Burns told Kimple and are inadmissible hearsay. *Id.*

Paragraph 9 consists entirely of what Shari McClendon told Kimple and as such is also inadmissible hearsay that must be stricken.  *Id.*

In paragraph 10 Kimple again includes the irrelevant and prejudicial portions about Plaintiff remaining "extremely angry" and "emotionally upset" which are irrelevant and prejudicial and serve no purpose other than to attempt to put Plaintiff in a bad light.  These portions should be stricken pursuant to F.R.E. 402 and 403.

Since Kimple has not been offered as an expert, and does not qualify as an expert because he is not an independent witness, his declaration must be judged under F.R.E. 602 and 801, which requires all testimony to be based on a witness's own personal knowledge and not be hearsay.  Moreover, a witness is not permitted to testify about inferences he thinks can be drawn, even from matters known to him personally. *See, Casey v. Ohio Medical Prods.,* 877 F. Supp. 1380, 1384; *Triton Energy Corp. v. Square D Company,* 68 F.3d 1216, 1222; WRIGHT, MILLER & KANE, FED. PRAC. AND PROC., CIVIL 3D § 2738 at 346-356 ("[C]onclusory facts and conclusions of law, as well as statements made on belief or on 'information and belief,' cannot be

utilized on a summary judgment motion.") (citations omitted).  Given the pervasive nature of the

hearsay included in the Kimple Declaration, the declaration should be stricken in its entirety.

## V.   THE WILLIAMS DECLARATION MUST BE STRICKEN BECAUSE WILLIAMS  HAS NOT BEEN OFFERED AS AN EXPERT, IS UNQUALIFIED AS AN EXPERT, AND HIS TESTIMONY IS INADMISSIBLE AS A PERCIPIENT WITNESS

Like the Forrest and Kimple Declarations, the Williams Declaration suffers from the

same malady.  It consists almost entirely of inadmissible hearsay, and like the Forrest and

Kimple Declarations, also contains irrelevant, prejudicial content which runs afoul of F.R.E. 402

and 403.  In paragraph 3, the third sentence reads, "At the time of my contact with Mr. Burns, he

was angry and combative."  Apparently defense counsel wants the Court to have no question

about the fact that the defendants believed Plaintiff was angry, upset, and combative.  This has

no relevance to the issues involved.  Angry people don't deserve to have their constitutional

rights violated any more than the Zen masters of calm do.  It is no more relevant than the fact

that, at last count, Williams had at least three open civil rights cases pending against him in both

state and federal courts.  As this statement is irrelevant, it should be stricken pursuant to F.R.E.

402 and 403.

Paragraph 4 consists nearly entirely of hearsay, only instead of "she told me" Williams

uses the more sophisticated "I learned."  It should be stricken as inadmissible hearsay.  F.R.E.

602, 801, and 802.  F.R.C.P. 56(c)(4).  The last sentence of paragraph 5 again relates what he

claims Lori Burns told him and should be stricken as well.

The second sentence of paragraph 6 begins, "Lori Burns stated," and the following

sentence begins, "She also stated."  The last sentence of paragraph 6 also begins, "Lori Burns

stated."  All of paragraph 6, except for the first sentence, is hearsay and should be stricken.  *Id.*

The last sentence of paragraph 8 reverts to more irrelevant and prejudicial subjects that should be stricken as well. For the Court's information, Plaintiff is a caregiver for a medical marijuana patient, and Plaintiff made this clear to the defendants. The fact that defendants failed to mention this fact is quite telling. Plaintiff's father is a diabetic who relies on insulin injections to survive. Plaintiff also is a caregiver for his father. Defendants also failed to include the fact that all of the charges against Plaintiff arising from this incident were subsequently dismissed. When asked by the state trial court judge why he was dismissing some of the charges against the Plaintiff, the Deputy D.A. handling the case informed the judge that the search conducted by the defendants was illegal. Plaintiff brings these facts to the Court's attention solely to rebut the defendants' sly implications.

Since Williams has not been offered as an expert, and does not qualify as an expert because he is not an independent witness, his declaration must be judged under F.R.E. 602 and 801, which requires all testimony to be based on a witness's own personal knowledge and not be hearsay. For the same reasons that Kimple's Declaration should be stricken in its entirety, Williams' Declaration should also be stricken in its entirety as well. *Id.*

## VI. THE ZUFALL DECLARATION MUST BE STRICKEN BECAUSE ZUFALL HAS NOT BEEN OFFERED AS AN EXPERT, IS UNQUALIFIED AS AN EXPERT, AND HER TESTIMONY IS INADMISSIBLE AS A PERCIPIENT WITNESS

At the risk of sounding repetitive, the Zufall Declaration fails to meet the requirements of F.R.C.P. 56(c)(4) for the same reasons as the Forrest, Kimple, and Williams Declarations. The second half of the first sentence of paragraph 3 of the Zufall Declaration reads, "I was advised by Officer Williams of the Redding Police Department that Williams had obtained consent from Lori Burns to search the trailers at space 5 and space 23." The next sentence begins, "Officer

Williams advised me that he had learned from Lori Burns . . ." Except for the first half of the

first sentence, the remainder of paragraph 3 consists of inadmissible hearsay within hearsay and

should be stricken. F.R.E. 602, 801, 802, and 805; F.R.C.P. 56(c)(4). Paragraph 4 consists

entirely of such inadmissible hearsay within hearsay as well, and should likewise be stricken. *Id.*

The first half of the first sentence of paragraph 6 beginning with, "In that Officer

Williams told me . . .," relates the same hearsay within hearsay concerning what Williams said

that Lori Burns had said. This is hearsay within hearsay and should be stricken. *Id.*

The first sentence of paragraph 9 contains irrelevant, prejudicial content that should be

stricken. F.R.E. 402 and 403; F.R.C.P. 56(c)(4). The fact that Plaintiff was on bail for an arrest

involving another charge is no more relevant to the issues involved than the fact that Zufall

signed her declaration while she was on paid administrative leave as a result of her involvement

in a fatal shooting.

