

Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Tel. (530)638-1066

Plaintiff, *In Pro Per*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,<br><br>　　　　Defendants. | Case No.: 2:09-CV-0497-MCE-CMK<br><br>**DECLARATION OF DWAYNE B. BURNS IN SUPPORT OF MOTION TO STRIKE** |

I, DWAYNE B. BURNS, declare as follows:

1. I am the Plaintiff in the above-entitled action. I make this declaration on personal knowledge, and if called to testify at trial, I could testify to the facts stated herein.

2. On August 19, 2010, I served a true and correct copy of Plaintiff's First Set of Interrogatories Propounded to Defendant William Forrest on all parties to the above-entitled action by first-class U.S. mail, postage prepaid, by mailing the Interrogatories to defense counsel,

Page 1 – Declaration of Dwayne B. Burns In Support of Motion to Strike

1 Gary Brickwood, Esquire, at his office at 1135 Pine Street, Suite 210, in Redding, California,

2 96001, in compliance with Federal Rule of Civil Procedure 5.

3. Interrogatory No. 10 of said Interrogatories asked for, among other things, the name of each person who Defendant Forrest, or his attorney, expects to call as an expert witness at the trial of the matter in the above-entitled action.

4. In the Response to the said Interrogatory No. 10, dated September 21, 2010, Defendant objected to the Interrogatory on the grounds that he had complied with the Court's Scheduling Order and would not supply the information "for a second time."

5. I have not received any Supplemental Response to said Interrogatory No. 10, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated March 10, 2011.

6. Interrogatory No. 18 of the Interrogatories referred to above in paragraph 2 asked, among other things, if Defendant or "anyone acting on his behalf" have obtained a written statement from any individual concerning the incident, to which Defendant responded "No."

7. I have not received any Supplemental Response to said Interrogatory No. 18, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated March 10, 2011.

8. On August 19, 2010, I served a true and correct copy of Plaintiff's First Set of Interrogatories Propounded to Defendant Kevin Kimple on all parties to the above-entitled action by first-class U.S. mail, postage prepaid, by mailing the Interrogatories to defense counsel,

Gary Brickwood, Esquire, at his office at 1135 Pine Street, Suite 210, in Redding, California, 96001, in compliance with Federal Rule of Civil Procedure 5.

9. Interrogatory No. 10 of said Interrogatories asked for, among other things, the name of each person who Defendant Kimple, or his attorney, expects to call as an expert witness at the trial of the matter in the above-entitled action.

10. In the Response to the said Interrogatory No. 10, dated September 21, 2010, Defendant Kimple objected to the Interrogatory on the grounds that he had complied with the Court's Scheduling Order and would not supply the information "for a second time."

11. I have not received any Supplemental Response to said Interrogatory No. 10, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated March 10, 2011.

12. Interrogatory No. 21 of the Interrogatories referred to above in paragraph 8 asked, among other things, if Defendant or "anyone acting on his behalf" have obtained a written statement from any individual concerning the incident, to which Defendant responded "No."

13. I have not received any Supplemental Response to said Interrogatory No. 21, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated March 10, 2011.

14. On August 13, 2010, I served a true and correct copy of Plaintiff's First Set of Interrogatories Propounded to Defendant Will Williams on all parties to the above-entitled action by first-class U.S. mail, postage prepaid, by mailing the Interrogatories to defense counsel,

1  Gary Brickwood, Esquire, at his office at 1135 Pine Street, Suite 210, in Redding, California,
2  96001, in compliance with Federal Rule of Civil Procedure 5.
3
4     15.  Interrogatory No. 10 of said Interrogatories asked for, among other things, the name
5  of each person who Defendant Kimple, or his attorney, expects to call as an expert witness at the
6  trial of the matter in the above-entitled action.
7     16.  In the Response to the said Interrogatory No. 10, dated September 15, 2010,
8  Defendant Williams objected to the Interrogatory on the grounds that the "interrogatory violates
9  the attorney work product and violates the court scheduling order regarding disclosure of expert
10 witnesses."
11
12    17.  I have not received any Supplemental Response to said Interrogatory No. 10, and
13 was not provided the name of Chris Carmona until I received a copy of his declaration in support
14 of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated
15 March 10, 2011.
16    18.  Interrogatory No. 20 of the Interrogatories referred to above in paragraph 14 asked,
17 among other things, if Defendant or "anyone acting on his behalf" have obtained a written
18 statement from any individual concerning the incident, to which Defendant Williams responded
19 "No."
20    19.  I have not received any Supplemental Response to said Interrogatory No. 20, and
21 was not provided the name of Chris Carmona until I received a copy of his declaration in support
22 of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated
23 March 10, 2011.
24
25 ////
26 ////

