Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Tel. (530)638-1066

Plaintiff, *In Pro Per*



FILED

APR 14 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al., <br><br> Defendants. | Case No.: 2:09-CV-0497-MCE-CMK <br><br> **PLAINTIFF DWAYNE B. BURNS' RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS** |

Pursuant to Fed. R. Civ. P. 56, and Rule 260 of the Local Rules of the United States District Court for the Eastern District of California, Plaintiff Dwayne B. Burns, appearing *in propria persona*, hereby submits the following response to Defendants' Separate Statement of Undisputed Facts.

////

Page 1 – Plaintiff's Response to Defendants' Separate Statement of Undisputed Facts

1.     **DEFENDANTS' PURPORTED UNDISPUTED FACT (DPUF):** Officers Kimple, Williams, Zufall, and Corporal Forrest responded to a report of a domestic violence incident involving a report of a man with a gun at 5812 Cedars Road, Redding, CA on May 21, 2007 at approximately 11:00 a.m.

1.     **PLAINTIFF'S RESPONSE (PR):** Undisputed, except to the extent it implies that Dwayne Burns committed domestic violence or possessed a handgun while doing so. (Declaration of Dwayne Burns, ¶¶ 2 - 5.)

2.     **DPUF:** Lori Burns told Office Kimple that her husband, Dwayne Burns, had assaulted her the previous night at approximately 1:00 a.m.. Lori Burns stated that she had left her residence in the trailer park to stay with her sister out of concern for her own safety. Lori Burns stated that she and her sister had returned that morning to collect some personal belongings and to check on her dog at which time she and her husband, Dwayne Burns, had a second argument.

2.     **PR:** Disputed. Lori Burns denies speaking to Officer Kimple on the date in question. (Declaration of Lori Burns ¶ 8.)

3.     **DPUF:** Lori Burns told Officer Kimple that her husband may be in possession of a firearm. Lori Burns told Kimple and Williams that Dwayne Burns owned a handgun, which she described as a small silver handgun.

3.     **PR:** Disputed that Lori Burns spoke to Officer Kimple on the date in question. (Declaration of Lori Burns ¶ 8.) Disputed that Lori Burns told anything to Officer Williams as Defendants' evidence purporting such a conversation is inadmissible hearsay. (Plaintiff's Motion to Strike.)

////

4. DPUF: Officer Kimple spoke to witness Shari McClendon who advised she heard someone say "gun," and had seen Mr. Burns spinning a silver object in his hand that might have been a firearm.

4. PR: Disputed. Defendants' evidence of such a conversation consists of inadmissible hearsay. (Plaintiff's Motion to Strike; Declaration of Dwayne Burns ¶ 2 - 5.)

5. DPUF: Lori Burns told Officer Kimple and Officer Williams that she alone owned the two trailers located at Space 5 and Space 23 in the trailer park. Lori Burns stated that she and her husband lived in both trailers and kept their personal belongings in both trailers. Lori Burns further said that Dwayne Burns has spent most of his time in the trailer at space 5.

5. PR: Disputed that Lori Burns spoke to Officer Kimple on the date in question. (Declaration of Lori Burns ¶ 8.) Disputed that Lori Burns told anything to Officer Williams as Defendants' evidence purporting such a conversation is inadmissible hearsay. (Plaintiff's Motion to Strike.)

6. DPUF: Officer Kimple arrested Dwayne Burns for a violation of Penal Code Section 243(e)(1), having committed domestic violence against Lori Burns.

6. PR: Undisputed that Officer Kimple arrested Dwayne Burns. Disputed that Dwayne Burns committed domestic violence against Lori Burns. (Declaration of Lori Burns ¶¶ 5, 10.)

7. DPUF: Officer Kimple searched Dwayne Burns' person and did not locate a handgun.

7. PR: Undisputed, except to the extent it implies that Officer Kimple had no involvement with the seizure of Dwayne Burns' firearm. (Declaration of Dwayne Burns ¶¶ 17 – 21.)

8. DPUF: Officers wanted to search the two trailers located at space 5 and space 23 to attempt to locate the handgun believed owned by Burns and possibly used during the assault on Lori Burns.

8. PR: Undisputed that officers wanted to search the two trailers, except to the extent that it implies Burns used a handgun or committed an assault on Lori Burns. (Declaration of Lori Burns ¶ 8.)

9. DPUF: Lori Burns gave consent to Officer Williams for officers to search the trailers located in space 5 and space 23.

9. PR: Undisputed, except to the extent it implies that Lori Burns had the authority to consent to the searches. (Declaration of Dwayne Burns ¶¶ 15 – 17; Declaration of Lori Burns ¶ 4.) The fact that Lori Burns gave her consent to any search is irrelevant.

10. DPUF: Officer Zufall requested consent from Dwayne Burns to search the trailers at space 5 and space 23. Dwayne Burns gave consent to Officer Zufall for officers to search the trailer at space 5, but refused consent for officers to search the trailer at space 23.

10. PR: Disputed. Dwayne Burns did not give Officer Zufall, or any other officer present, consent to search the trailer at space 5. Undisputed that Zufall requested consent and that Dwayne Burns refused consent for officers to search the trailer at space 23. (Declaration of Dwayne Burns ¶¶ 15 - 16.)

