1 | **GARY BRICKWOOD, State Bar No. 94892**
BRICKWOOD LAW OFFICE
2 | 1135 Pine Street, Suite 210
Redding, CA 96001
3 | (530) 245-1877
(530) 245-1879 (fax)
4 |
Attorneys for Defendants KEVIN KIMPLE,
5 | WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFALL
6 |
7 |
8 |                    UNITED STATES DISTRICT COURT
9 |              FOR THE EASTERN DISTRICT OF CALIFORNIA
10 | DWAYNE B. BURNS,                      Case No.2:09-CV-00497-MCE-CMK
11 |          Plaintiff,                   **DECLARATION OF GARY BRICKWOOD**
12 | vs.                                   DATE : April 28, 2011
                                          TIME : 10:00 a.m.
13 | MICHAEL MUKASEY, in his official      PLACE: 2986 Bechelli Lane
      capacity as Attorney General of the         Redding, CA
14 | United State of America, et al.,      JUDGE: Craig M. Kellison
15 |          Defendants.
                                   /
16 |
17 |      I, GARY BRICKWOOD, declare as follows:
18 |      1.    I am the attorney for defendants, KIMPLE, FORREST, WILLIAMS
19 | and ZUFALL, in this matter.
20 |      2.    Attached as Exhibit A to this Declaration and incorporated
21 | into this Declaration, are true and correct copies of Interrogatories
22 | served on plaintiff, Burns, by my office on March 26, 2010, and
23 | Answers to those Interrogatories from plaintiff Burns, served on July
24 | 20, 2010.
25 |      I declare under penalty of perjury the foregoing is true and
26 | correct.    Executed this 21st day of April, 2011, at Redding,
27 | California.
28 |
                                   /s/ GARY BRICKWOOD
                                   GARY BRICKWOOD

DECLARATION OF GARY BRICKWOOD                                          1

1

## PROOF OF SERVICE

2    I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County,
3 California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001.   On this
4 date, I served the following document(s): **DECLARATION OF GARY BRICKWOOD**

5

6   ✓  by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office
7 at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set
8 forth below.  I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United
9 States Postal Service.  It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for
10 mailing.

11   ____  by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or
12 package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

13   ____  by personally delivering a true copy thereof to the person and at the address set forth below.

14

15   ____  BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and,
16 thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

17 Dwayne B. Burns
P.O. Box 720157
18 Redding, CA 96099

19    I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.   Executed at
20 Redding, California on April 21, 2011.

21

22                    /s/ Deena Swafford
                  Deena Swafford
23

24

25

26

27

28

---

DECLARATION OF GARY BRICKWOOD                                         2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

DECLARATION OF GARY BRICKWOOD

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

DECLARATION OF GARY BRICKWOOD                                    3

1 | **GARY BRICKWOOD, State Bar No. 94892**
**RODNEY M. BLACO, State Bar No. 212139**
2 | BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
3 | Redding, CA 96001
(530) 245-1877
4 | (530) 245-1879 (fax)

5 | Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
6 | and REBECCA ZUFALL

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | DWAYNE B. BURNS,                          Case No.2:09-CV-00497-MCE-CMK

11 |          Plaintiff,

12 | vs.                                       **INTERROGATORIES**

13 | MICHAEL MUKASEY, in his official
capacity as Attorney General of the
14 | United State of America, et al.,

15 |          Defendants.

16 | ─────────────────────────────/

17 | REQUESTING PARTY:   Defendant, KEVIN KIMPLE

18 | RESPONDING PARTY:   Plaintiff, DWAYNE BURNS

19 | SET NO.:            ONE

20 |      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and

21 | Rule 33-250 of the Local Rules of the United States District Court,

22 | Eastern District of California, defendant KEVIN KIMPLE, hereby

23 | propounds the following interrogatories to the plaintiff, DWAYNE

24 | BURNS.

25 |                     **DEFINITIONS**

26 |      **INCIDENT** includes the circumstances and events surrounding the

27 | alleged occurrence giving rise to this action or proceeding.

