**GARY BRICKWOOD, State Bar No. 94892**
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001
(530) 245-1877
(530) 245-1879 (fax)

Attorneys for Defendants KEVIN KIMPLE,
WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFALL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United State of America, et al.,<br><br>    Defendants.<br>_____ / | Case No.2:09-CV-00497-MCE-CMK<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>DATE : April 28, 2011<br>TIME : 10:00 a.m.<br>PLACE: 2986 Bechelli Lane<br>        Redding, CA<br>JUDGE: Craig M. Kellison |

Defendants KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS and REBECCA ZUFALL object to the evidence submitted by plaintiff in opposition to defendants' motions for summary adjudication/summary judgment as follows:

Defendants generally object to the Declarations of Dean Burns, Dolly Burns and Rebecca Burns on the basis that plaintiff failed to disclose the names of these individuals in response to a special interrogatory seeking the name, address and telephone number of each individual who witnessed the incident or the events immediately before or after the incident.  Instead, plaintiff objected that doing so "would impose an undue burden upon Burns." Plaintiff further declined to disclose the identities of any witness who made any statement, of

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT                      1**

any witness interviewed, and of any witness who gave a written or recorded statement. While plaintiff did ultimately "supplement" his answers nine months later, notably this was after discovery had closed and after the motion for summary judgment was filed. Plaintiff therefore effectively blocked effective discovery in this case by his nonresponsive original answers.  Fed.R.Civ.P. 37(c)(1) provides"

> Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it failure to disclose the evidence. See <u>Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592 (4th Cir.2003), <u>Dey, L.P. v. Ivax Pharmaceuticals, Inc.</u>, 233 F.R.D. 567, 571 (C.D. Cal. 2005)  Here, plaintiff offers no reason or excuse for his late supplement; and this Court is fully justified in concluding that plaintiff's intent was to (1) impede defendants' discovery, (2) provide a basis for the motion for sanctions, and (3) create a basis for opposing this motion for summary judgment. That discovery would

have to be reopened, the trial date continued and schedules disrupted is sufficient to demonstrate that plaintiff's ploy was harmful and should be sanctioned. Wherefore, defendants respectfully request that the Court exclude all of the declarations submitted in opposition to the motion for summary judgment except for those of plaintiff and his ex-wife Lori Burns.

In addition to the foregoing general objections, defendants make the following specific objections:

EXHIBIT A, Declaration of Dean Burns

1. Paragraph 5. That which plaintiff told to the declarant is hearsay.
2. Paragraph 8. While the witness can testify as to the statement he made to Corporal Forrest, the contents of that statement cannot be introduced for the truth of the matter asserted as it appears that he was merely communicating "facts" learned from others, i.e., hearsay.

EXHIBIT B. Declaration of Dolly Burns

1. Paragraph 5. That which plaintiff told to the declarant is hearsay.
2. Paragraph 9. The declarant's recitation of statements made by Plaintiff to others is hearsay.

EXHIBIT C, Declaration of Dwayne Burns

1. Paragraph 10: The contents of this paragraph are irrelevant and hence inadmissible.
2. Paragraph 11: The contents of this paragraph are irrelevant and hence inadmissible.
3. Paragraph 12. The contents of this paragraph are irrelevant and hence inadmissible.

1    4.    Paragraph 13. The contents of this paragraph are irrelevant
2         and hence inadmissible.
3    5.    Paragraph 14. The contents of this paragraph are irrelevant
4         as well as hearsay and hence inadmissible.
5    6.    Paragraph 17: That which plaintiff "found out" is hearsay
6         and not based on personal knowledge or observation.
7    7.    Paragraph 18. That which plaintiff "learned" is hearsay and
8         not based on personal knowledge or observation. Whether
9         plaintiff was given a receipt is immaterial and irrelevant
10         to any of the issues in this litigation.
11    8.    Paragraph 19. The information contained in this paragraph
12         is hearsay. Moreover, the officer who actually deposited
13         the firearm into evidence, whomever it may have been, is
14         irrelevant to the claim for a search and seizure in
15         violation of constitutional rights.
16    9.    Paragraph 22. The contents of this paragraph are irrelevant
17         and hence inadmissible.
18    10.    Paragraph 23. The contents of this paragraph are irrelevant
19         and hence inadmissible.
20    11.    Paragraph 24. Object on the basis that this is not a
21         statement of fact but rather an inadmissible legal
22         conclusion. Further object on the basis that conclusion
23         stated is irrelevant. Further object on the basis the fact
24         as stated is misleading as suggesting that plaintiff has a
25         current right to posses firearms. Plaintiff has previously
26         admitted through discovery that his wife obtained a
27         restraining order against him with a firearms restriction,
28         and that plaintiff was subsequently convicted of a felony

1         assault, disqualifying him from the ownership or possession
2         of any firearms.
3  EXHIBIT D, Declaration of Lori Burns
4     1.  Paragraph 2. Object as misleading. In answers to
5         interrogatories propounded by defendant Kimple (Exhibit A
6         to the Declaration of Gary Brickwood filed and served
7         herewith), plaintiff admitted that declarant owned and
8         lived in the residence. It would appear that plaintiff
9         contends that after his argument with his wife at 1 a.m.
10        that morning she had left and he had locked her out, and
11        therefore she no longer had access to the property
12        notwithstanding the fact that she owned the units and her
13        name was on the rental agreements for the spaces.
14    2.  Paragraph 3. Object as misleading as declarant does not
15        state when she had moved out "prior to this date and time."
16        From the declarations of the officers submitted in support
17        of the motion for summary judgment, one learns that Mrs.
18        Burns had "moved out" to go stay at her sister's house only
19        hours earlier after a domestic dispute with her husband.
20    3.  Paragraph 7. The declarant's "impressions" are irrelevant,
21        speculative, and inadmissible. (Also of interest is that
22        this declarant was arrested for assaulting her husband the
23        night before (see her declaration at paragraph 10) on her
24        husband's complaint.)
25    4.  Paragraph 12 and 13: The matters asserted are irrelevant.
26 EXHIBIT E, Declaration of Rebecca Burns
27    1.  Paragraph 5. That which the declarant overheard plaintiff
28        say to others is hearsay.

2.  Paragraph 7. While the witness can testify as to the statement she made to Corporal Forrest, the contents of that statement cannot be introduced for the truth of the matter asserted as it appears that he was merely communicating "facts" learned from others, i.e., hearsay.

DATED: April 21, 2011.                    BRICKWOOD LAW OFFICE


                                          /s/ GARY BRICKWOOD
                                          GARY BRICKWOOD

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**  **6**

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001. On this date, I served the following document(s): **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**✓** by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below. I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

_____ by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

_____ by personally delivering a true copy thereof to the person and at the address set forth below.

_____ BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed at Redding, California on April 21, 2011.


/s/ Deena Swafford
Deena Swafford

---