Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Tel. (530)638-1066
E-mail: dwaynebburns@charter.net




**FILED**

APR 25 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

Plaintiff, *In Pro Per*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,<br><br>            Defendants. | Case No.: 2:09-CV-0497-MCE-CMK<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE ORDER OF APRIL 19, 2011 AND RESPONSE THERETO**<br><br>DATE: April 28, 2011<br>TIME: 10:00 a.m.<br>PLACE: 2986 Bechelli Lane<br>           Redding, CA 96001<br>JUDGE: Craig M. Kellison |

Pursuant to Local Rules 230(e) and (j), Plaintiff Dwayne B. Burns, appearing *in propria persona,* hereby responds to the Court's Order of April 19, 2011 filed herein, and respectfully submits this Memorandum of Points and Authorities in support of his Motion for Reconsideration of the Court's Order.

////

////

Page 1 – Memorandum of Points and Authorities in Support of Motion for Reconsideration.

## INTRODUCTION AND PROCEDURAL HISTORY

On March 10, 2011, the Defendants Forrest, Kimple, Williams, and Zufall (hereinafter collectively referred to as "the Defendants," filed the Motion for Summary Judgment (Doc. 64) which is pending before this Court. It was originally scheduled for hearing on April 14, 2011, but then was reset to April 28, 2011. Plaintiff will refer to this Motion as the "Original Motion."

On April 14, 2011, Plaintiff filed and served his Motion to Strike the Declarations Filed in Support of Defendants' Motion for Summary Judgment (Doc. 67), on all parties, along with the Memorandum of Points and Authorities in Support thereof, the Exhibits attached thereto, the Declaration of Dwayne B. Burns, and the Proposed Order granting said Motion. On the same date, Plaintiff filed and served his Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment (Doc. 68), on all parties, along with his Memorandum of Points and Authorities in Support thereof, the Exhibits attached thereto, the Statement of Undisputed Facts, and the Proposed Order granting said Motion. On this date, Plaintiff also filed his Response to Defendants' Separate Statement of Undisputed Facts (Doc. 69). As will be demonstrated herein below, each and every one of these documents (Docs. 67, 68, and 69) were filed and served timely and in accordance with Local Rule 230(e) of the Local Rules of the United States District Court for the Eastern District of California.

On April 19, 2011, the Court, on its own motion, signed the Order of the same date (Doc. 70) removing Plaintiff's Motions (Docs. 67 and 68) from the Court's hearing calendar, and directing the Clerk to terminate those filings as pending motions of the Court's docket. For the reasons set forth below, Plaintiff respectfully moves the Court to replace Plaintiff's Motions on the Court's hearing calendar and to direct the Clerk to treat those filings as pending motions of the Court's docket. In the alternative, the Court should continue the hearing date on said

Motions as provided according to, and in compliance with, Local Rule 230(e) of the Local Rules of the United States District Court for the Eastern District of California.

## ARGUMENT

The Court, on its own motion, ordered that Plaintiff's Motions (Docs. 67 and 68) be removed from the Court's hearing calendar and directed the Clerk to terminate those filings as pending motions on the Court's docket. In its Order, the Court cited Local Rule 230(b) for the proposition that "a motion may not be set for hearing less than 28 after service of the motion." (Order of April 19, 2011, page 2.) The Court went on to point out that "plaintiff's motions were both served on April 14, 2011, which is less than 28 days before the noticed hearing date of April 28, 2011." *Id.* The Court referred to Plaintiff's Motions as being "defectively noticed" and that therefore they would "not be set for hearing and the Clerk of the Court will be directed to terminate these filings as pending motions on the court's docket." *Id.*

**I.    Plaintiff's Motions Were Timely Filed and Served In Accordance With the Local Rules Governing the Filing and Service of Such Motions.**

While the Court is correct that Local Rule 230(b) requires that motions be served and filed not less than 28 days before the date set for hearing in the matter, this Rule applies to what may be referred to as the "original motion" set for hearing on the Court's hearing calendar. Local Rule (L.R.) 230(e) of the Local Rules of the United States District Court for the Eastern District of California provides an exception to Rule 230(b) for motions that are "counter-motions" or "other related motions." L.R. 230(e) reads as follows:

> **Related or Counter-Motions.** Any *counter-motion* or *other motion* that a party may desire to make **that is related to the general subject matter of the original motion** shall be served and filed **in the manner and on the date prescribed for the filing of opposition**. If a counter-motion or other related motion is filed, the Court may continue the hearing on the original and all related motions so as to give all parties reasonable opportunity to serve and file

oppositions and replies to all pending motions. (Emphases added.)

L.R. 230(e).

Plaintiff's Motion to Strike (Doc. 67) and Motion in Opposition and for Cross-Motion for Partial Summary Judgment (Doc. 68), as well as the other documents filed by the Plaintiff in support thereof consist of either "counter-motions," or "other related motions" as defined by L.R. 230(e). They each are motions that Plaintiff "desires to make" and are also "related to the general subject matter of Defendants' 'original motion'." They were each served and filed "in the manner and on the date prescribed for the filing of opposition" which, pursuant to L.R. 230(c), was not less than fourteen (14) days preceding the noticed hearing date of April 28, 2011.

