Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Tel. (530)638-1066
E-mail: dwaynebburns@charter.net

Plaintiff, *In Pro Per*

**FILED**

APR 2 6 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,<br><br>Defendants. | Case No.: 2:09-CV-0497-MCE-CMK<br><br>**DECLARATION OF DWAYNE B. BURNS IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER TO ALLOW FOR FURTHER DISCOVERY AND TO CONTINUE THE HEARING ON THE MOTIONS FOR SUMMARY JUDGMENT** |

I, DWAYNE B. BURNS, declare as follows:

1. I am the Plaintiff in the above-entitled action. I make this declaration on personal knowledge, and if called to testify at trial, I could testify to the facts stated herein.

2. I propounded Interrogatories to each of the defendants in this case requesting that they provide the names of any individuals who witnessed the incident giving rise to this litigation. When the defendants responded to the Interrogatories, not one of the defendants made any

Page 1 – Declaration of Dwayne B. Burns In Support of Motion to Amend Scheduling Order.

reference to my family members who they had not only seen, but in some cases had conversations with at the scene.

3. I specifically asked Defendant Zufall in Interrogatory number 15 for the names of any individual who witnessed the incident, or the events immediately before or after the incident. In her response, she names a number of individuals. The names she provided were those of the defendants in this case, as well as the Plaintiff, Plaintiff's wife, and Plaintiff's sister-in-law, Shari McClendon.

4. In response to Interrogatory number 15, Defendant Zufall failed to provide the name of my mother, Dolly Burns, or to mention any unnamed individual that she received a key from, even though Zufall spoke to Dolly Burns at the scene, and obtained a key to my residence from her.

5. In response to Interrogatory number 15, Defendant Zufall also failed to provide the name of Karyn Layton. This is especially curious since Zufall not only spoke with Layton at the scene, but searched Layton's person.

6. In a Request for Production of Documents, I asked for any documents concerning the incident. In the definitions section of this request it was made clear that the term "documents" included notebooks.

7. When the defendants failed to produce any notebooks, or pages therefrom, concerning the incident in question, I wrote defense counsel, Mr. Brickwood, and asked specifically for copies of the defendants' patrol notebooks that they were using on the date in question.

8. Mr. Brickwood subsequently notified me in writing, and later in a telephone conversation, that none of the defendants have any of their patrol notebooks from the date in question. When I asked him what happened to them, he simply stated that he didn't know.

Page 2 – Declaration of Dwayne B. Burns In Support of Motion to Amend Scheduling Order.

9. At no time have defendants served me with any supplemental responses to any form of discovery. Defendants also failed to provide me with a copy of Carmona's statement until they provided one attached to their Motion for Summary Judgment.

10. Defendants also failed to provide me with the name of Mr. Carmona until I received their Motion for Summary Judgment filed herein. This was despite me having served requests for this information on the defendants in a number of different forms.

11. To my knowledge, defendants have never deposed any witnesses to this case.

12. I know that Defendants knew the names of Lori Burns and Shari McClendon, and knew where they lived, because they provided these names in discovery, and they sent an investigator to their house.

13. Instead to attempting to depose Lori Burns or Shari McClendon, defendants chose to submit declarations containing hearsay of what Burns and McClendon supposedly told them in support of their motion for summary judgment.

**I declare under penalty of perjury that the foregoing is true and correct.** Executed on this 26th day of April, 2011.

_____
Dwayne B. Burns, Declarant

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2011, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 26th day of April, 2011.

*/s/ Teresa L. Burns*
Teresa L. Burns, Declarant

Page 4 -- Declaration of Dwayne B. Burns In Support of Motion to Amend Scheduling Order.