From the Desk of
# Dwayne B. Burns
E-mail: dwaynebburns@charter.net



April 24, 2011

The Honorable Morrison C. England
United States District Court
Eastern District of California
501 I Street, Suite 4-200
Sacramento, CA 95814-7300

Re:  *Burns v. Mukasey, et al.,*
U.S. Dist. Ct. Case No.: 2:09-cv-00497-MCE-CMK

Dear Judge England:

    I have asked Magistrate Judge Craig Kellison to recuse himself from the above-referenced case. As the presiding judge in this matter, I thought I should inform you of my request. I have also written Chief Judge Ishii to ask that he reassign the two cases that I have pending before Magistrate Judge Kellison to another magistrate. I have enclosed the letters that I have written to Chief Judge Ishii and Magistrate Judge Kellison. I believe they explain the reasons why I feel it is necessary to take such an extraordinary action.

                                          Very truly yours,

                                          Dwayne B. Burns, Esq.

Enclosures

cc:   Hon. Anthony W. Ishii
       Hon. Craig M. Kellison
       Gary C. Brickwood, Esq.
       Clerk of the Court (MCE)

---

From the Desk of
# Dwayne B. Burns
E-mail: dwaynebburns@charter.net

April 24, 2011

The Hon. Craig M. Kellison
United States Magistrate Judge
United States District Court for the Eastern District of California
2986 Bechelli Lane
Redding, CA 96002-1903

              Re:  <u>Request for Recusal; Notice of Complaint per 28 U.S.C. 351;</u>

                    *Burns v. Mukasey*, et al.,
                    U.S. Dist. Ct. Case No.: 2:09-cv-00497-MCE-CMK;
                    *Burns v. Dage*, et al.,
                    U.S. Dist. Ct. Case No.: 2:11-cv-00217-FCD-CMK.

Dear Judge Kellison:

      This letter is to inform you that I intend to file a complaint against you in accordance with 28 U.S.C. § 351(a). For obvious reasons I do not wish to disclose the details of my complaint at this time; however, in order to give you a reasoned basis to consider my request that you voluntarily recuse yourself from taking any further action on my cases that have been assigned to you, I will briefly state the general nature of my complaint.

      The first encounter I had before your court was on August 16, 2006 in *U.S.A. v. Burns*, case number 3:06-cr-00033-CMK-1. In that case I was charged with Camping in a Closed Area in violation of 43 U.S.C. § 1701 and 43 C.F.R. 8364.1(d). At the beginning of the hearing on that matter I objected to you hearing the matter and insisted on my right to have the case heard before an Article III judge. Initially you denied what you deemed to be a Motion for Recusal, and then during the middle of the presentation of the Government's case you changed your mind and granted my request/motion.

      It appeared to me at the time that you were perturbed by my insisting on exercising my right to have an Article III judge hear my case. The charges in that case were subsequently dismissed. It is at this time that I believe you began to harbor some form of bias or prejudice against me.

The next time I appeared before you was not until December 3, 2008, at the scheduling conference in *Burns v. City of Redding*, et al., case number 2:08-cv-01245-JAM-CMK. At that scheduling conference you made what I believe was an inappropriate comment for a judge in your position to have made. You made a comment that my self-representation was "both a sword and a shield" or something to that affect. I took it as an attempt to intimidate me and I think it was highly improper. Counsel for defendants in the current case that is before you, *Burns v. Mukasey*, et al., Mr. Brickwood, was in attendance at this conference. Before the proceedings began, you made an effort to greet Mr. Brickwood in what I thought was an improper and unprofessional manner. The combination of your friendly greeting of Mr. Brickwood, and your later "sword and shield" comment left me with a clear impression that you harbored some form of resentment against me.

Canon 2(A) of the Code of Conduct for United States Judges requires a judge to "respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." I believe that your actions described above do not promote public confidence in the integrity and impartiality of the judiciary. Instead, your actions conveyed that you were not impartial.

Canon 3(A)(3) of the Code of Conduct for United States Judges requires that a "judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity." I believe that the comment you made at the scheduling conference of December 3, 2008 was far from being "dignified, respectful, or courteous." It was not just the comment that you made, but the tone of your voice, and your demeanor that was improper. I believe that your actions were intended to intimidate me.

