**GARY BRICKWOOD, State Bar No. 94892**
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001
(530) 245-1877
(530) 245-1879 (fax)

Attorneys for Defendants TOM BOSENKO, CITY OF REDDING,
PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS
and REBECCA ZUFALL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>     Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United State of America, et al.,<br><br>     Defendants. | Case No.2:09-CV-00497-MCE-CMK<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

Defendants TOM BOSENKO, CITY OF REDDING, PETER HANSEN, KEVIN KIMPLE, WILLIAM FORREST, WILL WILLIAMS and REBECCA ZUFALL respond to plaintiff's Motion to Strike their declarations and the declaration of Chris Carmona as follows:

1. THE STATEMENTS OF THE WITNESSES REPORTED IN THE DECLARATIONS ARE NOT HEARSAY AS THEY ARE NOT ADMITTED FOR THE TRUTH OF THE MATTER ASSERTED

Plaintiff's principal objection to the various declarations is that they contain what plaintiff perceives to be hearsay, and that these witnesses have not been qualified as experts who may testify to matters of hearsay. Frankly, plaintiff mistakes the hearsay rule, and as a result his motion to strike is frivolous and must be denied.

As the Court is well aware, under FRE Rule 801(c), hearsay is "a

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**                                                          1

statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." As noted in the comments to the rules as proposed in 1972, "the definition follows along familiar lines including only statements offered to prove the truth of the matter asserted...If the significance of an offered statement lies solely in the act that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."

In this case, the facts upon which the officers relied in performing their duties are relevant to whether they acted within the scope of the qualified immunity available to them in civil rights cases. In order to make that determination, the trier of fact must know what facts were relied upon by the officers, a question that is not dependent upon the actual truth or falsity of those facts, but what facts (or alleged facts) were communicated to the officers.

Let's use the search performed pursuant to plaintiff's wife's consent, since this is the primary target of the hearsay objection. The relevant inquiry is whether the officers reasonably believed, based on the circumstances presented to them, that they had obtained a valid consent. The ultimate truth or falsity of the wife's statements in this regard are not dispositive, and hence they are not admitted for the truth of the matter asserted but instead for their effect upon the recipient of these statements. In many ways, this is the same as the inquiry the Court makes in determining whether there is probable cause for a search; often if not usually, these determinations are made upon, and have to be made upon, hearsay statements. But the fact that they are hearsay does not mean they cannot be considered in the probable cause determination.

## 2. DEFENDANTS WERE NOT REQUIRED TO PRODUCE THE DECLARATIONS IN DISCOVERY

Counsel must admit surprise at plaintiff's novel objection that these declarations should be excluded because they were not produced to him in discovery. In fact, plaintiff has gone through a lengthy rigamarole to amend his prior discovery responses to include the declarations he submitted in Opposition to the Motion for Summary Judgment in order to avoid the very objection raised here. But the fact of the matter is that these declarations were prepared in connection with and as a part of the Motion for Summary Judgment; these declarations, as reflected by their dates, did not exist at the time of the response to the demand for production.

## 3. THE DECLARATION OF CHRIS CARMONA IS NOT AN "EXPERT" DECLARATION

The Declaration of Chris Carmona is offered as the declaration of the custodian of public records, and the declaration establishes his authority to make that declaration.  Such declarations are express exceptions to the hearsay rule under FRE Rule 803 (8) and (10). Moreover, the question is essentially moot; neither the Amended Complaint nor any declaration by plaintiff established that he filed a government claim under the requirements expressed in the Government Code, as further discussed in the Reply in Support of the Motion for Summary Judgment.

Nor is their merit to plaintiff's Complaint that Mr. Carmona was not disclosed to him as a witness in discovery. As reflected in the declaration itself, Mr. Carmona was not a witness to the incident which forms the gravamen of the Complaint. He is not a witness that defendants would reasonably anticipate the need to disclose in

response to the discovery served upon him. Mr. Carmona's personal identity is not even relevant; rather all that is relevant is his capacity as the custodian of records. The objection is therefore without merit.

DATED: May 11, 2011.                BRICKWOOD LAW OFFICE

                                    /S/ GARY BRICKWOOD
                                    GARY BRICKWOOD
                                    Attorney for BOSENKO, CITY OF REDDING,
                                    HANSEN, KIMPLE, FORREST, WILLIAMS
                                    and ZUFALL

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**                          4

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am employed in Shasta County, California, by BRICKWOOD LAW OFFICE, at their offices located at 1135 Pine Street, Suite 210, Redding, California, 96001. On this date, I served the following document(s): **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

 x    by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of Brickwood Law Office at 1135 Pine Street, Suite 210, Redding, Shasta County, California, enclosed in a sealed envelope with postage thereon fully prepaid, addressed as set forth below. I am familiar with the practice of Brickwood Law Office for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

_____ by placing a true copy thereof in a box or other facility regularly maintained by _____ U.P.S. / _____ Federal Express, in a sealed envelope or package designated by _____ U.P.S. / _____ Federal Express, with delivery fees paid or provided for, addressed as set forth below.

_____ by personally delivering a true copy thereof to the person and at the address set forth below.

_____ BY FAX (Telecopier) - I personally sent to the addressee's telecopier number a true copy of the above described document(s). I verified transmission and, thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

Dwayne B. Burns                                        Plaintiff
P.O. Box 720157
Redding, CA 96099

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed at Redding, California on May 13, 2011.


                                          /s/ Deena Swafford
                                         Deena Swafford