Dwayne B. Burns
P.O. Box 720157
Redding, CA 96099
Tel. (530)638-1066

Plaintiff, *In Pro Per*



FILED

MAY 27 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, in his official capacity as Attorney General of the United States of America, et al.,<br><br>        Defendants. | Case No.: 2:09-CV-0497-MCE-CMK<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>DATE:  TBA<br>TIME:  TBA<br>PLACE: 2986 Bechelli Lane<br>            Redding, CA 96001<br>JUDGE: Craig M. Kellison |

Plaintiff Dwayne B. Burns replies to Defendants' Opposition to Plaintiff's Motion to Strike (Dkt. No. 84) filed herein as follows:

**I.  Defendants' Declarations Filed In Support Of Their Motion For Summary Judgment Contains Hearsay Which Must Be Stricken.**

In their Opposition to Plaintiff's Motion to Strike, Defendants claim that they are not offering the statements contained therein for their truth, and as such they are not hearsay. Such an argument's deception lies in the fact that it is partially true. Defendants are not offering the

Page 1 – Reply to Defendants' Opposition to Plaintiff's Motion to Strike

statements to prove the truth of the statements *per se*, because whether or not the statements are true is irrelevant in the context in which Defendants are attempting to use them. Defendants are using the statements to excuse their unlawful conduct, and as such they are asking the Court to accept as true: (1) the fact that the statements were made, and (2) that they are offering a true account of what the statements consisted of, regardless of whether or not the statements themselves were true statements. In this context the Defendants are indeed offering "the matters" for their truth.

Defendants had the opportunity to depose the witnesses in order to obtain non-hearsay forms of evidence, but chose not to do so for whatever reason. Instead the Defendants ask this Court to simply accept as fact that the statements were made and that they contained what the Defendants claim they contained. This is especially audacious given the fact that one of the witnesses has given a sworn statement contradicting the Defendants' claims.[1] Apparently Defendants are so used to having their word accepted as fact because they are police officers that they don't feel the need to abide by the same rules of evidence that everyone else must abide by.

## II. Since Carmona Was Not Disclosed During Discovery, His Statement Must Be Stricken.

In Defendants' Objections To Plaintiff's Evidence Submitted In Opposition To Motion For Summary Judgment (Dkt. No. 71-2) filed herein, Defendants made the duplicitous claim that the Declarations of Dean Burns, Dolly Burns, and Rebecca Burns filed herein in opposition to Defendants' Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Partial Summary Judgment should be excluded because Plaintiff failed to disclose the names of said persons to the Defendants in a timely manner.

---

[1] See ¶¶ 8-10 of the Decl. of Lori Burns, attached as Ex. D to Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 68-1) filed herein.

What makes this claim so duplicitous and audacious is the fact that Defendants admit that they were given the names of said persons. Persons that the Defendants spoke with face-to-face at the scene of the incident giving rise to this action; but that they inexplicably claim they did not know existed. Perhaps Defendants could have referred to their patrol notebooks from the date in question; however, each of the Defendants' notebooks have inexplicably been lost or destroyed.

Despite these audacious claims, Defendants' now ask the Court to allow them to introduce a declaration in support of their motion for summary judgment from Chris Carmona. Neither Mr. Carmona's name – nor any mention of any written statement of his – was given to the Plaintiff all during discovery, and as of this date, Defendants have still not provided Plaintiff with any supplemental discovery response mentioning Mr. Carmona. As justification for their refusal to provide Mr. Carmona's name, Defendants cite FRE 803 (8) and (10). FRE 803 pertains to hearsay exceptions, and has nothing to offer to the question of whether the witness's name should have been disclosed during discovery.

The difference between the Burns declarations and the Carmona declarations is the fact that the Defendants knew, or should have known, of the names and existence of Dean, Dolly, and Rebecca Burns, because they spoke to them at the scene of the Defendants' unlawful conduct, thus making Plaintiff's failure to provide their names in a timely manner "substantially justified" or "harmless", as those terms are used in FRCP 37(c)(1). This is in juxtaposition with Mr. Carmona's name that was never revealed to Plaintiff during discovery, and the fact that Plaintiff did not have any occasion to meet with Mr. Carmona face-to-face to discuss the issues in question, and this made the withholding of his name far from harmless. Accordingly, Defendants must not be allowed to use Mr. Carmona's declaration to supply evidence on a motion, at a hearing, or at trial. FRCP 37(c)(1).

## CONCLUSION

For the reasons set forth above, the declarations filed by the Defendants in support of their motion for summary judgment must be stricken.

DATED this 25th day of May, 2011.                                    Respectfully submitted,

*[signature]*

Dwayne B. Burns
Plaintiff, *In Pro Per*

Page 4 – Reply to Defendants' Opposition to Plaintiff's Motion to Strike

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2011, a true and correct copy of the foregoing document (including the accompanying exhibits, and attachments, if any) was served on all parties by telecopy transmittal, hand delivery, and/or first-class U.S. mail, postage prepaid, to the attorney of record named below, in compliance with Fed. R. Civ. P. 5.

Gary Brickwood, Esq.
BRICKWOOD LAW OFFICE
1135 Pine Street, Suite 210
Redding, CA 96001

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 26th day of May, 2011.

*Teresa L. Burns*
Teresa L. Burns, Declarant

---

Page 5 – Reply to Defendants' Opposition to Plaintiff's Motion to Strike