Since Zufall has not been offered as an expert, and does not qualify as an expert because

she is not an independent witness, her declaration must be judged under F.R.E. 602 and 801,

which requires all testimony to be based on a witness's own personal knowledge and not be

hearsay. For the same reasons that Kimple's and Williams' Declarations should be stricken in

their entirety, Zufall's Declaration should also be stricken in its entirety as well. *Id.*

## VII.  THE CARMONA DECLARATION MUST BE STRICKEN BECAUSE IT FAILS TO COMPLY WITH THE FEDERAL RULE OF EVIDENCE AND OTHER RULES FOR ADMISSIBILITY

### A.  Carmona's Testimony Is Incompetent.

In order for a declarant to be competent to testify, his testimony must be based on his

own personal knowledge, and not on information and belief. *See, Casey v. Ohio Medical Prods.,*

877 F. Supp. at 1384; *Triton Energy Corp.,* 68 F.3d at 1222; WRIGHT,MILLER & KANE, FED.

PRAC. AND PROC., CIVIL 3D § 2738 at 346-356 ("[C]onclusory facts and conclusions of law, as well as statements made on belief or on 'information and belief,' cannot be utilized on a summary judgment motion.") (citations omitted).  Carmona's Declaration fails to state whether it is based on his own personal knowledge, information and belief, or some other basis.

In paragraph 3 Carmona states that ,"No government claim was filed by Mr. Burns with the City of Redding regarding the incident which is the subject of his Complaint and the subject of Redding Police Department Report No. 07-33339." This is a conclusory fact and/or a conclusion of law which cannot be utilized on a summary judgment motion.

Carmona has not been offered as an expert, is unqualified as an expert due to his involvement with the case, and his testimony is inadmissible.  As *Casey* and *Triton, supra,* makes clear, Carmona is not permitted to testify about inferences he thinks can be drawn, even from matters known to him personally.

**B.    Carmona Was Not Disclosed To Plaintiff During Discovery.**

Plaintiff submitted a number of discovery inquiries to the defendants which would compel the disclosure of Carmona as a witness in this action.[4]  Under F.R.C.P. 37(c)(1), if a party fails to provide information or identify a witness as required by F.R.C.P. 26(a) or 26(e), the party is not allowed to use that information or witness to supply **evidence on a motion**, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Plaintiff propounded the following Interrogatories to the defendants that would require the disclosure of Carmona as a witness, as well as the substance of his testimony:

Plaintiff's First Set of Interrogatories Propounded to Defendant William Forrest:
Interrogatories no. 10, and 18;

---

[4]  See Plaintiff's exhibits attached hereto consisting of the various Interrogatories which require the disclosure of Carmona's testimony to the Plaintiff.

Page 12 – Memorandum In Support of Motion to Strike Defendants' Declarations

Plaintiff's First Set of Interrogatories Propounded to Defendant Kevin Kimple: Interrogatories no. 20 and 21;

Plaintiff's First Set of Interrogatories Propounded to Defendant Will Williams: Interrogatories no. 18, 19, and 20;

Plaintiff's First Set of Interrogatories Propounded to Defendant Rebecca Zufall: Interrogatories no. 16, 17, and 18.[5]

In addition to the foregoing Interrogatories, Plaintiff sought discovery of all documents related to the instant case through Requests for Production of Documents. Plaintiff propounded the following Document Request, in identical form, to each of the defendants:

1. All documents that concern or are relevant to the incident described in the Amended Complaint, including documents that concern or are related to the arrest and detention of the Plaintiff; police internal affairs investigations relating to the incident; statements or interviews of witnesses, informants, plaintiff, and any other police officers who had any role or contact with the case; incident reports; and tapes and transcripts of radio messages made concerning the incident and all reports of such radio messages.[6]

### C. Page Four of the Carmona Declaration Lacks Authentication.

Page four of the Carmona Declaration appears to be a printout of a computer screen, but we are not told whose computer screen it is supposed to be a printout of, what its relevance to the issues at hand are, or when it was created. F.R.E. 901(a) requires as a condition precedent to admissibility that the evidence be identified or authenticated that the matter in question is what the proponent claims it is. In this case, we are not told **anything at all** by the proponent as to what the page is supposed to be. Accordingly, it lacks authentication and must be stricken from the record. F.R.E. 901.

////

---

[5] Plaintiff has attached hereto the defendants' responses to the foregoing Interrogatories as Exhibits A - D, and hereby incorporates them herein by reference. In compliance with Local Rule 250.2(c), Plaintiff has filed herewith only the part of the set of interrogatories and answers that is in issue.