Page 4 – Declaration of Dwayne B. Burns In Support of Motion to Strike

20. On August 19, 2010, I served a true and correct copy of Plaintiff's First Set of Interrogatories Propounded to Defendant Rebecca Zufall on all parties to the above-entitled action by first-class U.S. mail, postage prepaid, by mailing the Interrogatories to defense counsel, Gary Brickwood, Esquire, at his office at 1135 Pine Street, Suite 210, in Redding, California, 96001, in compliance with Federal Rule of Civil Procedure 5.

21. Interrogatory No. 10 of said Interrogatories asked for, among other things, the name of each person who Defendant Zufall, or her attorney, expects to call as an expert witness at the trial of the matter in the above-entitled action.

22. In the Response to the said Interrogatory No. 10, dated September 21, 2010, Defendant Zufall objected to the Interrogatory on the grounds that she had complied with the Court's Scheduling Order and previously served the plaintiff with her disclosure of expert witnesses, and would not supply the information "for a second time."

23. I have not received any Supplemental Response to said Interrogatory No. 10, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated March 10, 2011.

24. Interrogatory No. 18 of the Interrogatories referred to above in paragraph 20 asked, among other things, if Defendant or "anyone acting on his behalf" have obtained a written statement from any individual concerning the incident, to which Defendant Zufall responded "No."

25. I have not received any Supplemental Response to said Interrogatory No. 18, and was not provided the name of Chris Carmona until I received a copy of his declaration in support of the Defendants' Motion for Summary Judgment filed in the above-entitled action, and dated

March 10, 2011.

26. On August 19, 2010, I served a true and correct copy of Plaintiff's Request for Production of Documents, Set One, Propounded to Defendant Will Williams on all parties to the above-entitled action by first-class U.S. mail, postage prepaid, by mailing the Interrogatories to defense counsel, Gary Brickwood, Esquire, at his office at 1135 Pine Street, Suite 210, in Redding, California, 96001, in compliance with Federal Rule of Civil Procedure 5.

27. Document Request No. 1 of the said Request for Production of Documents asked for, among other things, all documents that concern or are relevant to the incident described in the Amended Complaint.

28. In reply to said Document Request No. 1, Defendant Williams responded that he agreed to comply with the request, and incorporated those documents produced as Exhibit 1 to Defendant Kimple's Response to Request for Production of Docuements.

29. Despite agreeing to comply with the request, Defendant Williams did not produce, nor did Plaintiff receive any written statements or declarations from Chris Carmona, Defendant William Forrest, Defendant Kevin Kimple, or Defendant Rebecca Zufall until Plaintiff received Defendants' Motion for Summary Judgment dated March 10, 2011.

30. Plaintiff also did not receive, nor did Defendant Williams produce the unidentified exhibit that appears to be a printout of a computer screen which was attached to Defendants' Motion for Summary Judgment until Plaintiff was served with a copy which was attached to Defendants' Motion which was dated March 10, 2011.

31. Plaintiff served Requests for Production of Documents on each of the Defendants in the present action which contained a Document Request that was identical to the one described above in paragraph 27.

32. Each of the remaining defendants also agreed to comply with the Request; however, like Defendant Williams, each of the remaining defendants failed to produce, and Plaintiff did not receive any copy of the Carmona Declaration filed herein, nor did Plaintiff receive any written statements or declarations from any of the other defendants until Plaintiff received them when served with a copy of Defendants' Motion for Summary Judgment dated March 10, 2011.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 13th day of April, 2011.

_____
Dwayne B. Burns, Declarant

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

_____
Dwayne B. Burns, *In Pro Per*

Page 7 – Declaration of Dwayne B. Burns In Support of Motion to Strike