11. DPUF: Officers Kimple, Zufall and Williams advised Corporal Forrest of their desire to search the trailers at space 5 and space 23. Officers told Forrest that Lori Burns owned both trailers, was the wife of Dwayne Burns and that Lori Burns and Dwayne Burns resided in and co-occupied both trailers and kept personal belongings in both trailers according to Lori Burns. Officers advised Forrest that Lori Burns consented to officers searching both trailers and

advised Forrest that Dwayne Burns consented to officers search the trailer at space 5, but refused to consent to officers searching the trailer at space 23. Based on this information, Corporal Forrest authorized officers Williams and Zufall to search the trailers at space 5 and space 23 for the handgun.

      11.    PR: Undisputed, except to the extent that it implies that what the officers told Corporal Forrest had any basis in fact, or that Dwayne Burns consented to a search of the trailer at space 5. (Declaration of Dwayne Burns ¶¶ 15 - 16.)

      12.    DPUF: Officer Kimple transported Dwayne Burns to jail. Officer Kimple did not participate in the search of either trailer.

      12.    PR: Undisputed that Kimple transported Dwayne Burns to jail. Disputed that Officer Kimple did not participate in the search of either trailer. (Declaration of Dean Burns ¶ 10; Declaration of Dolly Burns ¶10; Declaration of Dwayne Burns ¶¶ 17, 19, 20; Declaration of Rebecca Burns ¶ 8.)

      13.    DPUF: Corporal Forrest did not participate in the search of either trailer.

      13.    PR: Disputed. Corporal Forrest was the senior officer on the scene, and as such, controlled the actions of the officers. Even if he did not physically enter either residence, he participated in the searches in a supervisory capacity. (Declaration of Dean Burns ¶¶ 6 - 10; Declaration of Dwayne Burns ¶¶ 10 - 17; Declaration of Rebecca Burns ¶¶ 6 - 7; Declaration of Forrest ¶¶ 5-8; Declaration of Zufall ¶¶ 6 - 7; Declaration of Williams ¶ 4.)

      14.    DPUF: Officers Forrest and Zufall had a belief that the consent to search provided by Lori Burns was legal basis on which to conduct the search.

      14.    PR: Disputed. Officers Forrest and Zufall were told that Lori Burns did not reside in either trailer or have a key to either trailer, and accordingly, any such belief would be

unreasonable. (Declaration of Dean Burns ¶¶ 7 - 8; Declaration of Dwayne Burns ¶¶ 15 - 16; Declaration of Lori Burns ¶ 4; Declaration of Rebecca Burns ¶¶ 6 - 7.)

15.  DPUF: Officer Williams searched the trailer at space 5 and located items that identified both Lori Burns and Dwayne Burns as occupants. Officers Williams did not find a handgun in the trailer at space 5, but did locate ammunition and a handgun box that was empty.

15.  PR: Disputed. Lori Burns was not residing at either residence, and it is not possible for inanimate objects to prove otherwise. (Declaration of Dean Burns ¶¶ 7 - 8; Declaration of Dwayne Burns ¶¶ 15 - 16; Declaration of Lori Burns ¶ 4; Declaration of Rebecca Burns ¶¶ 6 - 7.) Undisputed that Officer Williams searched the trailer at space 5 and located items. Undisputed that Officer Williams did not find a handgun at space 5, but did locate ammunition and an empty handgun box.

16.  DPUF: Officer Williams and Officer Zufall searched the trailer at space 23. Officer Zufall located and seized a handgun in a dresser drawer in the bedroom in the trailer at space 23. Officer Williams located ammunition and marijuana and drug paraphernalia in the trailer located at space 23, but did not locate or seize any firearms.

16.  PR: Undisputed that the officer searched the trailer at space 23, and that Zufall located and seized a handgun in a dresser drawer. Undisputed that ammunition and marijuana were found. Disputed that Williams did not locate or seize any firearms as he was an integral participant. The fact that marijuana and drug paraphernalia were found is irrelevant.

17.  DPUF: Officer Zufall seized the handgun she found in the trailer at space 23 for the safety of Lori Burns.

17.  PR: Undisputed, except to the extent it implies that Officer Zufall was authorized to seize the handgun, or that Lori Burns' safety was in jeopardy.

18. DPUF: Plaintiff Dwayne Burns did not file a government claim with the City of Redding.

18. PR: Disputed. The definition of "file a government claim" is open to interpretation. Policy makers for the City of Redding are aware of Burns' claim. This purported fact is actually a statement of law which is not an appropriate matter for inclusion as a statement of fact.

Dated: April 13, 2011
Redding, California

Respectfully submitted,

*/s/ Dwayne B. Burns*
Dwayne B. Burns
Plaintiff, *In Pro Per*

Page 7 – Plaintiff's Response to Defendants' Separate Statement of Undisputed Facts

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

_/s/ Dwayne R. Burns_
Dwayne B. Burns, *In Pro Per*

---

Page 8 – Plaintiff's Response to Defendants' Separate Statement of Undisputed Facts