28 |      In answering these interrogatories, furnish all information which

---

INTERROGATORIES, SET ONE                                                    1

1  is available to you, including in the possession of your attorneys or
2  investigators for your attorneys, not merely such information known
3  of your own personal knowledge.

4  **INTERROGATORY NO. 1**: Please state any and all facts which support your
5  contention that the defendants acted with a willful and conscious
6  disregard for your rights, as alleged in your complaint.

7  **ANSWER**:

8

9

10  **INTERROGATORY NO. 2**: Please state any and all facts which support your
11  allegations that OFFICER KIMPLE caused you to be dispossessed of your
12  firearm without legal cause or privilege, as alleged in of your
13  Complaint.

14  **ANSWER**:

15

16

17  **INTERROGATORY NO. 3**: Please state any and all facts which support your
18  allegations that OFFICER KIMPLE deprived you of rightfully owned
19  property, as alleged in paragraph 65 of your Complaint.

20  **ANSWER**:

21

22

23  **INTERROGATORY NO. 4**: Please state any and all facts which support your
24  contention that you are entitled to damages for the loss of the use
25  and possession of your property, as alleged in paragraph 66 of your
26  Complaint.

27  **ANSWER**:

28

INTERROGATORIES, SET ONE                                                    2

1 **INTERROGATORY NO. 5**: Please state any and all facts which support your
2 ninth cause of action for trespass to chattel, as alleged in of your
3 Complaint.
4 **ANSWER**:
5
6
7 **INTERROGATORY NO. 6**: Please state any and all facts which support your
8 contention that the defendants acted with oppression, fraud or malice
9 in conducting the search of the residence located at 5812 Cedars Road,
10 Space 5, on May 21, 2007.
11 **ANSWER**:
12
13
14 **INTERROGATORY NO. 7**: Please state any and all facts which support your
15 contention that the defendants acted with oppression, fraud or malice
16 in conducting the search of the residence located at 5812 Cedars Road,
17 Space 23, on May 21, 2007.
18 **ANSWER**:
19
20
21 **INTERROGATORY NO. 8**: Please state the name, address and phone number
22 of the individual whose name was on the lease and/or rental agreement
23 for the residence located at 5812 Cedars Road, Space 5, in 2007.
24 **ANSWER**:
25
26
27 **INTERROGATORY NO. 9**: Please state the name, address and phone number
28 of the individual whose name was on the lease and/or rental agreement

1  for the residence located at 5812 Cedars Road, Space 23, in 2007.

2  **ANSWER:**

3

4

5  **INTERROGATORY NO. 10:** Please state the name, address and phone number

6  of the person who owned the residence located at 5812 Cedars Road,

7  Space 5, in 2007.

8  **ANSWER:**

9

10

11  **INTERROGATORY NO. 11:** Please state the name, address and phone number

12  of the person who owned the residence located at 5812 Cedars Road,

13  Space 23, in 2007.

14  **ANSWER:**

15

16

17  **INTERROGATORY NO. 12:** Please state the name, address and phone number

18  of each individual who lived in the residence located at 5812 Cedars

19  Road, Space 5, in 2007.

20  **ANSWER:**

21

22

23  **INTERROGATORY NO. 13:** Please state the name, address and phone number

24  of each individual who lived in the residence located at 5812 Cedars

25  Road, Space 23, in 2007.

26  **ANSWER:**

27

28

INTERROGATORIES, SET ONE                                                    4

1  **INTERROGATORY NO. 14**: Please state the name, address and phone number
2  of each individual who had access to the residence located at 5812
3  Cedars Road, Space 5, in May 2007.

4  **ANSWER**:

5

6

7  **INTERROGATORY NO. 15**: Please state the name, address and phone number
8  of each individual who had access to the residence located at 5812
9  Cedars Road, Space 23, in May 2007.