## II. The Court's Order Should Be Stricken *Ab Initio,* or Reversed To Replace Plaintiff's Motions on the Court's Hearing Calendar, Or In The Alternative, The Court Should Continue the Hearing On All Motions.

### A. The Court's Inherent Power to Control Its Proceedings Is Not Unlimited.

The Federal District Courts have been vested with the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of its cases. This authority has been reaffirmed in cases such as *Link v. Wabash R.R. Co.* 370 U.S. 626, 630-31 (1962); *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176 (1884), (*sua sponte* dismissal because of delay in prosecuting case); as well as *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44-45 (1991), (imposing sanctions on counsel because of bad faith conduct). The Court cannot however arbitrarily and capriciously disregard court rules, especially when doing so would amount to depriving a litigant of due process of law in violation of the Fifth Amendment to the United States Constitution. The inherent power of the Court "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696 at 702 (Fifth Cir. 1990).

**B.     The Court's Disregard of Local Rule 230(e) Would Result In Unnecessary Delays and Hardships On Litigants.**

By attempting to impose the restrictions of L.R. 230(b) upon Plaintiff's Motion to Strike in this case (Doc. 67), the Court is precluding Plaintiff from objecting to Defendants' evidence in any form. All defense counsel has to do is make sure that Defendants' Motion for Summary Judgment is filed precisely twenty-eight (28) days prior to the hearing set in the matter, and that would ensure that no motions are filed contesting the evidence in the motion unless Plaintiff seeks a continuance in the matter, or could somehow squeeze his motion in during whatever time may be left before the twenty-eight day period expires.

Surely, this is not what the drafters of the Federal Rules of Civil Procedure (FRCP) or the Court's Local Rules intended. That would be an absurd result requiring opposing parties to constantly seek continuances, and would cause undue hardships on the litigants as well as unneeded delays and a backlog of the Court's hearing calendar. Thus, Local Rule 230(e) provides for a fair and speedy adjudication of the litigants' motions by allowing "counter-motions" and "other related motions" to be filed simultaneously with motions in opposition.

**C.     Federal Rule of Civil Procedure 83 Sets Out Limitations On The Court's Power To Make Standing Orders Or Court-Specific Rules.**

While the practice pursued by some judges of issuing standing orders has been controversial, particularly among members of the practicing bar, this is nonetheless proper and allowed for under the FRCP. FRCP 83, however, was amended to make certain that standing orders are not inconsistent with the Federal Rules or any local district court rules. FRCP 83(a)(1) requires that local rules be consistent with federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075. FRCP 83(2) requires that a local rule which imposes a requirement of form "must not be enforced in a way that causes a party to lose any right because of a nonwilllful

failure to comply.

FRCP 83(b) allows a judge to regulate practice in any manner "consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement. Fed. R. Civ. P. 83(b). Plaintiff has not been furnished with, or apprised of, any standing order which would contradict, amend, or revise the time limits set out in L.R. 230(e), and if such a standing order existed, it would run afoul of FRCP 83(b) and would have no binding effect on Plaintiff.

## CONCLUSION

As the argument set out herein above demonstrates, the Court's Order of April 19, 2011, was based on an erroneous interpretation of Local Rule 230, and accordingly, the Court should vacate its Order of same date and replace Plaintiff's Motions back on the Court's hearing calendar, and order the Clerk to reinstate Plaintiff's filings as pending motions on the Court's docket as originally scheduled. In the alternative, the Court should place Plaintiff's Motions back on the Court's hearing calendar and continue the hearing on all Motions until such time as the Court deems appropriate.

DATED this 22nd day of April, 2011.

Respectfully submitted,

*Dwayne R. Burns*
Dwayne B. Burns
Plaintiff, *In Pro Per*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2011, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 22nd day of April, 2011.

*Teresa L. Burns*
Teresa L. Burns, Declarant

---

EXHIBIT A

# RULE 230 (Fed. R. Civ. P. 78)

## CIVIL MOTION CALENDAR AND PROCEDURE

(a) **Motion Calendar.** Each Judge or Magistrate Judge maintains an individual motion calendar. Information as to the times and dates for each motion calendar may be obtained from the Clerk or the courtroom deputy clerk for the assigned Judge or Magistrate Judge.

(b) **Notice, Motion, Brief and Evidence.** Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight (28) days after service and filing of the motion. . Motions defectively noticed shall be filed, but not set for hearing; the Clerk shall immediately notify the moving party of the defective notice and of the next available dates and times for proper notice, and the moving party shall file and serve a new notice of motion setting forth a proper time and date. See L.R. 135.

(c) **Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135.

(d) **Reply.** Not less than seven (7) days preceding the date of hearing, the moving party may serve and file a reply to any opposition filed by a responding party.

(e) **Related or Counter-Motions.** Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition. If a counter-motion or other related motion is filed, the Court may continue the hearing on the original and all related motions so as to give all parties reasonable opportunity to serve and file oppositions and replies to all pending motions.

(f) **Continuances.** Requests for continuances of hearings on the motion calendar, upon stipulation or otherwise, shall be made to the Judge or Magistrate Judge on whose calendar the matter is set, at least seven (7) days before the scheduled hearing date. All stipulations for continuance shall be submitted for approval to the