I have recently learned of some of your past business dealings with your former law partners and associates that I believe were "unusual" and may have risen to the level of "an appearance of impropriety." Commentary on Canon 2A states that a judge must avoid all impropriety and "appearance" of impropriety. I believe that these dealing should be investigated, and are the gravamen of the complaint that I intend to file against you.

Most recently, in one of the cases currently pending before you, you inexplicably removed my Motion to Strike the Declarations Filed in Support of Defendants' Motion for Summary Judgment, and my Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment from the court's hearing calendar even though Local Rule 230(e) specifically allows that such motions be filed and served in the manner and on the date prescribed for the filing of opposition. I believe this was another attempt to intimidate me and to prevent me from exercising my "full right to be heard according to law" which is contrary to the dictates of Canon 3(A)(4). I believe this also shows your impartiality in the matter.

Also, on February 3, 2011, you signed an order stating that the Complaint that I filed in case number 2:11-cv-00217-FCD-CMK was defective and that I should file an Amended Complaint within 30 days. On March 7, 2011, I filed a Response to the Order of February 3,

2011, wherein I pointed out what I believed to be errors of law that the Court made in its order. It has now been nearly two months since I pointed out the errors of law in the Court's order, and the Court still has not taken action in the matter or responded in any way. By the Court not responding or taking action as required, I have been precluded from prosecuting the case any further, and from petitioning the Court for a Preliminary Injunction in the case. As a result, I have been forced to suffer additional irreparable harm by the actions of the defendants in the case.

Canon 3(A)(5) of the Code of Conduct for United States Judges states that a "judge should dispose promptly of the business of the court." I believe that you have failed to do so in the *Dage* case, and I also believe that your doing so is yet another attempt to intimidate me into foregoing my claims. There have been other subtle and hard to pin down actions that you have taken which I believe has communicated your bias and prejudice against me. Quite frankly, I am tired of your intimidation tactics. I will not be intimidated.

I fully believe that I cannot get a fair and impartial hearing before you, especially since some of the actions that I am complaining about took place in front of opposing counsel, Mr. Brickwood. I am asking that you please recuse yourself from taking any further actions in either of my cases that are currently pending before you, and please request that those cases be assigned to another United States Magistrate Judge.

I have given this issue a great deal of thought, and it is not easy for me to make this request, but I feel as if I have no other option. I'm not sure if you are aware that I have known and worked in the past for someone who later was appointed to the federal bench. I believe I have a good idea of how a federal judge should deal with litigants, especially unrepresented litigants such as myself.

Very truly yours,

Dwayne B. Burns, Esq.

CC:  Hon. Anthony W. Ishii – Chief Judge
     Hon. Morrison C. England – Presiding Judge
     Hon. Frank C. Damrell, Jr. – Presiding Judge
     Gary C. Brickwood, Esq. – Counsel for Defendants

From the Desk of
# Dwayne B. Burns
E-mail: dwaynebburns@charter.net

April 24, 2011

The Honorable Anthony W. Ishii
Chief United States District Judge
United States District Court
Eastern District of California
2500 Tulare Street
Fresno, CA 93721-1321

Re:  *Burns v. Mukasey, et al.,*
U.S. Dist. Ct. Case No.: 2:09-cv-00497-MCE-CMK;
*Burns v. Dage, et al.,*
U.S. Dist. Ct. Case No.: 2:11-cv-00217-FCD-CMK

Dear Chief Judge Ishii:

I am the Plaintiff in the above-referenced cases. I am appearing *in pro per* in both cases. I have written to Magistrate Judge Craig Kellison asking that he recuse himself from the above-referenced cases. I have enclosed a copy of my letter to Judge Kellison. Should he decide not to recuse himself from the cases, I respectfully ask that my cases be reassigned to another Magistrate Judge.

Very truly yours,

Dwayne B. Burns, Esq.

Enclosures

cc:  Hon. Frank C. Damrell, Jr.
Hon. Morrison C. England
Hon. Craig M. Kellison
Gary C. Brickwood, Esq.
Clerk of the Court (FCD) (MCE)