[6] Plaintiff has attached the relevant portions hereto as Exhibit E in accordance with Local Rule 250.3(c)

**VIII.   EACH OF THE DEFENDANTS' DECLARATIONS FILED HEREIN SHOULD BE STRICKEN AS THEY CONSIST OF WRITTEN STATEMENTS WERE NOT DISCLOSED TO PLAINTIFF PRIOR TO SERVICE OF THE MOTION FOR SUMMARY JUDGMENT**

Like the Carmona Declaration filed herein, each of the defendants's declarations consist of a written statement which was "obtained" by defense counsel on behalf of each of the other defendants, and was not provided to Plaintiff during discovery, or at any time prior to the service of the motion for summary judgment filed herein.

Interrogatory No. 20 propounded to defendant Will Williams, Interrogatory No. 18 propounded to defendant Williams Forrest and defendant Rebecca Zufall, and Interrogatory No. 21 propounded to defendant Kevin Kimple, each ask specifically if either the defendant or anyone acting on their behalf obtained a written or recorded statement from **any individual** concerning the incident.  Each of the defendants responded in the negative.[7]  F.R.C.P. 37(c)(1) requires that each of the defendants' declarations be stricken due to the defendants' failures to disclose them to the Plaintiff as required by F.R.C.P. 26(a) or F.R.C.P. 26(e).

None of the defendants disclosed the existence of the other defendants' declarations in a supplemental response to the Interrogatories which were propounded to them.  Accordingly, the parties are not allowed to use the declarations as evidence on their motions pursuant to F.R.C.P. 37(c)(1).

**IX.   CONCLUSION**

For the reasons stated herein above, the declarations of each of the defendants, as well as the declaration of Carmona, filed herein in support of their motion for summary judgment must be stricken in their entirety because they were not provided to the Plaintiff during discovery, or at any time prior to the service of their motion for summary judgment filed herein.

---

[7]   See each of the corresponding Responses to Interrogatories attached hereto.

If for any reason the Court should decide not to stricken or exclude the defendants'

declarations filed in support of their motion in their entirety, then in the alternative, the Court

should stricken the parts which consist of inadmissible hearsay as identified herein above.

DATED this 13rd day of April, 2011.                          Respectfully submitted,

Dwayne B. Burns
Plaintiff, *In Pro Per*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, a true and correct copy of the foregoing document

(including the accompanying exhibits, and attachments, if any) was served on all parties by

telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney

of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

Dwayne B. Burns, *In Pro Per*

Page 15 – Memorandum In Support of Motion to Strike Defendants' Declarations

EXHIBIT A

1 | **GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar No. 212139**
2 | BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
3 | Redding, CA 96001
(530) 245-1877
4 | (530) 245-1879 (fax)

5 | Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6 | and REBECCA ZUFALL

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | DWAYNE B. BURNS,                    Case No.2:09-CV-00497-MCE-CMK

11 |          Plaintiff,

12 | vs.                          **RESPONSE TO INTERROGATORIES**

13 | MICHAEL MUKASEY, in his official
capacity as Attorney General of the
14 | United State of America, et al.,

15 |          Defendants.
          _____/
16 |

17 | REQUESTING PARTY:   Plaintiff, DWAYNE BURNS

18 | RESPONDING PARTY:   Defendant, WILLIAM FORREST

19 | SET NO.:            ONE

20 |          Defendant WILLIAM FORREST hereby responds to the First Set

21 | of Interrogatories propounded by Plaintiff DWAYNE BURNS on August 19,

22 | 2010 as follows:

23 |

24 | **INTERROGATORY NO. 1**: State your full name, residence address, business

25 | address, date and place of birth, height, weight, social security

26 | number, marital status, driver's license number, employer, badge

27 | number, and/or departmental serial number (DSN).

28 |

1  **ANSWER**: No.

2

3  **INTERROGATORY NO. 9**: State whether you have had any conversations or
4  communications regarding the subject matter of Plaintiff's Complaint
5  with anyone in the City of Redding Police Department, or anyone
6  outside of the department, subsequent to the incident.

7      If so, further set forth:

8      (a)  the   nature   and   substance   of   the   conversation   or
9           communication, including the identity of each individual
10          who    participated    in    each    such    conversation    or
11          communication, and the date and time of day of each such
12          conversation or communication;

13     (b)  whether the conversation or communication was oral or
14          written, and if written, the identity of the present
15          custodian of such written conversation or communication.

16

17  **ANSWER**: No.

18

19  **INTERROGATORY NO. 10**: Identify (setting forth the name, title, and
20  position, as well as other identifying information) each person whom
21  you or your attorney expect to call as an expert witness at the trial
22  of this matter.

23     In doing so,

24     (a)  State the general nature of the subject matter on which
25          each expert is expected to testify; and

26     (b)  State the substance and nature of the facts and opinions to
27          which each expert is expected to testify and a summary of
28          the grounds of each opinion.

---

1

2   **ANSWER**: Objection, responding party has complied with the Court's

3 Scheduling Order and previously served the plaintiff with this party's

4 disclosure of expert witnesses. Responding party will not provide

5 that information for a second time.