10  **ANSWER**:

11

12

13  DATED: March **26**, 2010.                    BRICKWOOD LAW OFFICE

14

15                                              RODNEY M. BLACO
16                                              Attorney for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I am a citizen of the United States, over the age of 18 years,
and not a party to the within action.  I am employed in Shasta County,
3 California, by BRICKWOOD LAW OFFICE, at their offices located at
1135 Pine Street, Suite 210, Redding, California, 96001.  On this
4 date, I served the following document(s): **INTERROGATORIES, SET ONE**

5 ___✓___  by placing a true copy thereof for collection and mailing, in the course of
ordinary business practice, with other correspondence of Brickwood Law Office
6        at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed
in a sealed envelope with postage thereon fully prepaid, addressed as set
7        forth below.  I am familiar with the practice of Brickwood Law Office for
collection and processing of correspondence for mailing with the United
8        States Postal Service.  It is the practice that correspondence is deposited
with the United States Postal Service the same day it is submitted for
9        mailing.

10 _____  by placing a true copy thereof in a box or other facility regularly
maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or
11        package designated by _____ U.P.S. / _____ Federal Express, with delivery
fees paid or provided for, addressed as set forth below.
12

13 _____  by personally delivering a true copy thereof to the person and at the address
set forth below.

14 _____  BY FAX (Telecopier) – I personally sent to the addressee's telecopier number
a true copy of the above described document(s).  I verified transmission and,
15        thereafter, I placed a true copy in a sealed envelope addressed and mailed as
indicated above.
16
Dwayne Burns                          Plaintiff In Pro Per
17 HDSP A-3-235
P.O. Box 3030
18 Susanville, CA 96127

19 George Michael Waters, Esq.          Attorney for Defendant
Deputy Attorney General              Edmund G. Brown, Jr.
20 1300 I Street, Suite 125
P.O. Box 944255
21 Sacramento, CA 94244-2550

22

23      I declare under penalty of perjury of the laws of the State of
California that the foregoing is true and correct.  Executed at
24 Redding, California on March 2⟨⟩, 2010.

25

26                                    _Deena Swafford_
27                                    Deena Swafford

28

---

INTERROGATORIES, SET ONE                                            6

## IN THE UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

Case No.: No. 2:09-CV-0497-MCE-CMK

DWAYNE B. BURNS,

       Plaintiff,

    vs.

MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al. ,

       Defendants.

Judge Morrison C. England

Magistrate Judge Craig M. Kellison

## DWAYNE B. BURNS'S OBJECTIONS AND RESPONSES TO DEFENDANT KIMPLE'S FIRST SET OF SPECIAL INTERROGATORIES

**PROPOUNDING PARTY:**    **DEFENDANT, KEVIN KIMPLE**

**RESPONDING PARTY:**    **PLAINTIFF, DWAYNE B. BURNS**

**SET NUMBER:**    **ONE (1)**

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of California, Plaintiff Dwayne B. Burns, hereby responds to the First Set of Interrogatories of defendant KIMPLE.

## GENERAL OBJECTIONS

    Plaintiff Dwayne B. Burns (Burns) asserts the following General Objections in response to each and every Interrogatory, whether or not they are separately stated in each response:

        1. Burns objects to each and every interrogatory to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Burns will not provide any such privileged or protected information.

////

////

1    2.  Burns objects to each and every interrogatory to the extent that it calls for information held by

2    Burns subject to contractual or other legal obligations of confidentiality owed to third parties. No such

3    third party confidential information will be produced except pursuant to a protective order.

4    3.  Burns reserves his right to amend or supplement the responses. *See e.g., Fed. R. Civ. Pro. 26(e).*

5    4.  Burns objects to every request, and to every introductory "definition" or "instruction," that seeks

6    to impose obligations beyond those required by the *Federal Rules of Civil Procedure*, as reasonably

7    interpreted and supplemented by local court rules.

## RESPONSES TO INTERROGATORIES

9    **INTERROGATORY NO. 1:** Please state any and all facts which support your contention that the

10   defendants acted with a willful and conscious disregard for your rights, as alleged in your complaint.

11   **RESPONSE TO INTERROGATORY NO. 1:**

12   Burns incorporates his General Objections into this Response. Burns further objects to this

13   Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately

14   served at an early stage of the discovery process, while substantial document and all deposition discovery

15   remains to be completed, including significant documentary and testimonial discovery from third parties.