6

7

8   **INTERROGATORY NO. 11**: At the time of the incident alleged in

9 Plaintiff's Amended Complaint, was there in effect one or more

10 insurance agreements under which any person carrying on an insurance

11 business or any insurance pool or self insurance program or pool may

12 be liable to satisfy part or all of a judgment that may be entered in

13 this action or to indemnify or reimburse payments made to satisfy the

14 judgement?

15     If so, please set forth a description of each policy, including

16 the name and address of the company issuing each such policy; the

17 policy number of each such policy; the effective dates of the policy;

18 company issuing each such policy; the policy number of each such

19 policy.

20

21   **ANSWER**: Yes. The City of Redding is a participant in a Joint Powers

22 Agreement. There is no specific policy number.

23

24   **INTERROGATORY NO. 12**: Did you conduct, or assist in the conduct, of

25 a search of the interior of Plaintiff's residence located at 5812

26 Cedars Road, Space 5, on or about May 21, 2007?

27     If so, set forth:

28     a) whether you were instructed to conduct said search of

---

1  is yes, for each individual state the name, address, and telephone
2  number of the individual interviewed, the date of the interview, and
3  the name, address, and telephone number of the person who conducted
4  the interview.

5

6  **ANSWER**: No, except as described in the police report.

7

8  **INTERROGATORY NO. 18**: Have you or anyone acting on your behalf
9  obtained a written or recorded statement from any individual
10 concerning the incident?  If your answer is yes, for each statement
11 state the name, address, and telephone number of the individual from
12 whom the statement was obtained, the date the statement was obtained,
13 the named, address, and telephone number of the person who obtained
14 the statement, and the name, address, and telephone number of each
15 person who has the original statement or a copy.

16

17 **ANSWER**: No.

18

19 **INTERROGATORY NO. 19**:  On the date of the incident described herein,
20 did you make any statements, or have any communication, with any
21 members of the Plaintiff's family?

22      If so, set forth:

23      g)    the    nature    and    substance    of    the    conversation    or
24            communication, including the identity of each individual
25            who    participated    in    each    such    conversation    or
26            communication, and the date and time of day of each
27            conversation or communication;

28      h)    whether the conversation or communication was oral or

1          written, and if written, the identity of the present

2          custodian of such written conversation or communication.

3

4   **ANSWER:** I do not have any recollection of communication with the

5   plaintiff's family.

6

7   DATED: September 21, 2010.                BRICKWOOD LAW OFFICE

8

9                                             _____

10                                            GARY BRICKWOOD
                                              Attorney for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

RESPONSE TO INTERROGATORIES, SET ONE                                    11

**VERIFICATION**

I am a Defendant in the foregoing action, and have read the **Response to Interrogatories, Set No. One**, know the contents thereof and verify that the same is true of my own knowledge.

I declare, under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct of my own knowledge.

Executed on _____9/12_____, 2010, at Redding, California.

_____

WILLIAM FORREST

EXHIBIT B

1 | **GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar No. 212139**
2 | BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
3 | Redding, CA 96001
(530) 245-1877
4 | (530) 245-1879 (fax)

5 | Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6 | and REBECCA ZUFALL

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | DWAYNE B. BURNS,                    Case No.2:09-CV-00497-MCE-CMK

11 |         Plaintiff,

12 | vs.                         **RESPONSE TO INTERROGATORIES**

13 | MICHAEL MUKASEY, in his official
capacity as Attorney General of the
14 | United State of America, et al.,

15 |         Defendants.
_____/
16 |

17 | REQUESTING PARTY:   Plaintiff, DWAYNE BURNS

18 | RESPONDING PARTY:   Defendant, KEVIN KIMPLE

19 | SET NO.:         ONE

20 |         Defendant KEVIN KIMPLE hereby responds to the First Set of

21 | Interrogatories propounded by Plaintiff DWAYNE BURNS on August 19,

22 | 2010 as follows:

23 |

24 | **INTERROGATORY NO. 1**: State your full name, residence address, business

25 | address, date and place of birth, height, weight, social security

26 | number, marital status, driver's license number, employer, badge

27 | number, and/or departmental serial number (DSN).

28 |

1         (a)   Redding Police Report No. 07-33339 dated May 21, 2007.

2         (b)   Redding Police Department

3

4    **INTERROGATORY NO. 9**: State whether you have had any conversations or
5    communications regarding the subject matter of Plaintiff's Complaint
6    with anyone in the City of Redding Police Department, or anyone
7    outside of the department, subsequent to the incident.

8        If so, further set forth:

9         (a)   the   nature   and   substance   of   the   conversation   or
10           communication, including the identity of each individual
11           who   participated   in   each   such   conversation   or
12           communication, and the date and time of day of each such
13           conversation or communication;

14        (b)   whether the conversation or communication was oral or
15           written, and if written, the identity of the present
16           custodian of such written conversation or communication.

17

18   **ANSWER**: No.

19

20   **INTERROGATORY NO. 10**: Identify (setting forth the name, title, and
21   position, as well as other identifying information) each person whom
22   you or your attorney expect to call as an expert witness at the trial
23   of this matter.

24       In doing so,

25        (a)   State the general nature of the subject matter on which
26           each expert is expected to testify; and

27   //

28   //

1     (b)   State the substance and nature of the facts and opinions to
2           which each expert is expected to testify and a summary of
3           the grounds of each opinion.