16   *See e.g., Fischer and Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories

17   improper where "substantial discovery remains to be conducted"); *In re Convergent Technologies*

18   *Securities Litigation,* 108 F.R.D. 328, 336-37 (1985) ("wisest general policy is to defer propounding and

19   answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine*

20   *Webber Group, Inc.,* 168 F.R.D. 448, 450 (D. Conn. 1996) (motion to compel interrogatory responses

21   denied because "substantial discovery remains to be conducted."); *Nestle Food Corp. v. Aetna Casualty*

22   *and Surety Co.,* 135 F.R.D. 101 (D. N.J. 1990) (contention interrogatories are more appropriate after a

23   substantial amount of discovery has been conducted); *Roberts v. Heim,* 130 F.R.D. 424, 427 (N.D. Cal.

24   1989) (distinguishing between proper and improper use of contention interrogatories).

25   In addition, Burns further objects on the grounds that, as drafted, this interrogatory is vague, over

26   broad, and oppressive, and that responding would impose an undue burden upon Burns. Subject to and

27   consistent with his objections to the scope of this interrogatory, Burns will provide an additional response

28   at a later stage of this litigation, when discovery is completed or substantially completed.

1  **INTERROGATORY NO. 2:**  Please state any and all facts which support your allegations that OFFICER

2  KIMPLE caused you to be dispossessed of your firearm without legal cause or privilege, as alleged in your

3  Complaint.

4  **RESPONSE TO INTERROGATORY NO. 2:**

5       Burns incorporates his General Objections into this Response.  Burns further objects on the grounds

6  that, as drafted, this interrogatory is vague, over broad, and oppressive, and that responding would impose

7  an undue burden upon Burns.  Burns is not required under the Federal Rules to provide "any and all facts,"

8  but only **material facts**.  Subject to and consistent with his objections to the scope of this interrogatory, the

9  **material facts** that Burns relies on are (1) On May 21, 2007, Kimple seized and dispossessed Burns of his

10  Pre-World War II era vintage firearm as a result of, and in the process of, conducting an invasive search of

11  Burns's home without a valid search warrant; (2) Kimple seized and dispossessed Burns of his firearm as a

12  result of, and in the process of, conducting an invasive search of Burns's home with any legal authorization

13  or justification allowing Kimple to do so; (3) Kimple has failed to return the firearm to Burns despite

14  demands that he do so, (4) Kimple failed to give Burns a receipt for said firearm as required under

15  California law; (5) the United States Constitution protects citizens from the exact type of illegal search and

16  seizure that Kimple performed; (6) the California Constitution protects citizens from the exact type of

17  illegal search and seizure that Kimple performed.

18  **INTERROGATORY NO. 3:**  Please state any and all facts which support your allegations that OFFICER

19  KIMPLE deprived you of rightfully owned property, as alleged in paragraph 65 of your Complaint.

20  **RESPONSE TO INTERROGATORY NO. 3:**

21       Burns incorporates his General Objections into this Response.  Burns further objects on the grounds

22  that, as drafted, this interrogatory is vague, over broad, and oppressive, and that responding would impose

23  an undue burden upon Burns.  Burns is not required under the Federal Rules to provide "any and all facts,"

24  but only **material facts**.  Subject to and consistent with his objections to the scope of this interrogatory, the

25  **material facts** that Burns relies on are (1) On May 21, 2007, Kimple seized and dispossessed Burns of his

26  Pre-World War II era, vintage firearm without Burns's consent, and as a as a result of, and in the process

27  of, conducting an invasive search of Burns's home without a valid search warrant; (2) Kimple seized and

28  dispossessed Burns of his firearm without his consent, and as a result of, and in the process of, conducting

1  an invasive search of Burns's home without any legal authorization or justification allowing Kimple to do

2  so; (3) Kimple has failed to return the firearm to Burns despite demands that he do so, (4) Kimple failed to

3  give Burns a receipt for said firearm as required under California law; (5) the United States Constitution

4  protects citizens of the United States from the exact type of illegal search and seizure that Kimple

5  performed; (6) the California Constitution protects citizens of California from the exact type of illegal

6  search and seizure that Kimple performed; (7) at the time defendant Kimple unlawfully seized said firearm

7  from Burns, Burns was the legal and lawful owner of said firearm; (8) at the time defendant Kimple

8  unlawfully seized said firearm, Burns was lawfully exercising his right under the Second Amendment to

9  the United States Constitution to keep and maintain a firearm in his home for self-defense.