4

5 **ANSWER:** Objection, responding party has complied with the Court's
6 Scheduling Order and previously served the plaintiff with this party's
7 disclosure of expert witnesses.   Responding party will not provide
8 that information for a second time.

9

10

11 **INTERROGATORY NO. 11:**   At the time of the incident alleged in
12 Plaintiff's Amended Complaint, was there in effect one or more
13 insurance agreements under which any person carrying on an insurance
14 business or any insurance pool or self insurance program or pool may
15 be liable to satisfy part or all of a judgment that may be entered in
16 this action or to indemnify or reimburse payments made to satisfy the
17 judgement?

18     If so, please set forth a description of each policy, including
19 the name and address of the company issuing each such policy; the
20 policy number of each such policy; the effective dates of the policy;
21 company issuing each such policy; the policy number of each such
22 policy.

23

24 **ANSWER:**   Yes.   The City of Redding is a participant in a Joint Powers
25 Agreement.   There is no specific policy number.

26

27 **INTERROGATORY NO. 12:** Did you conduct, or assist in the conduct, of
28 a search of the interior of Plaintiff's residence located at 5812

---

1 **INTERROGATORY NO. 18:** State the name, address and telephone number of
2 each individual who witnessed the incident or the events immediately
3 before or after the incident.

4

5 **ANSWER:** Redding Police Officers, Kevin Kimple, Will Williams, Rebecca
6 Zufall, Redding Police Department Corporal William Forrest, Lori
7 Burns, Shari McClendon and defendant Dwayne Burns.

8

9 **INTERROGATORY NO. 19:** State the name, address and telephone number of
10 each individual who made any statement or heard any statement made
11 about the incident at the scene.

12

13 **ANSWER:** Responding party incorporates herein the response to
14 Interrogatory No. 17.

15

16 **INTERROGATORY NO. 20:** Have you or anyone acting on your behalf
17 interviewed any individual concerning the incident?  If your answer
18 is yes, for each individual state the name, address, and telephone
19 number of the individual interviewed, the date of the interview, and
20 the name, address, and telephone number of the person who conducted
21 the interview.

22

23 **ANSWER:** No, except as described in the police report.

24

25 **INTERROGATORY NO. 21:** Have you or anyone acting on your behalf
26 obtained a written or recorded statement from any individual
27 concerning the incident?  If your answer is yes, for each statement
28 state the name, address, and telephone number of the individual from

1  whom the statement was obtained, the date the statement was obtained,
2  the named, address, and telephone number of the person who obtained
3  the statement, and the name, address, and telephone number of each
4  person who has the original statement or a copy.

6  **ANSWER**: No.

8  **INTERROGATORY NO. 22**: On the date of the incident described herein,
9  did you make any statements, or have any communication, with any
10  members of the Plaintiff's family?

11      If so, set forth:

12      (a)   the nature and substance of the conversation or
13          communication, including the identity of each individual
14          who participated in each such conversation or
15          communication, and the date and time of day of each
16          conversation or communication;

17      (b)   whether the conversation or communication was oral or
18          written, and if written, the identity of the present
19          custodian of such written conversation or communication.

21  **ANSWER**: On the date of the incident I spoke with Lori Burns.  This
22  information is contained within the RPD report No. 07-33339 dated
23  5/21/07.

25  DATED: September 21, 2010.          BRICKWOOD LAW OFFICE

27                            GARY BRICKWOOD
28                            Attorney for Defendants

1

2

**VERIFICATION**

3

4         I am a Defendant in the foregoing action, and have read the

5    **Response to Interrogatories, Set No. One**, know the contents thereof
     and verify that the same is true of my own knowledge.

6         I declare, under the penalty of perjury, under the laws of the

7    State of California, that the foregoing is true and correct of my own
     knowledge.

8         Executed on _9-14-10_, 2010, at Redding, California.

9

10                                   KEVIN KIMPLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

1    **GARY BRICKWOOD, State Bar No. 94892**
     BRICKWOOD LAW OFFICE
2    1135 Pine Street, Suite 210
     Redding, CA 96001
3    (530) 245-1877
     (530) 245-1879 (fax)
4
     Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
5    PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
     and REBECCA ZUFALL
6

7
                       UNITED STATES DISTRICT COURT
8
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9
     DWAYNE B. BURNS,                    Case No.2:09-CV-00497-MCE-CMK
10
             Plaintiff,
11
     vs.                                **RESPONSE TO INTERROGATORIES**
12
     MICHAEL MUKASEY, in his official
13   capacity as Attorney General of the
     United State of America, et al.,
14
             Defendants.
15   _____/

16
     REQUESTING PARTY:   Plaintiff, DWAYNE BURNS
17
     RESPONDING PARTY:   Defendant, WILL WILLIAMS
18
     SET NO.:            ONE
19
         Defendant WILL WILLIAMS hereby responds to the First Set of
20
     Interrogatories propounded by Plaintiff DWAYNE BURNS on August 13,
21
     2010 as follows:
22

23
     **INTERROGATORY NO. 1:** State your full name, residence address, business
24
     address, date and place of birth, height, weight, social security
25
     number, marital status, driver's license number, employer, badge
26
     number, and/or departmental serial number (DSN).
27

28
     **ANSWER:** Objection, the interrogatory is compound and is overbroad and

INTERROGATORIES, SET ONE                                                    1

1  21, 2007 at the scene as well as with Lori Burns about the incident.