10  **INTERROGATORY NO. 4:**  Please state any and all facts which support your contention that you are

11  entitled to damages for the loss of the use and possession of your property, as alleged in paragraph 66 of

12  your Complaint.

13  **RESPONSE TO INTERROGATORY NO. 4:**

14       Burns incorporates his General Objections into this Response.  Burns further objects on the grounds

15  that, as drafted, this interrogatory is vague, over broad, and oppressive, and that responding would impose

16  an undue burden upon Burns.  Burns is not required under the Federal Rules to provide "any and all facts,"

17  but only **material facts**.  Subject to and consistent with his objections to the scope of this interrogatory, the

18  **material facts** that Burns relies on are (1) On May 21, 2007, Kimple seized and dispossessed Burns of his

19  Pre-World War II era, vintage firearm without Burns's consent, and as a as a result of, and in the process

20  of, conducting an invasive search of Burns's home without a valid search warrant; (2) Kimple seized and

21  dispossessed Burns of his firearm without his consent, and as a result of, and in the process of, conducting

22  an invasive search of Burns's home without any legal authorization or justification allowing Kimple to do

23  so; (3) Kimple has failed to return the firearm to Burns despite demands that he do so, (4) Kimple failed to

24  give Burns a receipt for said firearm as required under California law; (5) the United States Constitution

25  protects citizens of the United States from the exact type of illegal search and seizure that Kimple

26  performed; (6) the California Constitution protects citizens of California from the exact type of illegal

27  search and seizure that Kimple performed; (7) at the time defendant Kimple unlawfully seized said firearm

28  from Burns, Burns was the legal and lawful owner of said firearm; (8) at the time defendant Kimple

1  unlawfully seized said firearm, Burns was lawfully exercising his right under the Second Amendment to

2  the United States Constitution to keep and maintain a firearm in his home for self-defense.

3     In addition to these material facts, Burns is entitled to damages for the loss of use and possession of

4  said firearm because in our system of justice in the United States and California, one cannot dispossess

5  another of his property unlawfully without the individual being so deprived having a lawful cause of action

6  entitling him or her to such damages against the one that has unlawfully done the dispossessing.  The ideal

7  that for every wrong committed there should be some form of remedy is fundamental in our system of

8  jurisprudence.

9     The right to be free from unreasonable searches and seizures is an unalienable right which pre-dates

10  the existence of our nation.  It was included in the Fourth Amendment to the United States Constitution,

11  and has been held to be incorporated against the states through the Fourteenth Amendment's Due Process

12  Clause.

13  **INTERROGATORY NO. 5:**  Please state any and all facts which support your ninth cause of action for

14  trespass to chattel, as alleged in of your Complaint.

15  **RESPONSE TO INTERROGATORY NO. 5:**

16     Burns incorporates his General Objections into this Response.  Burns further objects on the grounds

17  that, as drafted, this interrogatory is vague, over broad, and oppressive, and that responding would impose

18  an undue burden upon Burns.  Burns is not required under the Federal Rules to provide "any and all facts,"

19  but only **material facts**.  Subject to and consistent with his objections to the scope of this interrogatory, the

20  **material facts** that Burns relies on are (1) On May 21, 2007, Kimple seized and dispossessed Burns of his

21  Pre-World War II era, vintage firearm without Burns's consent, and as a as a result of, and in the process

22  of, conducting an invasive search of Burns's home without a valid search warrant; (2) Kimple seized and

23  dispossessed Burns of his firearm without his consent, and as a result of, and in the process of, conducting

24  an invasive search of Burns's home without any legal authorization or justification allowing Kimple to do

25  so; (3) Kimple has failed to return the firearm to Burns despite demands that he do so, (4) Kimple failed to

26  give Burns a receipt for said firearm as required under California law; (5) the United States Constitution

27  protects citizens of the United States from the exact type of illegal search and seizure that Kimple

28  performed; (6) the California Constitution protects citizens of California from the exact type of illegal

1  search and seizure that Kimple performed; (7) at the time defendant Kimple unlawfully seized said firearm

2  from Burns, Burns was the legal and lawful owner of said firearm; (8) at the time defendant Kimple

3  unlawfully seized said firearm, Burns was lawfully exercising his right under the Second Amendment to

4  the United States Constitution to keep and maintain a firearm in his home for self-defense.