2

3  **INTERROGATORY NO. 10**: Identify (setting forth the name, title, and
4  position, as well as other identifying information) each person whom
5  you or your attorney expect to call as an expert witness at the trial
6  of this matter.

7      In doing so,

8      (a)   State the general nature of the subject matter on which
9            each expert is expected to testify; and

10     (b)   State the substance and nature of the facts and opinions to
11           which each expert is expected to testify and a summary of
12           the grounds of each opinion.

13

14 **ANSWER**: Objection.   The interrogatory violates the attorney work
15 product and violates the court scheduling order regarding disclosure
16 of expert witnesses.

17

18 **INTERROGATORY NO. 11**:   At the time of the incident alleged in
19 Plaintiff's Amended Complaint, was there in effect one or more
20 insurance agreements under which any person carrying on an insurance
21 business or any insurance pool or self insurance program or pool may
22 be liable to satisfy part or all of a judgment that may be entered in
23 this action or to indemnify or reimburse payments made to satisfy the
24 judgement?

25     If so, please set forth a description of each policy, including
26 the name and address of the company issuing each such policy; the
27 policy number of each such policy; the effective dates of the policy;
28 company issuing each such policy; the policy number of each such

1  **INTERROGATORY NO. 16:** Have you had any meetings, conversations, or
2  communications with Kelly Anne Troehler, or any other employees of
3  Starbuck's Coffee Company concerning the Plaintiff?

4      If so, set forth:

5      (f)  the   nature   and   substance   of   the   conversation   or
6           communication, including the identity of each individual
7           who   participated   in   each   such   conversation   or
8           communication, and the date and time of day of each such
9           conversation or communication;

10     (g)  whether the conversation or communication was oral or
11          written, and if written, the identity of the present
12          custodian of such written conversation or communication;
13          and

14     (h)  the location where any such meeting(s) took place.

15 **ANSWER:**   Objection,   the   interrogatory   seeks   information   neither
16 relevant to the lawsuit or within the scope of discovery.

17

18 **INTERROGATORY NO. 17:** State the name, address and telephone number of
19 each individual who witnessed the incident or the events immediately
20 before or after the incident.

21 **ANSWER:** Redding Police Officers, Kevin Kimple, Will Williams, Rebecca
22 Zufall, Redding Police Department Corporal William Forrest, Lori
23 Burns, Shari McClendon and defendant Dwayne Burns.

24

25

26 **INTERROGATORY NO. 18:** State the name, address and telephone number of
27 each individual who made any statement or heard any statement made
28 about the incident at the scene.

---

**INTERROGATORIES, SET ONE**                                            **11**

1  **ANSWER**: Responding party incorporates herein the response to
2  Interrogatory No. 17.

3

4  **INTERROGATORY NO. 19**: Have you or anyone acting on your behalf
5  interviewed any individual concerning the incident?  If your answer
6  is yes, for each individual state the name, address, and telephone
7  number of the individual interviewed, the date of the interview, and
8  the name, address, and telephone number of the person who conducted
9  the interview.

10  **ANSWER**: No, except as described in the police report.

11

12  **INTERROGATORY NO. 20**: Have you or anyone acting on your behalf
13  obtained a written or recorded statement from any individual
14  concerning the incident?  If your answer is yes, for each statement
15  state the name, address, and telephone number of the individual from
16  whom the statement was obtained, the date the statement was obtained,
17  the named, address, and telephone number of the person who obtained
18  the statement, and the name, address, and telephone number of each
19  person who has the original statement or a copy.

20

21  **ANSWER**: No.

22

23

24  DATED: September 15, 2010.             BRICKWOOD LAW OFFICE

25

26  _____

27                                          GARY BRICKWOOD
                                           Attorney for Defendants

28

---

1

## VERIFICATION

2

3      I am a Defendant in the foregoing action, and have read the
4  **Response to Interrogatories, Set No. One**, know the contents thereof
   and verify that the same is true of my own knowledge.
5      I declare, under the penalty of perjury, under the laws of the
6  State of California, that the foregoing is true and correct of my own
7  knowledge.
       Executed on _____, 2010, at Redding, California.
8

9  _____
       WILL WILLIAMS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT D

1   **GARY BRICKWOOD, State Bar No. 94892**
    **RODNEY M. BLACO, State Bar No. 212139**
2   BRICKWOOD LAW OFFICE
    1135 Pine Street, Suite 210
3   Redding, CA 96001
    (530) 245-1877
4   (530) 245-1879 (fax)

5   Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
    PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6   and REBECCA ZUFALL

7

8                 UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DWAYNE B. BURNS,             Case No.2:09-CV-00497-MCE-CMK

11         Plaintiff,

12   vs.              **RESPONSE TO INTERROGATORIES**

13   MICHAEL MUKASEY, in his official
    capacity as Attorney General of the
14   United State of America, et al.,

15         Defendants.
    _____/
16

17   REQUESTING PARTY:   Plaintiff, DWAYNE BURNS

18   RESPONDING PARTY:   Defendant, REBECCA ZUFALL

19   SET NO.:          ONE

20         Defendant REBECCA ZUFALL hereby responds to the First Set

21   of Interrogatories propounded by Plaintiff DWAYNE BURNS on August 19,

22   2010 as follows:

23

24   **INTERROGATORY NO. 1**: State your full name, residence address, business

25   address, date and place of birth, height, weight, social security

26   number, marital status, driver's license number, employer, badge

27   number, and/or departmental serial number (DSN).