5       In addition to these material facts, Burns is entitled to damages for the loss of use and possession of

6  said firearm because in our system of justice in the United States and California, one cannot dispossess

7  another of his property unlawfully without the individual being so deprived having a lawful cause of action

8  entitling him or her to such damages against the one that has unlawfully done the dispossessing.  The ideal

9  that for every wrong committed there should be some form of remedy is fundamental in our system of

10 jurisprudence.

11      The right to be free from unreasonable searches and seizures is an unalienable right which pre-dates

12 the existence of our nation.  It was included in the Fourth Amendment to the United States Constitution,

13 and has been held to be incorporated against the states through the Fourteenth Amendment's Due Process

14 Clause.

15 **INTERROGATORY NO. 6:**  Please state any and all facts which support your contention that the

16 defendants acted with oppression, fraud or malice in conducting the search of the residence located as 5812

17 Cedars Road, Space 5, on May 21, 2007.

18 **RESPONSE TO INTERROGATORY NO. 6:**

19      Burns incorporates his General Objections into this Response.  Burns further objects to this

20 Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately

21 served at an early stage of the discovery process, while substantial document and all deposition discovery

22 remains to be completed, including significant documentary and testimonial discovery from third parties.

23 *See e.g., Fischer and Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories

24 improper where "substantial discovery remains to be conducted"); *In re Convergent Technologies*

25 *Securities Litigation,* 108 F.R.D. 328, 336-37 (1985) ("wisest general policy is to defer propounding and

26 answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine*

27 *Webber Group, Inc.,* 168 F.R.D. 448, 450 (D. Conn. 1996) (motion to compel interrogatory responses

28 denied because "substantial discovery remains to be conducted."); *Nestle Food Corp. v. Aetna Casualty*

1  *and Surety Co.*, 135 F.R.D. 101 (D. N.J. 1990) (contention interrogatories are more appropriate after a

2  substantial amount of discovery has been conducted); *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal.

3  1989) (distinguishing between proper and improper use of contention interrogatories).

4        In addition, Burns further objects on the grounds that, as drafted, this interrogatory is vague, over

5  broad, and oppressive, and that responding would impose an undue burden upon Burns.  Subject to and

6  consistent with his objections to the scope of this interrogatory, Burns will provide an additional response

7  at a later stage of this litigation, when discovery is completed or substantially completed.

8  **INTERROGATORY NO. 7:**  Please state any and all facts which support your contention that the

9  defendants acted with oppression, fraud or malice in conducting the search of the residence located at 5812

10  Cedars Road, Space 23, on May 21, 2007.

11  **RESPONSE TO INTERROGATORY NO. 7:**

12        Burns incorporates his General Objections into this Response.  Burns further objects to this

13  Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately

14  served at an early stage of the discovery process, while substantial document and all deposition discovery

15  remains to be completed, including significant documentary and testimonial discovery from third parties.

16  *See e.g., Fischer and Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories

17  improper where "substantial discovery remains to be conducted"); *In re Convergent Technologies*

18  *Securities Litigation,* 108 F.R.D. 328, 336-37 (1985) ("wisest general policy is to defer propounding and

19  answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine*

20  *Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (motion to compel interrogatory responses

21  denied because "substantial discovery remains to be conducted."); *Nestle Food Corp. v. Aetna Casualty*

22  *and Surety Co.*, 135 F.R.D. 101 (D. N.J. 1990) (contention interrogatories are more appropriate after a

23  substantial amount of discovery has been conducted); *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal.

24  1989) (distinguishing between proper and improper use of contention interrogatories).