28

1 **ANSWER**: Yes.  I prepared a written supplemental report.

2    (a)   Redding Police Report No. 07-33339 dated May 21, 2007.

3    (b)   Redding Police Department

4

5 **INTERROGATORY NO. 9**: State whether you have had any conversations or

6 communications regarding the subject matter of Plaintiff's Complaint

7 with anyone in the City of Redding Police Department, or anyone

8 outside of the department, subsequent to the incident.

9    If so, further set forth:

10    (a)   the   nature   and   substance   of   the   conversation   or

11         communication, including the identity of each individual

12         who   participated   in   each   such   conversation   or

13         communication, and the date and time of day of each such

14         conversation or communication;

15    (b)   whether the conversation or communication was oral or

16         written,  and  if  written,  the  identity  of  the  present

17         custodian of such written conversation or communication.

18

19 **ANSWER**: No.

20

21 **INTERROGATORY NO. 10**: Identify (setting forth the name, title, and

22 position, as well as other identifying information) each person whom

23 you or your attorney expect to call as an expert witness at the trial

24 of this matter.

25    In doing so,

26    (a)   State the general nature of the subject matter on which

27         each expert is expected to testify; and

28    (b)   State the substance and nature of the facts and opinions to

1              which each expert is expected to testify and a summary of
2              the grounds of each opinion.

3

4  **ANSWER**: Objection, responding party has complied with the Court's
5  Scheduling Order and previously served the plaintiff with this party's
6  disclosure of expert witnesses.  Responding party will not provide
7  that information for a second time.

8

9

10  **INTERROGATORY NO. 11**:    At  the  time  of  the  incident  alleged  in
11  Plaintiff's  Amended  Complaint,  was  there  in  effect  one  or  more
12  insurance agreements under which any person carrying on an insurance
13  business or any insurance pool or self insurance program or pool may
14  be liable to satisfy part or all of a judgment that may be entered in
15  this action or to indemnify or reimburse payments made to satisfy the
16  judgement?

17      If so, please set forth a description of each policy, including
18  the name and address of the company issuing each such policy; the
19  policy number of each such policy; the effective dates of the policy;
20  company issuing each such policy; the policy number of each such
21  policy.

22

23  **ANSWER**:  Yes.  The City of Redding is a participant in a Joint Powers
24  Agreement.  There is no specific policy number.

25

26  **INTERROGATORY NO. 12**: Did you conduct, or assist in the conduct, of
27  a search of the interior of Plaintiff's residence located at 5812
28  Cedars Road, Space 5, on or about May 21, 2007?

---

1         conduct such search;

2       f)   any and all material facts that you contend gave you
3          authority to conduct said search, and the authority by
4          which you felt authorized to conduct said search.

5

6   **ANSWER**: Yes.  Officer Williams obtained consent from Lori Burns.
7   Officer Williams and I then proceeded with the search.

8

9   **INTERROGATORY NO. 14**:  Have you ever been subject to a restraining
10  order, or asked that a restraining order be issued on your behalf?

11

12  **ANSWER**:  Responding party objects that the interrogatory seeks
13  information that is neither relevant to the subject of the lawsuit nor
14  likely to lead to the discovery of admissible evidence and therefore
15  beyond the scope of discovery.  Furthermore, the interrogatory seeks
16  to invade the privacy of Officer Zufall.

17

18  **INTERROGATORY NO. 15**:  State the name, address and telephone number
19  of each individual who witnessed the incident or the events
20  immediately before or after the incident.

21

22  **ANSWER**:  Redding Police Officers, Kevin Kimple, Will Williams, Rebecca
23  Zufall, Redding Police Department Corporal William Forrest, Lori
24  Burns, Shari McClendon and defendant Dwayne Burns.

25

26  **INTERROGATORY NO. 16**:  State the name, address and telephone number
27  of each individual who made any statement or heard any statement made
28  about the incident at the scene.

---

1   **ANSWER**:  Responding  party  incorporates  herein  the  response  to
2   Interrogatory No. 17.

3

4   **INTERROGATORY NO. 17**: Have  you  or  anyone  acting  on  your  behalf
5   interviewed  any  individual  concerning  the  incident?   If your answer
6   is yes, for each individual state the name, address, and telephone
7   number of the individual interviewed, the date of the interview, and
8   the name, address, and telephone number of the person who conducted
9   the interview.

10

11  **ANSWER**: No, except as described in the police report.

12

13  **INTERROGATORY NO. 18**: Have  you  or  anyone  acting  on  your  behalf
14  obtained  a  written  or  recorded  statement  from  any  individual
15  concerning the incident?  If your answer is yes, for each statement
16  state the name, address, and telephone number of the individual from
17  whom the statement was obtained, the date the statement was obtained,
18  the named, address, and telephone number of the person who obtained
19  the statement, and the name, address, and telephone number of each
20  person who has the original statement or a copy.

21

22  **ANSWER**: No.