25        In addition, Burns further objects on the grounds that, as drafted, this interrogatory is vague, over

26  broad, and oppressive, and that responding would impose an undue burden upon Burns.  Subject to and

27  consistent with his objections to the scope of this interrogatory, Burns will provide an additional response

28  at a later stage of this litigation, when discovery is completed or substantially completed.

1   **INTERROGATORY NO. 8:**  Please state the name, address and phone number of the individual whose

2   name was on the lease and/or rental agreement for the residence located at 5812 Cedars Road, Space 5, in

3   2007.

4   **RESPONSE TO INTERROGATORY NO. 8:**

5       Burns incorporates his General Objections into this Response.  Plaintiff's name was on the rental

6   agreement along with the name of his wife Lori Burns.  Ms. Burns's address is 2205 Hilltop Drive #7023,

7   Redding, CA 96002.  Her telephone number is (530) 638-6909.

8   **INTERROGATORY NO. 9:**  Please state the name, address and phone number of the individual whose

9   name was on the lease and/or rental agreement for the residence located at 5812 Cedars Road, Space 23, in

10  2007.

11  **RESPONSE TO INTERROGATORY NO. 9:**

12      Burns incorporates his General Objections into this Response.  Burns incorporates his response to

13  Interrogatory No. 8 as the answer to this Interrogatory.

14  **INTERROGATORY NO. 10:**  Please state the name, address and phone number of the person who

15  owned the residence located at 5812 Cedars Road, Space 5, in 2007.

16  **RESPONSE TO INTERROGATORY NO. 10:**

17      Burns incorporates his General Objections into this Response.  Burns incorporates his response to

18  Interrogatory No. 8 as the answer to this Interrogatory.

19  **INTERROGATORY NO. 11:**  Please state the name, address and phone number of the person who

20  owned the residence located at 5812 Cedars Road, Space 23, in 2007.

21  **RESPONSE TO INTERROGATORY NO. 11:**

22      Burns incorporates his General Objections into this Response.  Burns incorporates his response to

23  Interrogatory No. 8 as the answer to this Interrogatory.

24  **INTERROGATORY NO. 12:**  Please state the name, address and phone number of each individual who

25  lived in the residence located at 5812 Cedars Road, Space 5, in 2007.

26  **RESPONSE TO INTERROGATORY NO. 12:**

27      Burns incorporates his General Objections into this Response.  Burns incorporates his response to

28  Interrogatory No. 8 as the answer to this Interrogatory.

**INTERROGATORY NO. 13:** Please state the name, address and phone number of each individual who lived in the residence located at 5812 Cedars Road, Space 23, in 2007.

**RESPONSE TO INTERROGATORY NO. 13:**

Burns incorporates his General Objections into this Response. Burns incorporates his response to Interrogatory No. 8 as the answer to this Interrogatory.

**INTERROGATORY NO. 14:** Please state the name, address and phone number of each individual who had access to the residence located at 5812 Cedars Road, Space 5, in May 2007.

**RESPONSE TO INTERROGATORY NO. 14:**

Burns incorporates his General Objections into this Response. At the time of the incident, only Plaintiff has "access" to the residence.

**INTERROGATORY NO. 15:** Please state the name, address and phone number of each individual who had access to the residence located at 5812 Cedars Road, Space 23, in May 2007.

**RESPONSE TO INTERROGATORY NO. 15:**

Burns incorporates his General Objections into this Response. At the time of the incident, only Plaintiff has "access" to the residence.

Dated this 28th day of July, 2010

_Dwayne B Burns_
DWAYNE B. BURNS AB4177
LASSEN C.C.F. 504-81
1405 SHERIFF CADY LANE
SUSANVILLE, CA 96130

## **VERIFICATION**

I, Dwayne B. Burns, state under penalty of perjury that I have read the foregoing Responses to Request for Production of Documents, Set One, and know the contents thereof; that the Responses set forth above, subject to inadvertent or undiscovered errors, are based on and therefore limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these Responses; that I reserve the right to make any changes in the Responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the Interrogatory Responses are true to the best of my knowledge, information, and belief.

EXECUTED this 28th day of July, 2010.

Dwayne Brian Burns

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2010, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorneys of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

Dwayne B. Burns, *In Pro Per*