23

24  **INTERROGATORY NO. 19**: Have you ever asked that the Plaintiff be listed
25  as "hostile to law enforcement" or be described as something similar
26  to that description, in any police data base, "Shascom", or any other
27  compilation of law enforcement information?
28      If so, set forth:

1      a)    the date, time, and location where you made such a request;

2      b)    to whom the request was made;

3      c)    the reason, or reasons you made such a request;

4      d)    the authority under which you felt authorized to make such

5            a request; and

6      e)    the purpose upon which you made such a request.

7

8  **ANSWER**: Responding party does not have any recollection of making any

9  such request.

10

11  **INTERROGATORY NO. 20:** Subsequent to the incident describe in the

12  Amended Complaint filed herein, have you had any contact, meetings,

13  or communications with any members of Plaintiff's immediate family?

14     If so, set forth:

15      a)    the date, time, and location of any such contact or

16            communication;

17      b)    the nature and purpose of the contact or communication;

18      c)    whether any report, either verbal or written, was made

19            concerning the contact or communication; and

20      d)    the name and address of the immediate family member of the

21            Plaintiff with whom you had any contact or communication.

22  **ANSWER:** No.

23

24  DATED: September 21, 2010.         BRICKWOOD LAW OFFICE

25

26

                                   GARY BRICKWOOD

27                                 Attorney for Defendants

28

1

## **VERIFICATION**

2

3

4      I am a Defendant in the foregoing action, and have read the
**Response to Interrogatories, Set No. One**, know the contents thereof

5   and verify that the same is true of my own knowledge.

6      I declare, under the penalty of perjury, under the laws of the
State of California, that the foregoing is true and correct of my own

7   knowledge.

8      Executed on _09|13_____, 2010, at Redding, California.

9

10                         REBECCA ZUFALL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

1 **GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar No. 212139**
2 BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
3 Redding, CA 96001
(530) 245-1877
4 (530) 245-1879 (fax)

5 Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6 and REBECCA ZUFALL

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10 DWAYNE B. BURNS,                        Case No.2:09-CV-00497-MCE-CMK

11           Plaintiff,

12 vs.                                **RESPONSE    TO    REQUEST    FOR**
                                      **PRODUCTION OF DOCUMENTS**
13 MICHAEL MUKASEY, in his official
capacity as Attorney General of the
14 United State of America, et al.,

15           Defendants.
                                    /
16 _____

17 REQUESTING PARTY:    Plaintiff, DWAYNE BURNS

18 RESPONDING PARTY:    Defendant, WILL WILLIAMS

19 SET NO.:             ONE

20           Defendant WILL WILLIAMS hereby responds to the Request for

21 Production of Documents propounded by Plaintiff DWAYNE BURNS on August

22 19, 2010 as follows:

23

24 **REQUEST NO. 1:**

25 All documents that concern or are relevant to the incident described

26 in the Amended Complaint, including those documents that concern or

27 are related to the arrest and detention of Plaintiff; police internal

28 affairs investigations relating to the incident; statements or

_____

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS. SET ONE                1

1  interviews of witnesses, informants, plaintiff, and any other police
2  officers who had any role or contact with the case; incident reports;
3  and tapes and transcripts of radio messages made concerning the
4  incident and all reports of such radio messages.

5

6  **RESPONSE:** Responding party agrees to comply with the request and
7  incorporates herein those documents produced as Exhibit 1 to Defendant
8  KIMPLE'S Response to Request for Production of Documents.  As to any
9  tapes and transcripts of radio messages, SHASCOM only maintains that
10 information for one year and one day from the date of incident, and
11 therefore that information is unavailable to responding party.

12

13 **REQUEST NO. 2:**
14 All documents that comprise or are part of the personnel files of
15 defendant WILL WILLIAMS, including the disciplinary record, any other
16 Documents in the possession of the defendant that concern his
17 training, duties, performance, assignments, and mental and physical
18 condition.

19

20 **RESPONSE:**
21 Responding party objects that the request is overbroad and seeks
22 documents that are neither relevant to the subject of the lawsuit nor
23 likely to lead to the discovery of admissible evidence and are
24 therefore beyond the scope of discovery.   Also, the requested
25 documents are protected by the privacy rights of the responding party.
26 Responding party objects on these grounds and will not comply with the
27 request in its entirety as phrased, except that the training records
28 for the responding party are produced as Exhibit 2.

1 **REQUEST NO. 6:**

2 All employment applications submitted by defendant WILL WILLIAMS to
3 RPD.

4

5 **RESPONSE:**

6 Responding party objects that the request is overbroad and seeks
7 documents that are neither relevant to the subject of the lawsuit nor
8 likely to lead to the discovery of admissible evidence and are
9 therefore beyond the scope of discovery.  Also, the requested
10 documents are protected by the privacy rights of the responding party.
11 Responding party objects on these grounds and will not comply with the
12 request.

13

14 DATED: September 21, 2010.          BRICKWOOD LAW OFFICE

15

16                                    _____

17                                    GARY BRICKWOOD
                                     Attorney for Defendants

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION

2

3      I am a Defendant in the foregoing action, and have read the

4  **Response to Request for Production of Documents, Set No. One**, know the

contents thereof and verify that the same is true of my own knowledge.

5      I declare, under the penalty of perjury, under the laws of the

6  State of California, that the foregoing is true and correct of my own

7  knowledge.

   Executed on _Sept 9_ , 2010, at Redding, California.

8

9  _____

10                WILL WILLIAMS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28